UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
:
    - against - :        25-CV-1683 (VSB)
:
:
TENET HEALTHCARE, *et al.*, :
:
                Defendants. :
:
:
---------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
:
    - against - :        25-CV-1692 (VSB)
:
:
PAKIS, GIOTES, BURLESON & :
DEACONSON, P.C., *et al.*, :
:
                Defendants. :
:
---------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
:
    - against - :        25-CV-1753 (VSB)
:
:
VALLEY BAPTIST REALTY COMPANY, :
LLC, *et al.*, :
:
                Defendants. :
:
:

```
------------------------------------------------------------X
                                                            :
DANIEL DE OLIVEIRA,                                         :
                                                            :
                                    Plaintiff,              :
                                                            :
                - against -                                 :
                                                            :
                                                            :         25-CV-1754 (VSB)
VHS HARLINGEN HOSPITAL COMPANY,                             :
L.L.C., et al.,                                             :
                                                            :
                                    Defendants.             :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
                                                            :
DANIEL DE OLIVEIRA,                                         :
                                                            :
                                    Plaintiff,              :
                                                            :
                - against -                                 :         25-CV-1868 (VSB)
                                                            :
                                                            :
JAMS,                                                       :
                                                            :
                                    Defendant.              :
------------------------------------------------------------X
```

Appearances:

Daniel De Oliveira
East Meadow, NY
*Pro Se Plaintiff*

VERNON S. BRODERICK, United States District Judge:

  Before me are six actions filed by pro se Plaintiff Daniel De Oliveira:

   1. Motion to seal the case for 35 days, filed February 22, 2025.  (Doc. 4.)

   2. Motion for summary judgment against Tenet Healthcare, filed March 17, 2025.

    (Doc. 14.)

3. Motion to oppose consolidation and request for hearing, filed March 18, 2025. (Doc. 15.)

4. Motion for summary judgment against Pakis, Giotes, Burleson & Deaconson, P.C., Michael Cosby, Marcus Mataga, David N. Deaconson, and Tenet Healthcare Corporation, filed March 18, 2025. (Doc. 16.)

5. Motion for sanctions against JAMS, Inc., filed March 18, 2025. (Doc. 17.)

6. Motion for clarification if the case had been sealed and simultaneous motion to unseal, filed March 19, 2025. (Doc. 18.)

I first turn to the two motions regarding sealing this case. (Docs. 4, 18.) On February 22, 2025, Plaintiff moved to seal the case. (Doc. 4.) On March 4, 2025, I issued an order directing Plaintiff to file a memorandum of law in support of his motion to seal. (Doc. 8.) On March 19, 2025, Plaintiff requested for clarification if the case had been sealed, and also moved to unseal the case. (Doc. 18.) This case had not been sealed to date. And because Plaintiff now requests that the case be unsealed, this case will remain unsealed. Plaintiff's motion to seal, (Doc. 4), is DENIED. Plaintiff's request to unseal, (Doc. 18), is DENIED as moot because the case has not been sealed. Documents 4 and 18 are therefore terminated.

Further, Plaintiff has filed several motions with restricted access, so that each document is restricted to court users and case participants. (*See, e.g.*, Docs. 14–18.) This means that each document is not available to the public. It is unclear if that was Plaintiff's intention to do so. Unless Plaintiff has a basis for filing a document with restricted access or under seal, Plaintiff is instructed to file public documents without any restricted access because "there appears to be no justification for continued restricted access." (Doc. 18 at 2.) Plaintiff concedes that "it is in the interest of transparency and due process that this matter proceed without unnecessary

restrictions." (*Id.*)  I agree with Plaintiff.

Next are the two motions for summary judgment.  (Docs. 14, 16.)  "The motion[s] for summary judgment [were] made without any indication that the defendant had been served with the summons and complaint."  *See Karakova v. JP Morgan Chase Bank, Nat'l Ass'n*, Case No. 24-MC-310 (JGK), Doc. 10 (Sept. 16, 2024).  Plaintiff may move for summary judgment at a later stage in this action.  But I cannot grant summary judgment when the defendant has not even been served with the summons and complaint.  Accordingly, Plaintiff's motions for summary judgment are DENIED without prejudice.  Documents 2 and 4 are therefore terminated.

Plaintiff also moves to oppose consolidation and requests a hearing.  (Doc. 15.)  Plaintiff's primary opposition seems to be that consolidation "unfairly disadvantages Plaintiff by limiting his ability to litigate distinct claims separately," "prevents individualized rulings on distinct issues," and "restricts Plaintiff's ability to challenge jurisdiction for each defendant separately."  (*Id.* at 2.)  But consolidation does not do what Plaintiff believes it does.  Even though all of these actions are consolidated, Plaintiff remains free to "litigate distinct claims separately" and "challenge jurisdiction for each defendant separately."   The Court will also issue "individualized rulings on distinct issues."  Consolidation helps with judicial efficiency, but does not prejudice Plaintiff in the manner that he believes it does.  Therefore, Plaintiff's motion to oppose consolidation and request for hearing are DENIED.  Document 15 is terminated.

Finally is Plaintiff's motion for sanctions against JAMS, Inc. under Rule 11 of the Federal Rules of Civil Procedure.  (Doc. 17.)  Rule 11 gives district courts discretion to impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated."  Fed. R. Civ. P. 11(c)(1).  Here too, there is no indication that Defendant JAMS, Inc. has been served with the summons and the complaint.  Defendant JAMS,

4

Inc. has not appeared in this action. I do not find that there is "notice and a reasonable opportunity to respond." Accordingly, Plaintiff's motion for sanctions is DENIED. Document 17 is therefore terminated.

In short, Plaintiff's motions to seal, for summary judgment, to oppose consolidation, and for sanctions are DENIED. Plaintiff's request to unseal this case, (Doc. 18), is DENIED as moot.

The Clerk of Court is respectfully directed to terminate Documents 4 (motion to seal), 14 (motion for summary judgment), 15 (motion to oppose consolidation), 16 (motion for summary judgment), 17 (motion for sanctions), and 18 (request to unseal case). The Clerk of Court is also respectfully directed to make Documents 14–18 available to the public, without any restricted access.

SO ORDERED.

Dated: March 20, 2025
      New York, New York

Vernon S. Broderick
United States District Judge