**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                          Plaintiff,        **25 Civ. No. 01683 (VSB) (GS)**

      -against-                                    **ORDER**

TENET HEALTHCARE, *et al.*,

                          Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                          Plaintiff,        **25 Civ. No. 01692 (VSB) (GS)**

      -against-                                    **ORDER**

PAKIS, GIOTES, BURLESON &
DEACONSON, P.C., *et al.*,

                          Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                          Plaintiff,        **25 Civ. No. 01753 (VSB) (GS)**

      -against-                                    **ORDER**

VALLEY BAPTIST REALTY
COMPANY, LLC, *et al.*,

                          Defendants.
------------------------------------------------------------------X

DANIEL DE OLIVEIRA,

                          Plaintiff,        **25 Civ. No. 01754 (VSB) (GS)**

      -against-                                    **ORDER**

VHS HARLINGEN HOSPITAL
COMPANY, L.L.C., *et al.*,

                          Defendants.

------------------------------------------------------------------X

DANIEL DE OLIVEIRA,

                            Plaintiff,                      **25 Civ. No. 01868 (VSB) (GS)**

        -against-                                      **ORDER**

JAMS.,

                            Defendant.

------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      This Order addresses the barrage of motions and other filings that Plaintiff has made in these consolidated actions over the last several weeks, which number in excess of 50 separate filings.

      First, Judge Broderick's Consolidation Order dated March 17, 2025 (Dkt. No. 13) makes clear that "Plaintiff De Oliveira is directed to make all filings only in Case No. 25-cv-1683, which will now include all five complaints against all the various defendants. Plaintiff should not make additional filings or submissions in the other four actions (No. 25-cv-1692, No. 25-cv-1753, No. 25-cv-1754, and No. 25-cv-1868)." Since March 17, 2025, Plaintiff has repeatedly violated this Order by making filings in two of the other four actions and not in this action. These include the following filings in (1) Case No. 25-cv-1692: Dkt. No. 14, dated April 9, 2025; Dkt. No. 15, dated April 9, 2025; Dkt. No. 16, dated April 10, 2025; Dkt. No. 18, dated April 12, 2025; Dkt. No. 19, dated April 13, 2025; Dkt. No. 17, dated April 14, 2025; and Dkt. No. 20, dated April 19, 2025; and in (2) Case No. 25-cv-1754: Dkt. No. 20, dated April 18, 2025; Dkt. No. 21, dated April 18, 2025; Dkt. No. 22, dated April 18, 2025; Dkt. No. 23, dated April 18, 2025; and Dkt. No. 24, dated April 18, 2025.

The Clerk of Court is respectfully directed to strike each of the filings referred to in the last sentence of the prior paragraph. Plaintiff may, if he wishes, resubmit the filings under Case No. 25-cv-1683. The Court shall not consider any of the filings, or act on any application for relief set forth therein, unless and until Plaintiff resubmits the filings under Case No. 25-cv-1683 in compliance with Judge Broderick's Consolidation Order. Plaintiff is further directed to make all future filings in compliance with Judge Broderick's Consolidation Order. Any filings not in compliance shall be disregarded and stricken.

Second, the volume and pace of Plaintiff's filings has made it impracticable for Defendants to adequately reply to, or the Court to address, those filings in a timely fashion. This litigation approach unfairly monopolizes judicial resources and delays progress in these consolidated cases. Further, many of these filings appear to be frivolous, vexatious and/or duplicative on their face and seek relief to which Plaintiff is not procedurally entitled at this stage of the litigation (*e.g.*, the multiple renewed motions for summary judgment Plaintiff has filed in Case No. 25-cv-1683 at Dkt. Nos. 112, 113, 114, 120). Defendants are advised that they need not respond to any of Plaintiff's pending motions until further order of the Court. Should any Defendant elect to respond to Plaintiff's pending motions prior to such order of the Court, it shall do so within a single filing.

Third, all further proceedings in each of these cases shall be stayed pending the filing by the applicable Defendant (Defendants) of its (their) answer, motion to dismiss, or other response to the applicable Complaint. The Court will issue further orders in each of the cases after the Defendant's (Defendants') response to the Complaint has been filed.

Fourth, Plaintiff is hereby warned that, should he persist in his abusive litigation conduct, he may face sanctions including, among other things, monetary sanctions, the revocation of

permission to file documents electronically, or dismissal of his lawsuits. *See, e.g.*, *Shukla v. Apple Inc.*, No. 21 Civ. 3287 (JMF), 2021 WL 5281371, at *4 (S.D.N.Y. Nov. 12, 2021) ("[I]t is well established that a district court may, in its discretion, impose sanctions . . . against litigants who abuse the judicial process, by filing vexatious, harassing or duplicative lawsuits[,] . . . caus[ing] needless expense to other parties or . . . pos[ing] an unnecessary burden on the courts and their personnel.").

**SO ORDERED.**

DATED: April 30, 2025
New York, New York

_____
The Honorable Gary Stein
United States Magistrate Judge