**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,          **25 Civ. No. 01683 (VSB) (GS)**

    -against-                            **ORDER**

TENET HEALTHCARE, *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,         **25 Civ. No. 01692 (VSB) (GS)**

    -against-

PAKIS, GIOTES, BURLESON &
DEACONSON, P.C., *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,         **25 Civ. No. 01753 (VSB) (GS)**

    -against-

VALLEY BAPTIST REALTY
COMPANY, LLC, *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,         **25 Civ. No. 01754 (VSB) (GS)**

    -against-

VHS HARLINGEN HOSPITAL
COMPANY, L.L.C., *et al.*,

|  |  |
|---|---|
| Defendants. | |

------------------------------------------------------------X

DANIEL DE OLIVEIRA,

                    Plaintiff,           **25 Civ. No. 01868 (VSB) (GS)**

        -against-

JAMS.,

                    Defendant.

------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      On May 9, 2025, Plaintiff Daniel De Oliveira ("Plaintiff"), proceeding *pro se*, moved to disqualify the undersigned from this action pursuant to 28 U.S.C. §§ 455(a) and 455(b)(1). (Dkt. No. 183 ("Mot")). As grounds therefor, Plaintiff claims that I unlawfully issued "dispositive orders" without Plaintiff's consent—specifically, Orders issued on March 31, 2025, April 4, 2025, and April 14, 2025[1] extending the time for certain Defendants to answer Plaintiff's complaints (Dkt. Nos. 46, 75 & 102 (the "Extension Orders")) and an Order issued on April 30, 2025 staying further proceedings in these cases "pending the filing by the applicable Defendant (Defendants) of its (their) answer, motion to dismiss, or other response to the applicable Complaint" (Dkt. No. 146 at 3 (the "Stay Order")). (Mot. at 3-4). Plaintiff also moves to strike the Extension Orders and the Stay Order as void. (*Id.* at 4). For the reasons set forth below, Plaintiff's motion is **DENIED**.

---

[1] Plaintiff's motion cites only the March 31 and April 4 Orders by date and docket number, but also refers to an extension granted to Defendant Tenet Healthcare. (Mot. 183 at 2). The Order granting an extension of time to Tenet was issued on April 14, 2025. (Dkt. No. 102).

## LEGAL STANDARD

Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b)(1) requires judges to disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

"The Second Circuit has interpreted 28 U.S.C. § 455 to require recusal if 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal,' or alternatively, if 'a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned.'" *Weston Cap. Adv., Inc. v. PT Bank Mutiara Tbk.*, No. 13 Civ. 6945 (PAC), 2019 WL 6002221, at *2 (S.D.N.Y. Sept. 20, 2019) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)). "'[J]udicial rulings alone almost never constitute a valid basis for bias or partiality motion.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 541 (1994)).

Motions for recusal or disqualification under 28 U.S.C. § 455(a) or (b)(1) "are subject to an exceedingly high standard and are committed to the sound discretion of the district court." *Kirk v. Citigroup Glob. Market Holdings, Inc.*, No. 20 Civ. 7619 (ALC), 2023 WL 171771, at *2 (S.D.N.Y. Jan. 12, 2023) (citations omitted). "'The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves

solely because a party claims an appearance of partiality.'" *Sun v. Mo*, No. 24 Civ. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *Barnett v. United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)). "[W]here the standards governing disqualification are *not* met, 'disqualification is not optional; rather, it is prohibited.'" *Id*. (emphasis in original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

## DISCUSSION

The premise of Plaintiff's motion for disqualification is that in issuing the Extension Orders and the Stay Order, I resolved what would be considered "dispositive" matters outside the scope of a magistrate judge's authority under 28 U.S.C. § 636(b), absent the consent of the parties. (Mot. at 2, 3-4). *See Dannhauser v. TSG Reporting, Inc.*, No. 16 Civ. 747 (CM) (DF), 2019 WL 2950142, at *7 (S.D.N.Y. June 21, 2019) ("Pursuant to 28 U.S.C. § 636(b), district judges may designate magistrate judges to determine many types of matters, but certain disputes, including those that would be dispositive of a party's claims or defenses, may not be decided by a magistrate judge, absent consent of the parties."). But Plaintiff's premise is unsound. Neither the Extension Orders nor the Stay Order resolved a matter that is "dispositive" of any party's claim or defense.

These consolidated cases were referred to me by the Honorable Vernon S. Broderick, United States District Judge, on March 27, 2025 for general pretrial supervision, including non-dispositive pretrial motions. (Dkt. Entry dated March 27, 2025; *see also* Dkt. No. 27). It is well settled that "[e]ven without the parties'

4

consent, the District Judge may refer nondispositive pretrial motions to a Magistrate Judge" and that the "plaintiff's consent is not required for the [Magistrate Judge] to rule on nondispositive pretrial motions." *Fine v. Black*, No. 3:10 CV 359 (JBA), 2012 WL 1032918, at *2 (D. Conn. Mar. 26, 2012); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive matters . . . to a magistrate judge without the parties' consent"). Plaintiff acknowledged as much when he filed a "Notice of Non-Consent to Magistrate Jurisdiction" on April 1, 2025, stating that he "respectfully does not consent to the jurisdiction of the magistrate judge for any dispositive motions" and requesting that "the magistrate judge's involvement be limited to non-dispositive pretrial matters only, as permitted by 28 U.S.C. § 636(b)(1)(A)." (Dkt. No. 55).

"The Second Circuit considers an issue dispositive if it 'determine[s] the fundamental question of whether a case could proceed in federal court.'" *Cruz v. Decker*, No. 18 Civ. 9948 (GBD) (OTW), 2019 WL 6318627, at *3 (S.D.N.Y. Nov. 26, 2019) (quoting *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008)). "A ruling is 'dispositive' if it resolves substantive claims for relief rather than mere issues in the litigation." *Joint Stock Co. "Channel One Russia Worldwide" v. Infomir LLC*, No. 16 Civ. 1318 (GBD) (BCM), 2020 WL 1479018, at *6 (S.D.N.Y. Mar. 26, 2020) (citation omitted). "A non-dispositive matter [i]s one that is 'not dispositive of a party's claim or defense.'" *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (quoting Fed. R. Civ. P. 72(a)). A magistrate judge has authority to "hear and determine" nondispositive matters, *see* 28 U.S.C. § 636(b)(1)(A); Fed. R.

5

Civ. P. 72(a), whereas, for dispositive matters, absent the parties' consent, a magistrate judge may only issue a recommended disposition for consideration and ultimate determination by the district judge, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

Measured against these standards, the Extension Orders and the Stay Order all address nondispositive pretrial matters, not matters that are "dispositive" of any of Plaintiff's claims. Orders granting or denying an extension of time are non-dispositive. *See, e.g.*, *United States v. $41,352.00 in U.S. Currency*, No. 14-CV-819(AF), 2015 WL 5638211, at n.1 (W.D.N.Y. Sept. 24, 2015) (noting that a "request for an enlargement of time within which to file an answer is non-dispositive"); *Gibson v. Hester*, No. 05 Civ. 8115 (KMW) (MHD), 2007 WL 2264710, at *1 (S.D.N.Y. Aug. 3, 2007) (describing request for an extension of time to respond to summary judgment motion as a "nondispositive matter[]")[2]; *see also Cheshire v. Bank of Am., NA*, 351 F. App'x 386 at *1 (11th Cir. 2009) (rejecting plaintiff's argument that magistrate judge did not have jurisdiction to grant defendants' motion for extension of time to respond to the complaint and noting that plaintiff's consent "was not necessary" under 28 U.S.C. § 636(b)(1)(A)); *Baer v. Salt Lake City Corp.*, No. 2:13-cv-336-CW-PMW, 2013 WL 6238626, at *1 (D. Utah Dec. 3, 2013) (similarly rejecting, as "without merit," plaintiff's argument that magistrate judge

---

[2] The Southern District of New York's Motions Guide for Pro Se Litigants, in explaining the difference between dispositive and nondispositive motions, specifically states that "a motion for an extension of time [is] 'non-dispositive.'" *See* SDNY, Motions Guide for Pro Se Litigants at 1, available at https://www.nysd.uscourts.gov/sites/default/files/2018-06/motionsguide.pdf.

6

did not have authority to enter order granting defendants an extension of time to respond to plaintiff's complaint).

Likewise, orders staying proceedings are nondispositive. *See, e.g.*, *Komatsu City of N.Y.*, No. 18 Civ. 3698 (LGS), 2021 WL 1163970, at *2 (S.D.N.Y. Mar. 26, 2021) ("[A]n Order granting a stay is nondispositive[.]"); *Hatemi v. M&T Bank Corp.*, No. 13-CV-1103S, 2015 WL 224421 at *1 (W.D.N.Y. Jan. 15, 2015) ("Any order granting a stay is non-dispositive."); *Ace American Insurance Co. v. Carolina Roofing, Inc.*, No. 09-CV-1010(A)(M), 2010 WL 2649918, *1 n.2 (W.D.N.Y. 2010) ("A motion for a stay of proceedings is nondispositive."); *Alexander v. City of N.Y.*, No. 07 Civ. 5676 (JSR) (FM), 2008 WL 919621, at *1 (S.D.N.Y. Mar. 31, 2008) ("[A] motion to stay an action is a 'nondispositive' motion within the scope of a general pretrial referral[.]").

Plaintiff claims that the Extension Orders granted extensions of time to "defaulted parties" and that the Stay Order prevents him from moving for entry of a default judgment under Fed. R. Civ. P. 55. (Mot. at 2, 4). But Defendant JAMS (the subject of the Extension Order issued at Dkt. No. 46) moved for an extension of time to answer Plaintiff's complaint on March 26, 2025, prior to the original April 2, 2025 deadline. (Dkt. No. 43). Likewise, Defendants Pakis, Giotes, Burleson & Deaconson, P.C., Michael Cosby, Marcus Matanga and David N. Deaconson (the subjects of the Extension Order issued at Dkt. No. 75) moved for an extension of time to answer Plaintiff's complaint on April 3, 2025, prior to the original April 17, 2025 deadline. (Dkt. No. 69). Hence, these Defendants were never in default.

Defendant Tenet Healthcare (the subject of the Extension Order at Dkt. No. 102) moved for an extension on April 10, 2025, three days after its April 7, 2025 deadline to answer Plaintiff's complaint expired. (Dkt. No. 88). But no default had been entered against Tenet, and given the *de minimis* delay and the absence of any prejudice to Plaintiff, the Court acted well within its discretion in granting Tenet's motion for an extension. *See, e.g.*, *Blandford v. Broome Cnty. Gov't*, 193 F.R.D. 65, 69-70 (N.D.N.Y. 2000) (granting extension where defendants moved for an enlargement of time within one week after learning time to answer had expired, given the preliminary state of the litigation and the fact it was unlikely that plaintiff could demonstrate prejudice).[3] In any event, Tenet's request for an extension, even though made after the expiration of the original deadline, raised a nondispositive matter within the authority of a magistrate judge to decide. *See, e.g.*, *Kamden-Ouaffo v. Fein, Such, Kahn & Shepard, P.C.*, Civil Action No. 22-4174 (ZNQ) (RLS), 2022 WL 17547361, at *1-2 (D.N.J. Dec. 8, 2022).

Accordingly, contrary to Plaintiff's claim, the Court did not issue "unlawful" or "void" orders on dispositive matters without Plaintiff's consent. (*See* Mot. at 2, 3). Plaintiff simply disagrees with the Court's rulings. But "[m]ere disagreement with a judge's ruling is not a basis for disqualification." *Pimentel v. Delta Airlines, Inc.*,

---

[3] Subsequently, on May 6, 2025, Judge Broderick granted extensions of time to Defendants Valley Baptist Realty Company, LLC and VHS Harlingen Hospital Company, L.L.C. to answer Plaintiff's complaint (Dkt. No. 174), despite Plaintiff's objection that these Defendants failed to respond before the expiration of their deadline and hence were in default (Dkt. No. 169). In so doing, Judge Broderick noted that the Second Circuit "has recognized that 'default judgments are disfavored' based on the 'clear preference' that cases are adjudicated on the merits." (Dkt. No. 174 at 2 (quoting *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001))).

No. 17 Civ. 5317 (AMD) (JO), 2019 WL 13417417, at *7 (E.D.N.Y. July 12, 2019); *see also Sun v. N.Y.C. Police Dep't*, No. 18 Civ. 11002 (LTS) (SN), 2021 WL 542411, at *1 (S.D.N.Y. Jan. 21, 2021) ("disagreement with a litigant's legal position is not an indication of improper bias on the part of the Court").

Finally, Plaintiff also cites as a basis for disqualification the multiple motions and other filings he has made challenging the validity of the Extension Orders, which he complains have been "ignored" or "left unresolved." (Mot. at 2, 4 (citing Dkt. Nos. 76, 109, 121, 123, 130)).[4] These were part of what Judge Broderick, in his April 30, 2024 Opinion & Order, described as Plaintiff's "serial filing of motions" in these cases that led Judge Broderick to warn Plaintiff about the potential consequences of engaging in "repetitive, vexatious, and frivolous litigation." (Dkt. No. 145 at 15). Regrettably, that pattern has continued unabated, as Plaintiff has filed in excess of 45 motions, letters, and notices on the docket in the 20 days since Judge Broderick's April 30 Order. (*See* Docket Entries in Case No. 25-cv-1683 from April 30, 2025 to May 19, 2025). He has filed more than 60 motions in the less than three months these consolidated cases have been pending.[5]

Given this fusillade of filings, Plaintiff cannot reasonably expect the Court to

---

[4] Plaintiff filed at least one other motion challenging the Extension Orders before making his motion for disqualification (Dkt. No. 122) and two more afterwards (Dkt. Nos. 184, 191).

[5] (*See* Case No. 25-cv-1683: Dkt. Nos. 4, 11, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25, 36, 44, 47, 48, 52, 60, 71, 109, 112, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 125, 127, 131, 133, 135, 136, 137, 139, 141, 164, 165, 183, 184, 191, 196, 203, 204, 205, 206, 207, 208; Case No. 25-cv-1692: Dkt. Nos. 3, 8; Case No. 25-cv-1753: Dkt. No. 4; Case No. 25-cv-1754: Dkt. Nos. 4, 5; Case No. 25-cv-1868: Dkt. Nos. 5, 6, 7).

9

rule promptly on all his requests. Regardless, a court's failure to rule as quickly as a litigant would like is also not a basis for disqualification. *See, e.g.*, *Sanders v. WB Kirby Hill, LLC*, No. 16 Civ. 4596 (NGG) (ARL), 2019 WL 2393798, at *4 (E.D.N.Y. June 6, 2019) ("If an adverse ruling is not cause for recusal, it follows logically that the court's failure to rule on the . . . issue as quickly as Plaintiff may have liked is also not a basis for recusal.") (citations omitted); *Anthes v. N.Y. Univ.*, No. 17 Civ. 2511 (ALC), 2018 WL 1115164, at *2 (S.D.N.Y. Feb. 28, 2018) (court's "failure to rule on several motions" was "not grounds for disqualification").

Thus, Plaintiff has presented no valid grounds for recusal under either 28 U.S.C. § 455(a) or 28 U.S.C. § 455(b)(1). I have no personal bias or prejudice against Plaintiff, and no reasonable observer, knowing all the facts, would reasonably question my impartiality. Accordingly, Plaintiff's motion for disqualification must be denied. Further, since Plaintiff's claim that the Extension Orders or Stay Order were void or unlawful is without merit, his additional request that those Orders be stricken is also denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED** in its entirety. The Clerk of Court is respectfully requested to close the motion pending at Dkt. No. 183.

**SO ORDERED.**

Dated: New York, New York
       May 19, 2025

_____
GARY STEIN
United States Magistrate Judge

10