UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                 Plaintiff, :
:
  - against - : Lead Case:
: 25-CV-1683 (VSB) (GS)
:
TENET HEALTHCARE, *et al.*, :
:
                 Defendants. :
:
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                 Plaintiff, :
: Member Case:
  - against - : 25-CV-1692 (VSB) (GS)
:
PAKIS, GIOTES, BURLESON & :
DEACONSON, P.C., *et al.*, :
:
                 Defendants. :
:
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                 Plaintiff, :
: Member Case:
  - against - : 25-CV-1753 (VSB) (GS)
:
VALLEY BAPTIST REALTY COMPANY, :
LLC, *et al.*, :
:
                 Defendants. :
:
------------------------------------------------------------X

```
                                              :
DANIEL DE OLIVEIRA,                           :
                                              :
                        Plaintiff,            :
                                              :
          - against -                         :
                                              :        Member Case:
                                              :        25-CV-1754 (VSB) (GS)
VHS HARLINGEN HOSPITAL COMPANY,               :
L.L.C., et al.,                               :
                                              :
                        Defendants.           :
                                              :
                                              :
                                              :
------------------------------------------------X
                                              :
DANIEL DE OLIVEIRA,                           :
                                              :
                        Plaintiff,            :
                                              :        Member Case:
          - against -                         :        25-CV-1868 (VSB) (GS)
                                              :
                                              :        **OPINION & ORDER**
JAMS,                                         :
                                              :
                        Defendant.            :
                                              :
------------------------------------------------X
```

Appearances:

Daniel De Oliveira
East Meadow, NY
*Pro Se Plaintiff*

VERNON S. BRODERICK, United States District Judge:

   Before me is pro se Plaintiff's motion (1) to vacate Magistrate Judge Gary Stein's denial

of Plaintiff's motion to recuse Judge Stein from this action, (2) to recuse me from ruling on the

motion to recuse Judge Stein, and (3) for reconsideration of the motion to recuse Judge Stein (the

2

"Motion").[1]  (Doc. 220 ("Mot.").)  For the reasons below, Plaintiff's motion is DENIED.

## I.    Background[2]

On May 9, 2025, pro se Plaintiff moved to disqualify Magistrate Judge Stein from this action because he granted certain extension requests and stayed the case pending Defendants' responses to the underlying complaints.  (Doc. 183.)  On May 18, 2025, Plaintiff moved for an expedited ruling on his motion for recusal.  (Doc. 205.)  The next day, Plaintiff filed a supplemental motion for Judge Stein's recusal.  (Doc. 207.)

On May 19, 2025, Judge Stein denied that motion for recusal (the "Denial Order"). (Doc. 218 ("Denial Order").)  In his order, Judge Stein explained the difference between dispositive and non-dispositive matters, and the fact that Magistrate Judges have authority to resolve non-dispositive matters without the parties' consent.  (*Id.* at 4–6.)  Judge Stein then provided a well-reasoned analysis of why extension orders and stay orders are non-dispositive. (*Id.* at 6–7.)  Judge Stein also explained that Defendants JAMS; Pakis, Giotes, Burleson & Deaconson, P.C.; Michael Cosby; Marcus Matanga; and David N. Deaconson were—contrary to Plaintiff's assertions—"never in default," and that Defendant Tenet Healthcare was granted a discretionary extension.  (*Id.* at 7–8.)  Judge Stein noted that the basis for Plaintiff's recusal motion is because "Plaintiff simply disagrees with the Court's rulings," which is not a legitimate or legal basis for disqualification.  (*Id.* at 8.)

Plaintiff's Motion is merely his expression of his continued disagreement with Judge Stein's decisions without any legal basis.  (*See generally* Mot.)  Plaintiff first argues that I

---

[1] It is unclear if Plaintiff's motion is addressed to Judge Stein or to me.  (*See* Doc. 220 at 1 ("TO THE HONORABLE COURT").)  Based on the nature of Plaintiff's requests for vacatur and reconsideration of Judge Stein's order and for my recusal, I presume it was addressed to me.  I accordingly construe Plaintiff's motions for vacatur and reconsideration as objections to Judge Stein's order.

[2] In this section, I describe only the relevant background necessary to decide the Motion.

3

should recuse myself from this action because my "administrative oversight of Magistrate [Judge] Stein created an appearance of partiality when [I] allowed Magistrate [Judge] Stein to issue dispositive rulings while Plaintiff's non-consent to magistrate jurisdiction [] remained pending and unresolved." (*Id.* at 2–3.) Plaintiff then claims that Judge Stein's order was "ultra vires" because he "lacked jurisdiction to rule on dispositive matters." (*Id.* at 3.) Finally, Plaintiff argues that Judge Stein's Denial Order should be reviewed by a different Article III judge rather than me. (*Id.* at 4.) On May 20, 2025, Plaintiff filed a motion for clarification regarding a judge's authority to rule on their own recusal. (Doc. 221.)

## II. Legal Standard

A judge must recuse himself if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The judge must determine if "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (internal quotation marks and alteration omitted). "A district court would review a magistrate judge's refusal to recuse him or herself for abuse of discretion." *Tsabbar v. Eason*, 305 F. App'x 680, 682 (2d Cir. 2008) (summary order) (citing *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998)).

## III. Discussion

Plaintiff's arguments fail. As an initial matter, motions for recusal are considered by the judge who is being asked to recuse himself. *Cf. Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) ("The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion."). Therefore, Plaintiff's argument that Judge Stein cannot rule on the motion for his recusal fails. In any event, I find that Judge Stein did not abuse his discretion in denying Plaintiff's motion for recusal. The crux of Plaintiff's recusal motion

was that he did not consent Magistrate Judge Stein's jurisdiction. Judge Stein provided a comprehensive explanation that he did not need the parties' consent to rule on non-dispositive matters, including for extensions and stays. (Denial Order 5.) Judge Stein's order was thorough and well-reasoned in explaining the law and applying it to the facts before him.[3]

Further, Plaintiff has not provided any legitimate basis for me to recuse myself from this case. Plaintiff argues that my order referring this matter to Magistrate Judge Stein presents a "structural conflict" that begs for reassignment of this case, (Mot. 4), but fails to demonstrate my lack of impartiality. The one case that Plaintiff cites, *Liljeberg v. Health Services Acquisition Corp.*, is inapposite because it involved a judge who "did not know of his fiduciary interest in the litigation," even though "he certainly should have known." 486 U.S. 847, 867–68 (1988). (Mot. 4.) Plaintiff fails to offer any argument or evidence that either Magistrate Judge Stein or I am in a similar situation that warrants recusal.

The fact that I referred this case to a magistrate judge for general pretrial purposes is not a basis to disqualify me. As a legal matter, magistrate referrals are consistent with the law. The Second Circuit has recognized that magistrate judges have jurisdiction over pretrial matters and non-dispositive matters. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008) (citing 28 U.S.C. § 636(b)(1)(A) (pretrial matters); Fed. R. Civ. P. 72(a) (non-dispositive

---

[3] Plaintiff's arguments also fail under a clear-error standard. *See Cullen ex rel. William, Jr. v. Vill. of Pelham Manor*, 399 F. App'x 657, 658 (2d Cir. 2010) (summary order) ("[T]he magistrate judge did not commit clear error in failing to recuse herself."). Some courts have stated that motions for recusal are non-dispositive matters. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-4814, 2024 WL 5088077, at *1 n.1 (S.D.N.Y. Dec. 12, 2024) (collecting cases). Upon review, a district judge may reconsider the findings of a non-dispositive pretrial order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). When the objecting party "simply reiterates his original arguments" already made to the magistrate judge, courts review the magistrate judge's order for clear error. *See Wallace v. Superintendent of Clinton Corr. Facility*, No. 13-CV-3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014).

Here, Plaintiff moves for reconsideration based on the same argument he used in moving for recusal—that he did not consent to Magistrate Judge Stein's jurisdiction regarding extensions and stays. Plaintiff fails to demonstrate that the Denial Order was clearly erroneous, contrary to law, or was clear error.

matters)).

As a practical matter, judges in this District and across the country routinely refer cases to magistrate judges to handle various matters related to cases, including to handle general pretrial matters. *See, e.g.*, *Cruz v. Loc. 32BJ*, 762 F. Supp. 3d 286, 288 (S.D.N.Y. 2025) (describing district judge's referral to the magistrate judge for general pretrial matters); *United States v. City of N.Y.*, 847 F. Supp. 2d 395, 433 (E.D.N.Y. 2012) (in the EDNY, "[f]or most types of civil proceedings, Magistrate Judges are automatically referred non-dispositive pretrial matters") Such referrals to magistrate judges help alleviate "some of the burdens imposed by a burgeoning caseload." *Best Payphones, Inc. v. City of N.Y.*, No. 01-CV-3934, 2006 WL 845506, at *5 (E.D.N.Y. Mar. 30, 2006). The ability to make such referrals is necessary for the sound administration of cases, and a finding that such referrals warrant recusal by a district court judge would not only be contrary to law, but would also cause an unnecessary backlog of cases. "A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted).

Plaintiff has been warned numerous times that his avalanche of meritless and/or improper filings may result in sanctions. (*See* Docs. 145 ("Plaintiff is warned that if he continues to file unsupported motions . . . he risks being sanctioned."); 146 ("Plaintiff is hereby warned that, should he persist in his abusive litigation conduct, he may face sanctions including, among other things, monetary sanctions, the revocation of permission to file documents electronically, or dismissal of his lawsuits."); 218 (noting that Plaintiff's "serial filing of motions" is a "pattern [that] has continued unabated").) "Filings that have a complete lack of a factual and legal basis have been found to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *Bernstein v. App. Div., First Dep't Departmental Disciplinary Comm.*, No. 07-CV-11196, 2013

WL 12328291, at *2 (S.D.N.Y. Aug. 29, 2013) (cleaned up).

Plaintiff is warned again that his incessant filings,[4] unsupported by meritorious arguments, may result in sanctions, including, among other things, the revocation of his e-filing privileges or the dismissal of all his cases.

### IV.  Conclusion

For these reasons, Plaintiff's motion for reconsideration, (Doc. 220), is DENIED.

The Clerk of Court is respectfully directed to terminate Documents 205 (motion for expedited ruling), 207 (supplemental motion for Judge Stein's recusal), 220 (motion to vacate the denial of the motion to recuse Judge Stein), and 221 (motion for clarification of constitutional questions regarding a judge's authority to rule on their own recusal).

SO ORDERED.

Dated: May 30, 2025
       New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　Vernon S. Broderick
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] To name just a few examples, since Magistrate Judge Stein denied the Motion on May 19, 2025, Plaintiff filed five motions or notices on May 20, 2025, (Docs. 216–217; 220–222), four motions or notices on May 21, 2025, (Docs. 223–224; 226–227), three motions or notices on May 22, 2025, (Docs. 228–230), and three motions or notices on May 27, 2025, (Docs. 245–250).