# EXHIBIT A



Howard I. Elman
*Partner*
646-780-8101
helman@ef-law.com

Main Tel. 646-780-8100
Facsimile 646-780-8112

May 9, 2025

**Via Email and FedEx**

Daniel De Oliveira
*Pro Se Plaintiff*
374 East Meadow Ave, Apt. C
East Meadow, New York 11554

    Re:    *De Oliveira, MD v. Tenet Healthcare et al.*, **Case No. 1:25-cv-01683-VSB-GS**
           *De Oliveira, MD v. JAMS*, **Case No. 1:25-cv-01868-VSB-GS**

Dear Dr. De Oliveira:

    As you know, we represent defendant JAMS, Inc. ("JAMS") in the above-referenced consolidated actions. We are hereby giving you notice that we will move for sanctions against you pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority unless, within 21 days of this letter, you dismiss your actions as against JAMS with prejudice. We are further giving you notice that if you do not dismiss the actions, we will further move for sanctions pursuant to Rule 11 and the Court's inherent authority if you do not immediately cease and desist from filing your vexatious and frivolous "notices" and "motions." Our tolerance for your litigation abuse is at an end.

    In the short period since you commenced these actions, you have managed to make more than 100 filings that the Court described as "repetitive, vexatious, and frivolous." (ECF Doc. 145, Opinion & Order, at 15; *see also* ECF Doc. 146, Order at 3 (describing your filings as "frivolous, vexatious, and/or duplicative on their face").) And in so doing, you have also managed to violate Court orders in at least three material ways by: (1) serving requests for admissions ("RFAs") prematurely, against an express Court order instructing you not to; (2) filing frivolous, vexatious, excessive, and duplicative "motions" and "notices" despite the Court's admonishment against your doing so; and (3) defying the Court's rulings by refusing to recognize Magistrate Gary Stein's authority, and demanding adjudication of your frivolous motions despite the Court's grant of a stay of all proceedings pending the resolution on the defendants' answer, motion to dismiss, or other response to your frivolous Complaints.

    **1.    You Ignored the Court's Order About Not Serving Requests for Admissions.**

    On March 13, 2025, you filed a "Motion for Clarification regarding Rule 36 Requests for

ELMAN FREIBERG PLLC

Daniel De Oliveira
May 9, 2025
Page 2 of 6

Admission" requesting guidance on "whether Rule 36 Requests for Admission may be served simultaneously with the summons and complaint under the Federal Rules of Civil Procedure." (ECF Doc. 11 at 1.) By order dated March 17, 2025, ECF Doc. 12, the Court ordered that "assuming Plaintiff is moving for leave to serve the admissions with the summons and complaint, *Plaintiff may not do so unless and until this case proceeds to the discovery phase*." (ECF Doc. 12, at 4) (emphasis added).

Notwithstanding the above order, you e-mailed the RFAs to our office on March 21, 2025, and also served them by hand at JAMS's headquarters on March 26, 2025 with a copy of the Complaint, in direct violation of the Court's March 17 order. In its filings at ECF Doc. 43 and 110, JAMS explained the reasons why this purported service was unauthorized under Court order, Fed. R. Civ. P. 26(d)(1), and the applicable case law, because there has not been a Rule 26(f) conference nor a Rule 16(b) conference—i.e., this case is not yet in the discovery phase. (ECF Doc. 110, at 2-3.)

In other words, you were not permitted to serve the RFAs on JAMS. And because of this, JAMS is not required to respond to the RFAs. This dispositive fact is not refuted, much less addressed, in any of your multiple baseless filings after the Court's April 30 orders, in which you simply ignore the Court's March 17 order, JAMS's arguments, as well as the Court's written warnings against making frivolous filings:

- ECF Doc. 155: On May 1, 2025, you filed your "Letter Motion for Constitutional Clarification Regarding Summary Judgment Filings," alleging that JAMS admitted to the RFAs and that those admissions, in addition to purported admissions by defendant Tenet Healthcare and defendant Chief Judge Hecht of the Texas Supreme Court, somehow are "procedurally conclusive and create a complete absence of factual dispute." (ECF Doc. 155 at 2-3.)

- ECF Doc. 156: Also on May 1, 2025, you filed your "Judicial Notice Regarding Consensus on Non-Arbitrability and the Limits of Judicial Discretion under *First Options of Chicago*," in which you repeat your baseless assertions that Tenet, JAMS, and Judge Hecht admitted that "arbitration is not authorized." (ECF Doc. 156 at 2-4.)

- ECF Doc. 161: On May 3, 2025, you filed your "Formal Demand for Trial by Jury" as to JAMS based again on your frivolous position that Tenet, JAMS, and Judge Hecht made admissions that purportedly establish their liabilities. (ECF Doc. 161 at 1-3.) You further baselessly contend that JAMS's motion to dismiss "[w]as filed after the expiration of a court-imposed extension from a magistrate judge acting without consent under 28 U.S.C. § 636(c); Ignores Rule 26 admissions; And seeks to bypass Plaintiff's constitutionally protected jury trial right." (*Id.* at 3-4.)

ELMAN FREIBERG PLLC

Daniel De Oliveira
May 9, 2025
Page 3 of 6

- ECF Doc. 162: On May 3, 2025, you filed your "Judicial Notice in Opposition to Defendant JAMS, Inc.'s Motion to Dismiss," in which you again repeat your baseless contention that JAMS, Tenet, and Judge Hecht made admissions and that JAMS's admissions "eliminate any factual basis for JAMS to contest liability." (ECF Doc. 162 at 2.) You further argue that the Court must address your "unopposed" motion for summary judgment first, despite this Court's April 30, 2025 Order staying all proceedings (discussed below), urge the Court to decline entertaining JAMS's motion to dismiss, and also assert that a dismissal of your case "would violate Plaintiff's Seventh Amendment right to a trial by jury on damages." (Id. at 3-4.)

- ECF Doc. 163: On May 4, 2025, you filed your "Notice of Joint Liability and Inseverable Arbitration Misconduct," in which you continue your position that Tenet and JAMS made admissions that bind the parties and the Court that "the arbitration was unlawful." (ECF Doc. 163 at 2-3.) And you propound a made-up doctrine (the "De Oliveira Doctrine of Indivisible Liability Due to Obligated Judicial Symbiosis") which is entirely untethered from law or reality. (*Id*. at 3-5.)

- ECF Doc. 164: Also on May 4, 2025, you filed your "Motion to Strike JAMS's Motion to Dismiss, Oppose Dismissal, and Renew Summary Judgment due to Admitted Liability, Rule 36 Default, Local Rule 6.1(b) Violation, and Fraud Upon the Tribunal," in which you again repeat that JAMS's purported "admissions conclusively establish liability." (ECF Doc. 164 at 1-2.) You also argue, among other things, that summary judgment should be granted because JAMS failed to respond to it and that JAMS's purported admissions remove any disputed issues of fact. (*Id*. at 2.) You further argue that arbitral immunity does not apply given JAMS's and Tenet's admissions which render any immunity somehow "legally void." (*Id*.) Also void, according to you, is the Texas court's 2019 order referring the underlying Texas cases to arbitration. (*Id*. at 2-3.)

- ECF Doc. 165: On May 5, 2025, you re-filed the same motion you filed above as Doc. 164.

You made the same frivolous assertion about JAMS's purported admissions in at least three prior filings, all based on the erroneous premise that JAMS is deemed to have made admissions. (*See* ECF Doc. 49, 50, 129.) But JAMS cannot be charged with admitting to any fact for not responding to RFAs that were expressly unauthorized by the Court, the rules, and the case law. Your repetitive filings on this issue—without explaining how or why you were permitted to serve the RFAs on JAMS especially in light of the Court telling you not to—not only violates the March 17 order, but shows that you are violating two other Court orders, as explained next.

ELMAN FREIBERG PLLC

Daniel De Oliveira
May 9, 2025
Page 4 of 6

## 2. You Ignored the Court's Warnings About Abusive Litigation Conduct.

By Opinion & Order dated April 30, 2025, ECF Doc. 145, the Court denied your motion for a nationwide injunction against JAMS, and expressly warned you that if you "continue[] to file unsupported motions without regard to the timing strictures provided for under the Federal Rules of Civil Procedure and this District's Local Rules . . . [you] risk[] being sanctioned." (ECF Doc. 145 at 15.) The Court also stated that your "serial filing of motions—such as 11 motions in one day . . . and three motions for sanctions . . . suggests potential repetitive, vexatious, and frivolous litigation." (*Id*.)

Similarly, by Order dated April 30, 2025, ECF Doc. 146, the Magistrate also expressly warned that many of your "filings appear to be frivolous, vexatious and/or duplicative on their face" and that should you "persist in [your] abusive litigation conduct, [you] may face sanctions including, among other things, monetary sanctions, the revocation of permission to file documents electronically, or dismissal of [your] lawsuits." (ECF Doc. 146, Order, at 3-4.) The Magistrate then stated that "all further proceedings in each of these [consolidated] cases shall be stayed pending the filing by the applicable Defendant (Defendants) of its (their) answer, motion to dismiss, or other response to the applicable Complaint." (*Id*.)

Notwithstanding these clear warnings, since April 30, 2025, you filed the above-listed filings (in addition to many others that do not concern JAMS) and have advanced entirely frivolous arguments in support, including the concoction of a purported legal doctrine made up by you and bearing your name (that you also previously advanced at ECF Doc. 56, 58, 61), which can only be understood as your attempt to make a mockery of the judicial system.

By these filings, you are clearly ignoring the Court's warnings and this abusive litigation conduct deserves to be sanctioned.

## 3. You Ignored the Court's Order Staying Further Proceedings and Insolently Defy the Magistrate's Authority.

Lastly, in a few of the filings, you ask the Court to reject JAMS's motion to dismiss and rule on your summary judgment motion first, by arguing that it should be granted because JAMS did not oppose it. (ECF Docs. 162, 164.) This is, again, in blatant disregard of the Magistrate's Order stating that you were "not procedurally entitled [to summary judgment] at this stage of the litigation," and which stayed all proceedings pending the filing of the defendants' answer, motion to dismiss, or other response, by which the Court specifically advised the defendants that "they need not respond to any of [your] pending motions until further order of the Court." (ECF Doc. 146, Order, at 3.) Your insistence on a ruling on your premature and baseless summary judgment motion directly contravenes this Order.

Moreover, in advocating for the Court to decline or strike JAMS's motion to dismiss, you frivolously contend that the Magistrate lacked authority under 28 U.S.C. § 636(c) to grant JAMS

**ELMAN FREIBERG PLLC**

Daniel De Oliveira
May 9, 2025
Page 5 of 6

the extension of time it requested to respond to your Complaint. This is a point you also previously (and repeatedly) raised. (*See* ECF Doc. 76, 77, 109, 121, 122, 123, 134, 140, 142.) But these consolidated actions were referred to the Magistrate for "General Pretrial (includes scheduling, discovery, non-dispositive pretrial motions, and settlement" purposes. (*See* ECF docket, March 27, 2025 entry.)  Pursuant to 28 U.S.C. § 636(b), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court." Granting extension requests falls squarely within the scope of the Magistrate's authority as both a "scheduling" and "pretrial matter." You should cease and desist from continuing to make groundless accusations about which you have no understanding.

Furthermore, on May 5, 2025, you sent an e-mail to my colleague and me threatening *us* with Rule 11 sanctions for filing the motion to dismiss based on your erroneous and persistent assertion that JAMS's "deemed admissions" to your unauthorized RFAs somehow render the motion sanctionable. The email demonstrates your frail grasp of reality and remarkable lack of awareness of the enormous hole you have dug yourself in.

And as if the above were not enough, on May 9, 2025, you filed a "Motion to Recuse Magistrate Judge Gary Stein and Vacate Void Orders Issued Without Consent" (ECF Doc. 183), in which you baselessly move to recuse the Magistrate based at least partially on the erroneous premise that he has no authority under 28 U.S.C. § 636(c) to grant extensions or a stay of proceedings, and in which you also question the Court's impartiality based solely on your disagreement with the Court's rulings. (*Id*. at 2-4.) But, and as shown above, your reliance on § 636(c) is wholly misplaced and this motion to recuse is another example of your deliberate disregard of the Court's April 30 orders.

"Rule 11 provides for the imposition of sanctions against a party who advances a frivolous legal argument or asserts claims without a reasonable factual basis or improper purpose." *Spithogianis v. Haj-Darwish*, No. 07 Civ. 4609 (PAC) (JCF), 2008 WL 82188, at *9 (S.D.N.Y. Jan. 7, 2008). "Rule 11 applies to *pro se* litigants," and "a litigant's *pro se* status does not give him 'license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded dockets.'" *Id*. (citation omitted). Moreover, a *pro se* litigant such as yourself with "some experience with the legal system" are treated "less leniently than 'wholly inexperienced *pro se* litigants.'" *Id*. (citation omitted). All the more so where, as here, "plaintiff has been previously warned about the possibility of Rule 11 sanctions." *Colida v. Nokia Inc*., No. 07 Civ. 8056 (KMW) (HBP), 2008 WL 4517188, at *12 (S.D.N.Y. May 6, 2008), *report and recommendation adopted as modified*, 2008 WL 4449419 (S.D.N.Y. Sept. 29, 2008), *aff'd sub nom*, 347 Fed. Appx. 568 (Fed. Cir. 2009).

Given your *pro se* status, we have been reluctant to move for sanctions against you. But given your persistent abuse of judicial process, and the significant costs you have caused our client to incur, you have left us with no choice. If you do not comply, we will move for sanctions and we will seek a judgment against you for every one of the many thousands of dollars of legal fees you have caused our client to needlessly incur.

ELMAN FREIBERG PLLC

Daniel De Oliveira
May 9, 2025
Page 6 of 6

      Accordingly, we hereby demand that you: (1) withdraw your Complaints as against JAMS with prejudice in view of your repeated abusive litigation conduct and repeated violations of this Court's March 17 and April 30 orders; and if you do not, at a minimum, (2) cease and desist from filing any additional motions or notices in the future in the above-referenced actions or from commencing any new actions against JAMS relating to or arising from the claims asserted in these actions.

      Pursuant to Fed R. Civ. P. 11(c), you have 21 days—i.e., until **May 30, 2025**—to comply with these demands. Should you fail to do so, and should you persist in your harassment of JAMS by the continued filing of vexatious and frivolous filings, we will move for Rule 11 sanctions against you, as set forth above and in the enclosed Notice of Motion.

      We reserve all rights and remedies.

      Sincerely,

      Howard I. Elman

Enc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DANIEL DE OLIVEIRA, MD,                              :
                                                     :   Case No. 25-cv-01683-VSB-GS
                        Plaintiff,                   :
                                                     :
        -against-                                    :
                                                     :
TENET HEALTHCARE et al.,                             :
                                                     :
                        Defendants.                  :
                                                     :
------------------------------------------------------------------X
DANIEL DE OLIVEIRA, MD,                              :
                                                     :   Case No. 25-cv-01868-VSB-GS
                        Plaintiff,                   :
                                                     :
        -against-                                    :
                                                     :
JAMS,                                                :
                                                     :
                        Defendant.                   :
                                                     :
------------------------------------------------------------------X

**NOTICE OF MOTION FOR SANCTIONS UNDER
FED. R. CIV. P. 11 AND THE COURT'S INHERENT AUTHORITY**

PLEASE TAKE NOTICE that, upon all supporting declaration(s), and the exhibits attached thereto, and upon the memorandum of law of defendant JAMS, Inc. ("JAMS") (incorrectly sued herein as JAMS), in support of its motion for sanctions pursuant to Fed. R. Civ. P. 11 and the Court's inherent authority, JAMS will move this Court, before the Honorable Vernon S. Broderick, United States District Judge for the Southern District of New York, at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 518, New York, New York, at a date and time to be set by the Court, for an Order:

1) Sanctioning *pro se* plaintiff Daniel De Oliveira ("Plaintiff") for: (a) filing the Complaints, dated February 21, 2025, and March 6, 2025, which, among other

violations of Rule 11(b), contain frivolous allegations and claims unsupported by existing law, including in that the statements underlying the RICO claims are unactionable; that the claims asserted in both actions are attempts to improperly appeal his Texas state court loss in a New York federal court (despite his pending appeal in the Texas Court of Appeals); that those claims are otherwise inadequately pled; and the Complaints as against JAMS are based virtually entirely on knowingly false and frivolous allegations and premises; (b) engaging in abusive litigation conduct by filing numerous repetitive, vexatious, and frivolous filings as observed by this Court's April 30, 2025 orders (ECF Doc. 145 and 146); and (c) repeatedly violating the Court's orders, including by failing to cease his abusive litigation conduct even after the Court's aforementioned orders warning him of sanctions;

2) Restraining and enjoining Plaintiff, his heirs, successors, and assigns, and all other persons who are in active concert or participation with the persons listed above, from: (a) making any filing in any pending case brought by him or his behalf within the Southern District of New York without first obtaining leave of Court; (b) filing any new action or proceeding in any federal court in the United States arising out of or relating to Plaintiff's claims that JAMS is improperly administering an arbitration between Plaintiff, on the one hand, and VHS Harlingen Hospital Company, LLC, d/b/a Valley Baptist Medical Center-Harlingen and Valley Baptist Realty Company, LLC, on the other hand (the "Claims"); and (c) filing any new action or proceeding against JAMS in any state

court in the United States arising out of the Claims without first obtaining leave of this Court;

3) requiring Plaintiff to pay JAMS's reasonable attorneys' fees and other expenses; and

4) granting such other and further relief as this Court may deem just and proper.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1(b) of the United States District Courts for the Southern and Eastern Districts of New York, any opposing or response papers must be served within 14 days after service of these moving papers, and any reply papers must be served within seven days after service of the answering papers.

Dated: May __, 2025
      New York, New York

                                ELMAN FREIBERG PLLC

                                By: _____
                                    Howard I. Elman
                                    Mioko C. Tajika
                              950 Third Avenue, Suite 1600
                              New York, New York 10022
                              (646) 780-8100
                              helman@ef-law.com
                              mtajika@ef-law.com

                              *Attorneys for Defendant JAMS, Inc.*