# EXHIBIT C

| | |
|---|---|
| **From:** | Daniel De Oliveira |
| **To:** | Howard Elman |
| **Cc:** | Mioko Tajika |
| **Subject:** | Notice of Motion Filed Regarding Allegations of Vexatious or Frivolous Conduct |
| **Date:** | Monday, June 2, 2025 10:00:29 AM |
| **Attachments:** | DOC 262 - MOTION FOR CLARIFICATION REGARDING CHARACTERIZATION OF VEXATIOUS OR FRIVOLOUS FILINGS .pdf |

Dear Mr. Elman,

Following your recent correspondence, quoted below:

> "Dr. De Oliveira – thank you for your kind note. There is no need for us to confer. Our letter speaks for itself. You have been warned multiple times by the court – and us – about your vexatious, frivolous and harassing filings. We will act accordingly."
> – Sent from my iPhone

I write to inform you that I have filed a **Motion for Clarification Regarding Characterization of Vexatious or Frivolous Filings and Request for Judicial Hearing** (Doc. 262) in Case No. 1:25-cv-01683-VSB. The motion seeks clarification from the Court as to whether any filings in this matter have been formally determined to be vexatious or frivolous under applicable standards, including *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986), **28 U.S.C. § 1927**, **Federal Rule of Civil Procedure 11**, and relevant Local Rules.

In the interest of transparency and good faith notice, I advise you that—should the Court grant the requested hearing in open court—I will be arguing that **your filing of a motion to dismiss on behalf of JAMS constitutes frivolous and vexatious conduct**, as JAMS is currently in procedural default, and no Rule 55(c) motion to vacate has been filed or could be filed **until default is properly entered by the Clerk** in accordance with Rule 55(a).

The Second Circuit has clearly held in *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), that:

> "A party in default may not file motions or participate further in the litigation unless and until the default is formally vacated under Rule 55(c)."

Additionally, I intend to argue that liability has already been **established** through properly executed defaults and admitted facts under Rule 36, rendering the motion to dismiss not only procedurally impermissible, but legally null.

You will, of course, have the opportunity to present your position if the Court grants the hearing.

Respectfully,
**Daniel De Oliveira, MD**
Pro Se Plaintiff
374 East Meadow Ave, Apt C
East Meadow, NY 11554
danieldeoliveira@me.com
(979) 373-4933

Disclaimer: This electronic message may contain information that is Proprietary, Confidential, or legally privileged or protected. It is intended only for the use of the individual(s) and entity named in the message. If you are not an intended recipient of this message, please notify the sender immediately and delete the material from your computer. Do not deliver, distribute or copy this message and do not disclose its contents or take any action in reliance on the information it contains.

[CAUTION!!:This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe]