UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
:
   - against - : Lead Case:
: 25-CV-1683 (VSB) (GS)
:
TENET HEALTHCARE, *et al.*, :
:
                Defendants. :
:
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
: Member Case:
   - against - : 25-CV-1692 (VSB) (GS)
:
PAKIS, GIOTES, BURLESON & :
DEACONSON, P.C., *et al.*, :
:
                Defendants. :
:
------------------------------------------------------------X
:
DANIEL DE OLIVEIRA, :
:
                Plaintiff, :
: Member Case:
   - against - : 25-CV-1753 (VSB) (GS)
:
VALLEY BAPTIST REALTY COMPANY, :
LLC, *et al.*, :
:
                Defendants. :
:
------------------------------------------------------------X

```
------------------------------------------------------X
DANIEL DE OLIVEIRA,                         :
                                            :
                        Plaintiff,          :
                                            :
            - against -                     :
                                            :              Member Case:
                                            :              25-CV-1754 (VSB) (GS)
VHS HARLINGEN HOSPITAL COMPANY,             :
L.L.C., et al.,                             :
                                            :
                        Defendants.         :
                                            :
                                            :
                                            :
------------------------------------------------------X
                                            :
DANIEL DE OLIVEIRA,                         :
                                            :
                        Plaintiff,          :
                                            :              Member Case:
            - against -                     :              25-CV-1868 (VSB) (GS)
                                            :
                                            :              ORDER
                                            :
JAMS,                                       :
                                            :
                        Defendant.          :
                                            :
------------------------------------------------------X
```

Appearances:

Daniel De Oliveira
East Meadow, NY
*Pro Se Plaintiff*

VERNON S. BRODERICK, United States District Judge:

  Pro se Plaintiff moves for certification of interlocutory appeal under 28 U.S.C. § 1292(b) regarding my May 30, 2025 Opinion & Order. (Doc. 270.) In my May 30, 2025 Opinion & Order, I denied Plaintiff's motion (1) to vacate Magistrate Judge Gary Stein's denial of Plaintiff's motion to recuse Judge Stein from this action, (2) to recuse me from ruling on the

2

motion to recuse Judge Stein, and (3) for reconsideration of the motion to recuse Judge Stein. (Doc. 258.)

28 U.S.C. § 1292(b) allows a district court to certify that an otherwise non-appealable order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  "The moving party has the burden of establishing all three elements."  *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (internal quotation marks omitted).  However, "even when the elements of section 1292(b) are satisfied, the district court retains unfettered discretion to deny certification." *Garber v. Off. of the Com'r of Baseball*, 120 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) (internal quotation marks omitted).  Indeed, interlocutory appeals are "strongly disfavored in federal practice."  *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010) (collecting cases).

Plaintiff fails to overcome his burden.  First, Plaintiff fails to demonstrate that there is a substantial ground for difference of opinion as to a controlling question of law regarding whether a magistrate judge has the authority to adjudicate non-dispositive matters without the parties' consent, whether a district judge's ruling on a motion to recuse a magistrate judge constitutes a "structural conflict," and whether a district judge can rule on a motion to recuse himself or herself.  Second, an immediate appeal here of a non-dispositive order regarding recusal that has nothing to do with the merits of the case will not advance the ultimate termination of the litigation and will instead prolong it.

Plaintiff's motion to certify an interlocutory appeal is DENIED.

The Clerk of Court is respectfully directed to terminate Document 270.

SO ORDERED.

Dated: June 20, 2025
      New York, New York

                                              Vernon S. Broderick
                                              United States District Judge