CAUSE # 1:25-cv-01683 VSB

| | | |
|---|---|---|
| DANIEL DE OLIVEIRA, MD | § § | |
| PLAINTIFF | § § | UNITED STATES DISTRICT |
| V. | § § | COURT |
| TENET HEALTHCARE ET AL | § § § | SOUTHERN DISTRICT OF NEW YORK |
| DEFENDANTS | § § § | |

**DISPOSITIVE MOTION FOR CLARIFICATION OF JUDGE BRODERICK'S PARTY STATUS UNDER 28 U.S.C. § 455(b)(1)**

Wednesday, June 25, 2025

TO THE HONORABLE COURT:

Plaintiff Daniel De Oliveira respectfully moves this Court for a dispositive clarification of a threshold constitutional issue:

**Is Judge Vernon S. Broderick a party to the motion filed at Document 220, which explicitly seeks his recusal from ruling on the motion to recuse Magistrate Gary Stein?**

This is a binary legal question with constitutional implications. A "yes" answer mandates recusal under 28 U.S.C. § 455(b)(1). A "no" answer requires justification

as to how a judge can be excluded from party status in a motion that names him as the subject of relief.

## I. DOCUMENT 220 UNEQUIVOCALLY NAMES JUDGE BRODERICK

The caption of the motion reads:

"MOTION FOR RECUSAL OF JUDGE VERNON BRODERICK FROM RULING ON THE MOTION TO RECUSE MAGISTRATE GARY STEIN..."DOC 220 - MOTION VACATE…

The body of the motion repeatedly identifies Judge Broderick as the individual from whom procedural recusal is sought. The relief requested is targeted and explicit. This renders him a party to the proceeding under the meaning of **28 U.S.C. § 455(b)(1)**.

## II. 28 U.S.C. § 455(b)(1) APPLIES TO A JUDGE'S OWN INVOLVEMENT

The statute provides:

"He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal

knowledge of disputed evidentiary facts concerning the proceeding."

— 28 U.S.C. § 455(b)(1)

Once Judge Broderick becomes a **named party to the recusal motion**, this provision becomes operative. No person—including a judge—can neutrally adjudicate a motion about their own conduct or authority without triggering this clause.

As a matter of logic and human nature, **everyone has bias toward themselves**. To permit a judge to determine whether he is biased in a matter in which he is the named party **is a contradiction of the statutory command**.

---

### III. THIS IS A DUE PROCESS DEFICIENCY DISGUISED AS PROCEDURAL ROUTINE

Federal courts have traditionally allowed judges to make an initial determination on their own recusal. But that tradition is neither constitutionally nor ethically defensible where:

- The judge is explicitly named in the relief sought;
- The issue arises under a motion invoking 28 U.S.C. § 455; and
- The question of structural impartiality is central to the controversy.

This posture creates a due process failure cloaked in normalcy. As the Supreme Court noted in *In re Murchison*, 349 U.S. 133, 136 (1955):

"A fair trial in a fair tribunal is a basic requirement of due process. This applies to administrative agencies as well as to courts. Fairness requires an absence of actual bias... and even **the probability of unfairness.**"

---

### IV. SOME STATES RECOGNIZE THIS STRUCTURAL FLAW

States such as **Texas and California** have adopted procedural rules that **explicitly prohibit** a judge from ruling on their own recusal. For example:

**Texas Rule of Civil Procedure 18a(h)(1):**

"If a motion to recuse is filed… the judge must either recuse himself or request that a different judge be assigned to hear the motion."

These jurisdictions recognize the structural distortion that arises when a judge self-adjudicates a motion implicating their own impartiality. That principle holds **a fortiori** in federal court when the judge is a named party.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. **Clarify** whether Judge Vernon S. Broderick is a party to Document 220, which names him and seeks his recusal from a supervisory ruling;

2. **Acknowledge** that if the answer is "yes," recusal is **mandatory** under 28 U.S.C. § 455(b)(1), which prohibits a judge from ruling on matters involving a party about whom the judge may hold bias or personal knowledge;

3. **Refer the motion** for recusal (Doc. 220) to an unrelated Article III judge unaffiliated with Judge Broderick or Magistrate Stein for final determination.

---

Respectfully submitted,

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the:

DISPOSITIVE MOTION FOR CLARIFICATION OF JUDGE BRODERICK'S PARTY STATUS UNDER 28 U.S.C. § 455(b)(1)

has been served on all counsel of record who appeared and interested parties on the day this document is uploaded on the PACER EFile System, through the PACER EFile System in accordance with the Federal Rules of Civil Procedure.

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av.
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Date: June 26, 2025

I am not a party to the motion and have already explained that "motions for recusal are considered by the judge who is being asked to recuse himself." (Doc. 258 at 4.) I have also explained that there is no "structural conflict" that warrants reassignment of this case to another judge. (*Id.* at 5.) That certain states may have different rules and procedures is not relevant; the federal law applies here.

Plaintiff is warned again that he should not file frivolous motions, including to re-litigate issues and present arguments that were already addressed.

The Clerk of Court is respectfully directed to terminate Document 314.