**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DANIEL DE OLIVEIRA, MD,

Plaintiff,

- against -

TENET HEALTHCARE, JAMS, TEXAS JUDICIARY, CHIEF JUSTICE NATHAN HECHT and ATTORNEY GENERAL KEN PAXTON,

Defendants.

No. 1:25-cv-01683-VSB-GS

DANIEL DE OLIVEIRA, MD,

Plaintiff,

- against -

VALLEY BAPTIST REALTY COMPANY, LLC and TENET HEALTHCARE,

Defendants.

No. 1:25-cv-01753-VSB-GS

DANIEL DE OLIVEIRA, MD,

Plaintiff,

- against -

VHS HARLINGEN HOSPITAL COMPANY, LLC, D.B.A. VALLEY BAPTIST MEDICAL CENTER-HARLINGEN – TENET HEALTHCARE,

Defendants.

No. 1:25-cv-01754-VSB-GS

**DEFENDANTS ' CONSOLIDATED MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINTS**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................. iv

PRELIMINARY STATEMENT ........................................................................................ 1

BACKGROUND ................................................................................................................. 2

    A.    Procedural History. ............................................................................................ 2

    B.    The RICO Complaint. ....................................................................................... 3

    C.    The First Amended RICO Complaint Is Devoid of Substance and Cannot Be Independently Maintained. .......................................................................... 4

    D.    The VBRC Complaint (Case No. 1:25-CV-01753-VSB-GS) and VHS Complaint (Case No. 1:25-CV-01754-VSB-GS). ............................................ 5

    E.    The Valley Baptist Defendants Lack Ties to New York. ................................... 6

ARGUMENT ...................................................................................................................... 7

I.      THE VALLEY BAPTIST DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK. ................................................ 8

    A.    The Valley Baptist Defendants Are Not "At Home" In New York. .................. 8

    B.    Plaintiff's Claims Do Not Arise from Any Alleged Contacts With New York. ................................................................................................................ 9

    C.    RICO Does Not Confer Jurisdiction Over Tenet, Because No Defendants Reside in This District and The Ends of Justice Do Not So Require. ............... 10

    D.    Exercising Personal Jurisdiction Over the Valley Baptist Defendants In New York Would Violate Due Process. ............................................................ 11

II.    VENUE IS IMPROPER IN THIS DISTRICT. ................................................... 12

III.   THE RICO COMPLAINT FAILS TO STATE A RICO CLAIM.................................. 13

    A.    Plaintiff Fails to Allege Any Viable RICO Predicate Acts by Tenet. .............. 14

        1.    Plaintiff Fails to Plead Mail Fraud or Wire Fraud. .................................. 14

        2.    Plaintiff Fails to Plead Obstruction of Justice........................................... 15

        3.    Plaintiff Fails to Plead Conspiracy to Violate Civil Rights. ..................... 15

        4.    RICO Violations Under 18 U.S.C. §§ 1962(B) and (D) are Not Predicate Acts, and in any Event, Are Not Adequately Pled.................. 16

    B.    Plaintiff Fails to Allege a Pattern of Racketeering Activity. .............................. 17

    C.    Plaintiff Fails to Allege a RICO Enterprise. ...................................................... 19

IV.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S COMPLAINTS. ............................................................................ 19

|   | A. | This Court Lacks Subject Matter Jurisdiction Under the *Colorado River* Doctrine. | 20 |

A.    This Court Lacks Subject Matter Jurisdiction Under the *Colorado River* Doctrine. .................................................................................. 20

B.    This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory and Injunctive Claims Under The *Younger* Abstention Doctrine. ...................... 21

C.    Plaintiff Lacks Standing to Assert Claims for Breach of The FAA and Obstruction of Justice. ......................................................................... 21

V.    THE VBRC COMPLAINT AND VHS COMPLAINT FAIL TO STATE A CLAIM. ................................................................................................ 22

A.    The VHS Complaint Fails to State a Claim. ....................................... 23

B.    The VBRC Complaint Fails to State a Claim. .................................... 24

VI.    TENET WAS NOT PROPERLY SERVED WITH THE VBRC COMPLAINT. .......... 25

CONCLUSION ................................................................................................ 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                     **Page(s)**

*Am. Girl, LLC v. Zembrka,*
   118 F.4th 271 (2d Cir. 2024) .........................................................................11, 12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).........................................................................................23

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).........................................................................................23

*Bender v. City of New York,*
   78 F.3d 787 (2d Cir. 1996)..............................................................................25

*BNSF Ry. Co. v. Tyrrell,*
   581 U.S. 402 (2017)...........................................................................................9

*Bramwell v. Tucker,*
   107 A.D.2d 731, 484 N.Y.S.2d 92 (2d Dep't 1985) ..........................................9

*Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc.,*
   788 F.2d 535 (9th Cir. 1986) ...........................................................................11

*In re Chateaugay Corp.,*
   139 B.R. 598 (Bankr. S.D.N.Y. 1992)............................................................22

*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.,*
   187 F.3d 229 (2d Cir. 1999)............................................................................18

*Daniel v. Am. Bd. of Emergency Med.,*
   428 F.3d 408 (2d Cir. 2005)............................................................................13

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.,*
   837 F. Supp. 2d 162 (S.D.N.Y. 2011).............................................................23

*First Cap. Mgmt., Inc. v. Satinwood, Inc.,*
   385 F.3d 159 (2d Cir. 2004).......................................................................18, 19

*Gambles v. Sterling Infosystems, Inc.,*
   234 F. Supp. 3d 510 (S.D.N.Y. 2017).............................................................21

*Garay v. U.S. Bancorp,*
   303 F. Supp. 2d 299 (E.D.N.Y. 2004) ............................................................22

*Gonzalez v. United States,*
   No. 16-CV-1494(KAM), 2018 WL 1597384 (E.D.N.Y. Mar. 31, 2018)..............................25

*Great South Bay Medical Care, P.C. v. Allstate Ins. Co.*,
    204 F. Supp. 2d 492 (E.D.N.Y. 2002) ..................................................................20

*Hecht v. Com. Clearing House, Inc.*,
    897 F.2d 21 (2d Cir. 1990)..................................................................................17

*Int'l. Shoe Co. v. Washington*,
    326 U.S. 310 (1945)............................................................................................11

*Katzman v. Victoria's Secret Catalogue*,
    167 F.R.D. 649 (S.D.N.Y. 1996) ........................................................................13

*Kim v. Kimm*,
    884 F.3d 98 (2d Cir. 2018)..................................................................................14

*Krondes v. Nationstar Mortg., LLC*,
    17cv4974, 2018 WL 2943774 (S.D.N.Y. June 12, 2018)...................................20

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................................21

*Mareno v. Rowe*,
    910 F.2d 1043 (2d Cir. 1990)...............................................................................9

*McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*,
    191 F. Supp. 2d 440 (S.D.N.Y. 2002).................................................................23

*Moss v. Morgan Stanley Inc.*,
    719 F.2d 5 (2d Cir. 1983)....................................................................................13

*Nat'l Grp. for Commc'ns and Comput. Ltd. v. Lucent Techs. Inc.*,
    420 F. Supp. 2d 253 (S.D.N.Y. 2006).................................................................17

*O'Malley v. New York City Transit Auth.*,
    896 F.2d 704 (2d Cir. 1990)...............................................................................15

*Pauwels v. Deloitte LLP*,
    83 F.4th 171 (2d Cir. 2023) ................................................................................24

*Pincione v. D'Alfonso*,
    506 F. App'x 22 (2d Cir. 2012)...........................................................................12

*PT United Can Co. v. Crown Cork & Seal Co.*,
    138 F.3d 65 (2d Cir. 1998).................................................................................10

*Rudersdal, EEOD v. Harris*,
    No. 1:18-CV-11072-GHW, 2020 WL 5836517 (S.D.N.Y. Sept. 30, 2020)...........11

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014)..........................................................................8

*Thackurdeen v. Duke Univ.*,
  130 F. Supp. 3d 792 (S.D.N.Y. 2015)...........................................................9

*Tzumi Innovations LLC v. Regan*,
  557 F. Supp. 3d 499 (S.D.N.Y. 2021).........................................................19

*United States v. DeFilippo*,
  685 F. Supp. 3d 129 (D. Conn. 2023).........................................................16

*United States v. Int'l Bhd. of Teamsters*,
  988 F. Supp. 759 (S.D.N.Y. 1997), *aff'd sub nom. United States v. Int'l Bhd. of
  Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 156 F.3d 354 (2d
  Cir. 1998) ...................................................................................................24

*United States v. Occhipinti*,
  772 F. Supp. 170 (S.D.N.Y. 1991) .............................................................16

*United States v. Zemlyansky*,
  908 F.3d 1 (2d Cir. 2018).............................................................................17

*Walden v. Fiore*,
  571 U.S. 284 (2014).....................................................................................11

*Williams v. Affinion Grp., LLC*,
  889 F.3d 116 (2d Cir. 2018).........................................................................14

*Wilton v. Seven Falls Co.*,
  515 U.S. 277 (1995).....................................................................................20

*Wiwa v. Royal Dutch Petroleum Co.*,
  226 F.3d 88 (2d Cir. 2000)............................................................................9

**Statutes**

18 U.S.C. § 241 ..............................................................................................15

18 U.S.C. § 1341 ............................................................................................14

18 U.S.C. § 1343 ............................................................................................14

18 U.S.C. § 1503 ............................................................................................15

18 U.S.C. § 1962(b) .............................................................................13, 16, 17

18 U.S.C. § 1962(c) .......................................................................................17

18 U.S.C. § 1962(d) ..............................................................................................13, 16, 17

18 U.S.C. § 1965 ........................................................................................................10, 12

28 U.S.C. § 1391(b) ..........................................................................................................13

Federal Arbitration Act, 9 U.S.C. §§1-14 ......................................................................21

**Other Authorities**

Fed. R. Civ. P. 9(b) ...........................................................................................................14

Fed. R. Civ. P. 12 ................................................................................................6, 12, 19

N.Y. CPLR § 302 .........................................................................................................9, 10

Defendants Tenet Healthcare Corp. ("Tenet"), Valley Baptist Realty Company, LLC ("VBRC") and VHS Harlingen Hospital Company, LLC ("VHS," and together with Tenet and VBRC, "Valley Baptist Defendants"), file this Consolidated Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaints[1] in the above-captioned actions in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (5) and (6).

## PRELIMINARY STATEMENT

This action arises out of *pro se* plaintiff Daniel De Oliveira, M.D.'s ("Plaintiff") dissatisfaction with the outcome of two breach of contract actions brought against him—namely (1) VHS's claim against Plaintiff for breach of a relocation agreement, and (2) VBRC's claim against Plaintiff for breach of a lease agreement. These actions were originally commenced in Texas state court; Tenet was not a party and is merely the parent company of VHS and VBRC. The suits were consolidated and were subsequently referred to arbitration with Plaintiff's express consent. Plaintiff then reversed course, refusing to arbitrate and filing a deluge of meritless litigation to enjoin the arbitration—including against the Valley Baptist Defendants, judges and their clerks (including, most recently, the Court's clerk in this action), JAMS, his own counsel, and the IRS for good measure—totaling at least 23 lawsuits, petitions and appeals filed across Texas, New York, and the District of Columbia. (Thorne Decl. ¶5).

Having been sanctioned in Texas for his frivolous litigation conduct, Plaintiff now tries his luck in New York. Plaintiff's Complaints should be dismissed because the Valley Baptist Defendants are Texas-based companies not subject to personal jurisdiction in New York, venue is

---

[1] "Complaints" refers collectively to the complaints originally filed by Plaintiff under Case Nos. 1:25-cv-01683 (the "RICO Complaint"), 1:25-cv-01753 (the "VBRC Complaint") and 1:25-cv-01754 (the "VHS Complaint"). If Plaintiff's purported First Amended Complaint in Case No. 1:25-cv-01683 (the "FAC") is accepted by this Court, the Valley Baptist Defendants respectfully request that this Motion be applied to the FAC. The Complaints and their respective Exhibits are cited by reference to their PDF page numbers, as they lack sequential page numbering.

improper in this District, there are parallel Texas litigations which require this Court's abstention, service of the VBRC Complaint was insufficient as to Tenet, and Plaintiff fails to state a claim on which relief can be granted.

## **BACKGROUND**

The following supplemental recitation of relevant factual and procedural background is based upon the Complaints and exhibits thereto, and upon the accompanying Declaration of Sharilee Smith (the "Smith Decl."), Declaration of Michael Cline as President of VHS (the "Cline-VHS Decl."), Declaration of Michael Cline as President of VBRC (the "Cline-VBRC Decl.") and Declaration of Leslie C. Thorne (the "Thorne Decl.").

### A.    Procedural History.

The Valley Baptist Defendants join in the recitation of factual and procedural background set forth in Defendant JAMS, Inc.'s ("JAMS") motion to dismiss (Doc. No. 159 at 1-6), which is incorporated as if set forth fully herein.  (Thorne Decl. Ex. A).  In addition, several other parallel actions brought by Plaintiff against the Valley Baptist Defendants are pending before other courts, which were commenced prior to the instant Complaints and involve the same subject matter as the Complaints—including the following:

On September 6, 2024, Plaintiff filed a Petition for Determination of Contract Breach against VHS in Harris County, Texas (2024-60612), seeking a declaratory judgment as to whether VHS breached its relocation agreement with Plaintiff on the same grounds alleged in the Complaints.  (RICO Compl. Ex. 5 at 28).  The court's transfer of that action to Cameron County, Texas (2024-CCL-00924), and related rulings in that action, are among the occurrences Plaintiff complains of here.

On September 23, 2024, Plaintiff filed an Original Petition for Declaratory Judgment Non-Party of a Contract in Dallas County, Texas (DC-24-17325), seeking a declaratory judgment as to

whether Plaintiff is a party to the underlying lease agreement with VBRC on the same grounds alleged in the Complaints.  (RICO Compl. Ex. 4 at 40).  Again, the court's transfer of that action to Cameron County (2018-CCL-01401), and related rulings in that action, are among the occurrences Plaintiff complains of here.

On February 18, 2025, Plaintiff filed (but has not yet served, to the Valley Baptist Defendants' knowledge) a near-identical RICO complaint in the U.S. District Court for the District of Columbia (1:25-cv-00572-ACR).  (Thorne Decl. Ex. B).  This D.C. RICO complaint names identical defendants – including Tenet, JAMS, members of the Texas judiciary, and the Texas Attorney General – and arises from identical factual allegations. *Id*.

### B.    The RICO Complaint.

On February 22, 2025 – four days after filing an identical RICO action in D.C. – Plaintiff filed the RICO Complaint in this District.  The RICO Complaint appears to identify two underlying grievances.  *First*, Plaintiff alleges that Tenet (in reality, VHS) commenced a lawsuit in Texas, despite the existence of an arbitration clause in the relocation agreement.  (RICO Compl. at 2, Ex. 1 at 9; *see also* VHS Compl. at 5).  VHS' lawsuit sought damages of $448,451.61 for Plaintiff's breach of a relocation agreement.  (RICO Compl. Ex. 1 at 12).  Plaintiff fails to acknowledge that VHS subsequently agreed to arbitrate the dispute, to which Plaintiff repeatedly assented.  (RICO Compl. Ex. 3 at 96-102, 156).  *Second*, Plaintiff alleges that Tenet (in reality, VBRC) (i) commenced arbitration on a lease agreement that contained no arbitration clause, and (ii) misrepresented that Plaintiff was the signatory to the lease agreement, when in fact his entity was. (RICO Compl. at 2; *see also* VBRC Compl. at 1-2).  In reality, VBRC commenced that action in court, seeking only $28,134.24 in damages, and Plaintiff expressly assented to its referral to arbitration.  (RICO Compl. Ex. 2 at 11, Ex. 3 at 96-102, 156).  And VBRC's petition clearly disclosed that the lease was executed by Plaintiff on behalf of his PLLC (it even attached the lease)

and stated that Plaintiff was named under an alter-ego theory. (RICO Compl. Ex. 2 at 11-12, 14, 17-37; *see also* VBRC Compl. Ex. B at 24, 26, 30-49).

Plaintiff alleges that the consolidation of the two cases in Texas "compound[ed] the fraud," and also alleges various other arguments as to why the underlying claims supposedly lacked merit, including that the Valley Baptist Defendants engaged in unspecified collusion with courts and counsel, thereby denying him due process. (RICO Compl. at 2-3).

Based on these allegations, Plaintiff alleges the existence of a RICO conspiracy among Tenet and the other named Defendants—including JAMS, members of the Texas judiciary, the Texas Attorney General, and Plaintiff's own former counsel—and charges Tenet with RICO violations based on the predicate acts of mail and wire fraud, obstruction of justice, conspiracy to violate civil rights, judicial collusion and corrupt influence, and unlawful debt collection. (RICO Compl. at 18-29, 33). Plaintiff seeks, *inter alia*: $500 million in "compensatory, emotional and punitive damages," an additional $5 billion in punitive damages, a declaration that both JAMS and the Cameron County, a declaration that Texas courts lack jurisdiction over him, an injunction of the arbitration, and imposition of sanctions. (RICO Compl. at 54-56).

Plaintiff purports to have served the RICO Complaint and Summons upon Tenet by hand on March 17, 2025. (Doc. No. 30).[2]

### C.    The First Amended RICO Complaint Is Devoid of Substance and Cannot Be Independently Maintained.

On May 27, 2025—more than 21 days after Plaintiff purportedly served the RICO Complaint upon Tenet, and before Tenet's responsive motion had been filed—Plaintiff filed a purported First Amended Complaint "as of right under Rule 15(a)(1)(B)." (Doc. No. 251). The

---

[2] Plaintiff also purports to have served the RICO Complaint and Summons upon VHS and VBRC, despite that they are not named defendants in the RICO Complaint. (Doc. Nos. 151, 166).

FAC does not restate or incorporate the allegations set forth in the original RICO Complaint; it merely lists a series of parties that it purports to add to the litigation, including Tenet's CEO and Chairman, Saum Sutaria, M.D., and Tenet's Chief Legal Officer and General Counsel, Tom Arnst.[3]

If the FAC has superseded the original RICO Complaint as the operative pleading in that action, it lacks sufficient allegations to maintain a cause of action. It is devoid of allegations against the Valley Baptist Defendants or any of the other Defendants named in the original RICO Complaint—among other things, it fails to articulate the existence and nature of any supposed RICO enterprise, fails to identify any predicate acts by the Valley Baptist Defendants, fails to allege any basis for jurisdiction and venue, and does not appear to allege any injury or request any form of relief. (Doc. No. 251).

### D. The VBRC Complaint (Case No. 1:25-CV-01753-VSB-GS) and VHS Complaint (Case No. 1:25-CV-01754-VSB-GS).

The VBRC Complaint and VHS Complaint reiterate the same underlying grievances alleged in the RICO Complaint.

The VHS Complaint asserts claims against VHS and Tenet for breach of contract, violations of the Federal Arbitration Act, fraud upon the court, obstruction of justice, and legal harassment. (VHS Compl. at 4-5). Plaintiff seeks $250 million in damages and punitive damages. (VHS Compl. at 5).

The VBRC Complaint asserts claims against VBRC and Tenet for violation of Fifth Amendment due process, fraud and misrepresentation, intentional infliction of emotional distress,

---

[3] Plaintiff previously moved to add several parties to the original RICO Complaint (Doc. Nos. 125, 127, 139), but in light of Plaintiff's "barrage of motions and other filings," the Court issued a stay of all motions and proceedings pending the determination of Defendants' motions to dismiss. (Doc. No. 146). The FAC purports to add parties in an apparent end-run around the Court's stay.

and abuse of process.  (VBRC Compl. at 4-6).  Plaintiff seeks $250 million in compensatory and punitive damages, a declaration that Texas courts lacked jurisdiction over him and that he is not individually a party to the loan agreement, an injunction of further litigation relating to the lease, and attorney's fees.  (VBRC Compl. at 7).

Plaintiff purports to have served the VBRC Complaint and Summons upon VBRC by hand on May 21, 2025 (Doc. No. 280)[4], but has not adduced proof of service of the VBRC Complaint upon Tenet (nor is Tenet aware of any).  Plaintiff purports to have served the VHS Complaint and Summons upon Tenet by hand on March 17, 2025, and upon VHS by hand on May 19, 2025. (Doc. Nos. 96, 214, 233, 234).[5]

### E.    The Valley Baptist Defendants Lack Ties to New York.

The Valley Baptist Defendants are based in Texas.  (VBRC Compl. at 2; VHS Compl. at 6; Smith Decl. ¶2; Cline-VHS Decl. ¶2; Cline-VBRC Decl. ¶2).    They are not registered to do business in New York, do not have offices or operations in New York, own no real property in New York, and have no registered agent in New York.  (Smith Decl. ¶¶5-9; Cline-VHS Decl. ¶¶5-7; Cline-VBRC Decl. ¶¶5-7).

Tenet is a Nevada healthcare services corporation with its principal place of business in Texas.  (Smith Decl. ¶2).  Tenet has operations in multiple states within the United States (RICO Compl. at 6) but does not operate in New York (Smith Decl. ¶¶5-9).  Although Plaintiff speculates that Tenet has unspecified "business dealings" that somehow "extend into New York" (RICO Compl. at 7) and that Tenet has unspecified "contractual dealings, insurance agreements, and potential medical operations" that somehow "impact New York residents" (VHS Compl. at 7),

---

[4] To Valley Baptist Defendants' knowledge, Plaintiff made one prior attempt to serve Tenet, by mail, postmarked 3/3/25 and delivered 3/10/25, which does not comport with Fed. R. Civ. P. 12(b)(5).  (Thorne Decl. at ¶6).
[5] To Valley Baptist Defendants' knowledge, Plaintiff made one prior attempt to serve VHS, by mail, postmarked 3/2/25 and delivered 3/3/25, which does not comport with Fed. R. Civ. P. 12(b)(5).  (Thorne Decl. at ¶7).

Plaintiff offers no factual basis for these bare allegations—nor could he.  (Smith Decl. ¶¶5-12).

Plaintiff's sole allegation of New York contact is Tenet's listing on the New York Stock Exchange.

(RICO Compl. at 3).

      As for VHS and VBRC, Plaintiff does not so much as attempt to articulate any connection

to New York, nor could he.  (Cline-VHS Decl. ¶¶5-10; Cline-VBRC Decl. ¶¶5-10).  VBRC and

VHS are both Delaware LLCs with their principal places of business in Texas.  (Cline-VHS Decl.

¶2; Cline-VBRC Decl. ¶2).  VHS operates a hospital (its principal place of business) in the Rio

Grande Valley, Texas (Cline-VHS Decl. ¶4), and VBRC is a realty company in the Rio Grande

Valley, Texas (Cline-VBRC Decl. ¶4).

      All of the witnesses the Valley Baptist Defendants presently anticipate calling at trial work

and live in Texas.  (Smith Decl. ¶14; Cline-VHS Decl. ¶12; Cline-VBRC Decl. ¶12).  The evidence

and documents the Valley Baptist Defendants intend to rely on at trial, such as electronic and

physical documents related to the litigations and arbitration at issue, are expected to be located in

or managed electronically from their Texas offices, and/or are in the possession of Texas courts

and JAMS' Texas offices.  (Smith Decl. ¶14; Cline-VHS Decl. ¶12; Cline-VBRC Decl. ¶12).

Valley Baptist Defendants' witnesses would be required to take time off work and/or school to

travel to New York for the trial, and Valley Baptist Defendants would incur substantial costs

related to travel and lodging.  (Smith Decl. ¶14; Cline-VHS Decl. ¶12; Cline-VBRC Decl. ¶12).

      Plaintiff currently resides in New York (RICO Compl. at 6; VBRC Compl. at 3; VHS

Compl. at 6-7) but resided in Texas when the events giving rise to VBRC and VHS' actions against

him occurred.  (RICO Compl. Ex. 3-1 at 44, 53).

## **ARGUMENT**

      Plaintiff's meritless Complaints should be dismissed for myriad reasons.  The Valley

Baptist Defendants are Texas-based companies not subject to general or specific personal

jurisdiction in New York, venue is improper in this District, there are parallel Texas litigations which require this Court's abstention, service of the VBRC Complaint was insufficient as to Tenet, and Plaintiff fails to state a claim on which relief can be granted.

## I.   The Valley Baptist Defendants Are Not Subject to Personal Jurisdiction In New York.

Plaintiff's Complaints should be dismissed because Plaintiff fails to meet his burden of establishing that (1) the Court has either "specific" or "general" jurisdiction over the Valley Baptist Defendants and (2) that the exercise of personal jurisdiction over the Valley Baptist Defendants comports with due process. *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014). Specific jurisdiction requires an affiliation between the forum and the underlying controversy, whereas general jurisdiction exists only when the defendant's affiliations with the forum are so "continuous and systematic" that it is "essentially at home[.]" *Id.* at 225 (citations omitted). A corporation is "at home" at "[its] place of incorporation and [its] principal place of business." *Id.* Plaintiff does not even remotely satisfy these requirements.

### A.   The Valley Baptist Defendants Are Not "At Home" In New York.

This court lacks general jurisdiction over the Valley Baptist Defendants because they are not "at home" in New York. As Plaintiff acknowledges, the Valley Baptist Defendants are "based in Texas," not New York. (VBRC Compl. at 2; VHS Compl. at 6; Smith Decl. ¶2; Cline-VHS Decl. ¶2; Cline-VBRC Decl. ¶2). Nor is New York their place of incorporation—Tenet is a Nevada corporation, while VHS and VBRC are Delaware LLCs. (Smith Decl. ¶2; Cline-VHS Decl. ¶2; Cline-VBRC Decl. ¶2). The Valley Baptist Defendants are thus not "at home" in New York. Indeed Plaintiff does not allege that VHS or VBRC have *any* contacts with New York. As for Tenet, Plaintiff's bare allegations that Tenet "operates nationally" and has unspecified "business dealings" or "contractual dealings" that somehow "extend into New York" or "impact New York residents" (RICO Compl. at 6-7; VHS Complaint at 7) come nowhere close to

"systematic and continuous" contacts. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413-14 (2017) (a corporation is only subject to general jurisdiction outside its place of incorporation and principal place of business in "exceptional" cases; 2,000 miles of track and 2,000 employees in Montana did not render BNSF at home there, because "[a] corporation that operates in many places can scarcely be deemed at home in all of them.") (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). Likewise, Tenet's mere listing on the New York Stock Exchange (VBRC Compl. at 3) is not a "systematic and continuous" contact with New York. *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 97 (2d Cir. 2000). Accordingly, the Valley Baptist Defendants are not subject to general jurisdiction in New York.

**B.    Plaintiff's Claims Do Not Arise from Any Alleged Contacts With New York.**

Plaintiff likewise fails to identify any basis for specific jurisdiction under CPLR § 302, because none of the events he complains of are alleged to "arise from" events in New York. *See Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 798, 801 (S.D.N.Y. 2015). Plaintiff's own Complaints make clear that the complained-of lawsuits and arbitration took place in Texas (Complaints, *passim*). Plaintiff offers zero connection between VBRC or VHS and New York; and even if the Court were to credit Plaintiff's bare allegations regarding Tenet, Plaintiff fails to articulate any nexus between New York and Tenet's listing on NYSE or supposed "dealings" in New York.

Likewise, Plaintiff's current residence in New York cannot establish specific jurisdiction, because the underlying allegations have nothing to do with his residence in New York, and an injury "does not occur within the state simply because the plaintiff is a resident." *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2d Cir. 1990); *see also Bramwell v. Tucker*, 107 A.D.2d 731, 732-33, 484 N.Y.S.2d 92 (2d Dep't 1985) ("mere residence or domicile in New York of an injured plaintiff does not constitute injury within the state … under CPLR 302(a)(3) where the injury

occurred elsewhere[;]" "to hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend against actions … in the state of New York.").

### C.    RICO Does Not Confer Jurisdiction Over Tenet, Because No Defendants Reside in This District and The Ends of Justice Do Not So Require.

Contrary to Plaintiff's assertions, 18 U.S.C. § 1965 does not confer personal jurisdiction over Tenet in the RICO action, because (1) Plaintiff has not demonstrated that any of the other Defendants "resides, has an agent, or transacts his or her affairs" within New York, and (2) the "ends of justice" do not require the exercise of personal jurisdiction over Tenet.

> § 1965 does not provide for nationwide personal jurisdiction over every defendant in every civil RICO case, no matter where the defendant is found. First, § 1965(a) grants personal jurisdiction over an initial defendant in…the district in which that person resides, has an agent, or transacts his or her affairs. In other words, *a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established as to at least one defendant.*
>
> Second, § 1965(b) *provides for nationwide service and jurisdiction over "other parties" not residing in the district*… This jurisdiction is not automatic but *requires a showing that the "ends of justice" so require*. This is an unsurprising limitation. … the first preference, as set forth in § 1965(a), is to bring the action where suits are normally expected to be brought. …

*PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 71–72 (2d Cir. 1998) (emphasis added).

Plaintiff fails to demonstrate that *any* of the other Defendants in this case reside, have an agent in, or transact business in New York.  This defeats RICO jurisdiction in and of itself.

Even if there was personal jurisdiction over at least one defendant, the ends of justice certainly would not be well-served by hailing Tenet into court in New York based on a vexatious Plaintiff's specious RICO claims, which fail to allege any "nationwide conspiracy" that would

justify this Court's exercise of nationwide personal jurisdiction.  *See Butcher's Union Loc. No. 498, United Food & Com. Workers v. SDC Inv., Inc*., 788 F.2d 535, 539 (9th Cir. 1986) ("Congress intended the 'ends of justice' provision to enable plaintiffs to bring all members of a *nationwide RICO conspiracy* before a court in a single trial"; nationwide jurisdiction not warranted absent a nationwide conspiracy) (emphasis added); *Rudersdal, EEOD v. Harris*, No. 1:18-CV-11072-GHW, 2020 WL 5836517, at *8 (S.D.N.Y. Sept. 30, 2020) (quoting *Butcher's Union*).

### D.    Exercising Personal Jurisdiction Over the Valley Baptist Defendants In New York Would Violate Due Process.

Even if personal jurisdiction could be exercised under the New York long-arm statute or under RICO—which it cannot—the Complaint should nonetheless be dismissed for failure to satisfy due process.  *See Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Due process is only satisfied when (1) a defendant has sufficient "minimum contacts" with the forum *and* (2) exercising jurisdiction would comport with "traditional notions of fair play and substantial justice." *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 279 (2d Cir. 2024).

Plaintiff fails to show that the Valley Baptist Defendants have sufficient "minimum contacts" with New York for the same reasons discussed at length herein—he does not (and cannot) allege a "substantial connection" between New York and any conduct in the underlying Texas litigation and arbitration.  *Walden v. Fiore*, 571 U.S. 284 (2014) (to satisfy minimum contacts, a defendant's "suit-related conduct must create a substantial connection with the forum State.").

Even if minimum contacts existed, the exercise of jurisdiction over the Valley Baptist Defendants would not comport with traditional notions of fair play and substantial justice, which require that jurisdiction be reasonable under the circumstances.  *Zembrka*, 118 F.4th at 279. Plaintiff does not even attempt to explain how personal jurisdiction in New York would be

reasonable, nor could he—particularly given the burden it would impose upon the Texas-based Valley Baptist Defendants (Smith Decl. ¶14; Cline-VHS Decl. ¶12; Cline-VBRC Decl. ¶12), Texas' interest in adjudicating claims relating to its judicial system, the absence of any countervailing New York State interest in adjudicating the dispute, and the fact that Plaintiff's meritless claims do not entitle him to any relief in New York that would not otherwise be available to him in Texas. *See, id*.

Because neither consideration is met, subjecting the Valley Baptist Defendants to personal jurisdiction in New York would violate due process.

## II.    <u>Venue Is Improper in This District.</u>

The Complaints should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because they fail to establish venue is proper in this District.  Contrary to the RICO Complaint's assertions (RICO Compl. at 7), venue is not proper pursuant to 18 U.S.C. § 1965, which provides that a RICO action may be brought in "any district in which [the defendant] resides, is found, has an agent, or transacts his affairs."  As noted previously, Plaintiff does not (and cannot) allege that Tenet resides in New York or has an agent in New York; indeed Plaintiff acknowledges that Tenet is based in Texas.  (VBRC Compl. at 2; VHS Compl. at 6).    Nor can Plaintiff demonstrate that Tenet "transact[s] [its] affairs" in New York.  Transacting affairs means "transact[ing] business" which "must be substantial in character, so that there is 'some amount of business continuity and certainly more than a few isolated and peripheral contacts with the particular judicial district.'"  *Pincione v. D'Alfonso*, 506 F. App'x 22, 24 (2d Cir. 2012).  Tenet's listing on the New York Stock Exchange is not "substantial in character," it is merely an "isolated and peripheral" contact with New York. (VBRC Compl. at 3; VHS Compl. at 7).  Much less can Plaintiff establish substantial transaction of business based on vague speculation that Tenet has unspecified "business dealings" that somehow "extend into New York" or potentially "impact New York residents."  (RICO Compl. at

6-7; VHS Compl. at 7).  Nor could he, given that Tenet is not registered in New York and does not operate in New York.  (Smith Decl. ¶7).

As for the VHS Complaint and VBRC Complaint, contrary to Plaintiff's assertions (*see* VBRC Compl. at 2-3; VHS Compl. at 6), venue is not proper pursuant to 28 U.S.C. § 1391(b)(2) because (i) the Valley Baptist Defendants do not "reside" in this District (*see* Section I.A, *supra*), (ii) Plaintiff fails to plead a "substantial" part of the events giving rise to this action occurred in this District, and (iii) there is another district—the Southern District of Texas—where this action could have been brought.  28 U.S.C. § 1391(b).  Plaintiff's own residence in New York is irrelevant. *See Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005) (courts focus on the relevant activities of the defendant, not the plaintiff, under § 1391(b)(2)). Accordingly, Plaintiff fails to establish that any part of the events or omissions giving rise to his claims—much less a substantial part—occurred in New York.

## III.    The RICO Complaint Fails to State a RICO Claim.

To state a RICO claim under 18 U.S.C. §§ 1962(b) or (c), a plaintiff must show "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983).  To state a RICO claim under 18 U.S.C. §§ 1962(d), a plaintiff must demonstrate that the defendant "conspire[d]" to engage in the foregoing acts.  Plaintiff here fails to adequately plead any predicate acts (let alone "two or more"), fails to plead a "pattern of racketeering activity," fails to plead the existence of an "enterprise," and fails to plead any conspiracy.  Plaintiff's RICO Complaint is therefore not well-pled and should be "flush[ed] out" at this "early stage of the litigation." *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).

**A.      Plaintiff Fails to Allege Any Viable RICO Predicate Acts by Tenet.**

**1.      Plaintiff Fails to Plead Mail Fraud or Wire Fraud.**

The first predicate act alleged as to Tenet is for mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343.  "'The elements of mail or wire fraud are (i) a scheme to defraud (ii) to get money or property (iii) furthered by the use of interstate mail or wires.'" *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018) (citation omitted).  To adequately allege a "scheme to defraud," which "is 'a plan to deprive a person of something of value by trick, deceit, chicane or overreaching' . . . a plaintiff must provide proof of a material misrepresentation." *Id*. (quotations omitted).  These elements must be pled with particularity under Rule 9(b), meaning that Plaintiff must "detail the specific statements that are false or fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id*.

As an initial matter, Plaintiff cannot maintain a mail and wire fraud claim based upon allegations that Tenet submitted misleading filings in the Texas litigations—"Allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018).

In any event, Plaintiff fails to plead that Tenet used the mail or wires in furtherance of a scheme to defraud, as required under Rule 9(b).  Plaintiff relies upon wholly conclusory assertions that Tenet "engaged in a pattern of fraudulent legal action" (RICO Compl. at 34) by "omitting the arbitration clause in the contract in one lawsuit" and "misrepresent[ing] the signatory of the contract in the other lawsuit" (RICO Compl. at 2).  These allegations fail to allege that Tenet acted with fraudulent intent, fail to specify the allegedly false or misleading statements by Tenet, and fail to identify the date, location or speaker of any supposedly-fraudulent statements by Tenet.  These allegations are not only vague and conclusory; they are belied by the public court records attached to Plaintiff's own pleadings.  This documentary evidence demonstrates that Tenet had no

14

involvement in the underlying events whatsoever—the complained-of litigation and arbitration were brought only by VBRC and VHS, who are not defendants in the RICO action. (RICO Compl. Ex. 1-1 at 9, Ex. 2-1 at 11). Even if the conduct of VBRC and VHS could somehow be attributed to Tenet, the documentary evidence reflects that there was no misrepresentation of whether Plaintiff was a signatory—the underlying contract was attached to the complained-of pleading. (RICO Compl. Ex. 2-1 at 17-37). Plaintiff offers nothing to suggest that the alleged omission of an arbitration clause was intentional as opposed to a mere oversight; indeed, the documentary evidence reflects that the parties subsequently jointly agreed to arbitrate. (RICO Compl. Ex. 3-1 at 96-102, 156).

### 2.    Plaintiff Fails to Plead Obstruction of Justice.

Plaintiff also alleges as to Tenet the predicate act of obstruction of justice in violation of 18 U.S.C. § 1503. A violation of this provision requires, on its face, misconduct in a U.S. federal court. *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 708 (2d Cir. 1990) (based upon "congressional intent to limit RICO's obstruction of justice to federal court proceedings," plaintiff's obstruction of justice claim "had no chance" because alleged obstructions were all made in state courts). Plaintiff only alleges purported misconduct in Texas state court and arbitration.

Additionally, as noted above, Plaintiff fails to establish that Tenet was a party to, or otherwise involved in, any of the litigation or arbitration at issue. (RICO Compl. Ex. 1-1 at 9, Ex. 2-1 at 11).

### 3.    Plaintiff Fails to Plead Conspiracy to Violate Civil Rights.

Plaintiff further asserts that Tenet engaged in the predicate act of conspiracy to violate his Fifth Amendment rights, in violation to 18 U.S.C. § 241. To plead conspiracy to violate civil rights under this statute, a plaintiff must allege "1) that two or more persons entered into the conspiracy; 2) …to injure, oppress, threaten or intimidate an inhabitant of a State in the free

15

exercise or enjoyment of [his or her free exercise of a constitutional civil right]; 3) that the conspirators acted under color of law in the course of the conspiracy; 4) that the defendant knowingly became a member of the conspiracy; and 5) that the defendant acted willfully." *United States v. Occhipinti*, 772 F. Supp. 170, 172–73 (S.D.N.Y. 1991).

Plaintiff fails to allege a "conspiracy"—the very core of this offense—because he does not plausibly allege an "agreement" among two or more of the Defendants in this action to deprive Plaintiff of his Fifth Amendment rights. Much less does Plaintiff allege that any of the Defendants agreed to "injure, oppress, threaten or intimidate" Plaintiff in order to deprive him of his rights, or that Tenet did so "knowingly" and "willingly." Plaintiff thus fails to plausibly allege the first, second, fourth and fifth elements.

Plaintiff also fails to allege that Tenet "acted under color of law in the course of the conspiracy[,]" as required under the fourth element. *Id.* Private actors cannot act under color of law unless they are "performing a public function[,]" i.e. where an "exclusive…function of the State has been contracted out to a private entity." *United States v. DeFilippo*, 685 F. Supp. 3d 129, 141 (D. Conn. 2023) (quoting *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014)). Plaintiff does not, and cannot, allege that Tenet was performing a public function in connection with the underlying events alleged—indeed Tenet was not party to the underlying litigation or arbitration (RICO Compl. Ex. 1-1 at 9, Ex. 2-1 at 11), and there is no allegation that it or its subsidiaries acted in anything other than their capacity as private corporate litigants.

### 4.    RICO Violations Under 18 U.S.C. §§ 1962(B) and (D) are Not Predicate Acts, and in any Event, Are Not Adequately Pled.

Plaintiff offers "unlawful debt collection through judicial extortion" under 18 U.S.C. § 1962(b) and "judicial collusion and corrupt influence" under 18 U.S.C. § 1962(d) as additional

predicate acts—but those are not predicate acts, they are independent RICO claims. §1962(c) requires employment or association with a RICO enterprise, whereas §1962(b) requires control of or interest in a RICO enterprise, and §1962(d) requires conspiracy to engage in a RICO enterprise. Since Plaintiff's substantive RICO claim pursuant to 18 U.S.C. §§ 1962(c) fails, his additional claims for control of a RICO enterprise and conspiracy to violate RICO pursuant to 18 U.S.C. §§ 1962(b) and (d) necessarily fail. *Nat'l Grp. for Commc'ns and Comput. Ltd. v. Lucent Techs. Inc*., 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006) ("Case law in this Circuit confirms that a 1962(d) conspiracy claim must be dismissed where the substantive RICO claim is deficient."). Moreover, Plaintiff fails to allege the "core of a RICO civil conspiracy" because he does not allege "an agreement to commit predicate acts" among the various defendants. *Hecht v. Com. Clearing House, Inc*., 897 F.2d 21, 25 (2d Cir. 1990).

In any event, Plaintiff's allegation that Tenet engaged in "collusion" is wholly unsupported and cannot form the basis for a claim under §1962(d). A RICO conspiracy claim requires the plaintiff to plead that the defendant "knowingly agreed to facilitate a racketeering scheme involving, or intended to involve, the same substantive crimes [i.e. predicate offenses]." *United States v. Zemlyansky*, 908 F.3d 1, 10 (2d Cir. 2018). Plaintiff fails to articulate any such agreement or cooperation between Tenet and any other Defendant(s) in the RICO action—the mere filing of legal documents in a lawsuit or arbitration does not support such an inference.

### B.    Plaintiff Fails to Allege a Pattern of Racketeering Activity.

Even if the RICO Complaint had alleged two or more predicate acts—which it has not—its failure to allege a pattern of racketeering activity would nonetheless warrant dismissal. Indeed, Plaintiff does not (and cannot) allege a "pattern of racketeering activity," defined as "at least two predicate acts of racketeering activity committed in a ten-year period, which amount to or pose a

threat of continued criminal activity." *First Cap. Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir. 2004) (citations, brackets, and quotation marks omitted).

To satisfy the continuity requirement, "a plaintiff in a RICO action must allege either an open-ended pattern of racketeering activity (i.e., past criminal conduct coupled with a threat of future criminal conduct) or a closed-ended pattern of racketeering activity (i.e., past criminal conduct extending over a substantial period of time)." *Id.* at 180. Plaintiff alleges neither. Plaintiff cannot show closed-ended continuity, because a number of relevant factors—including "the number and variety of predicate acts, the number of both participants and victims, and the presence of separate schemes"—"cut[] against a finding of closed-ended continuity in this case." *Id.* at 181-82 (no closed-ended continuity when, "[a]t bottom, Plaintiffs have alleged that [defendant] engaged in a single scheme" involving only two victims). Here, Plaintiff only alleges a single purported "scheme," with a single victim.

To satisfy open-ended continuity, Plaintiff must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed. *Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 242 (2d Cir. 1999). "[W]here the enterprise primarily conducts a legitimate business, there must be some evidence from which it may be inferred that the predicate acts were the regular way of operating that business, or that the nature of the predicate acts themselves implies a threat of continued criminal activity." *Id.* at 243. Here, there is zero allegation to raise an inference that the alleged predicate acts were the regular way Tenet operates its business. And the nature of the predicate acts alleged are such that there can be no threat of ongoing criminal activity, since the conduct of filing and participating in the complained-of litigation and arbitration are "inherently terminable" once those proceedings end. *First Cap.*, 385 F.3d at 180 (citation omitted). Moreover, the purported mail fraud, wire fraud,

and/or obstruction of justice appear to be complete, as Plaintiff only complains of Tenet's (in reality, VHS and VBRC) litigation conduct in the underlying Texas state court actions against Plaintiff, which were subsequently stayed and referred to arbitration. (RICO Compl. Ex. 3-1 at 156).

### C.    Plaintiff Fails to Allege a RICO Enterprise.

Plaintiff also fails to allege the existence of an ongoing organization, based upon evidence that the organization's associates "function as a continuing unit'" for "a common purpose of engaging in a course of conduct.'" *First Cap.*, 385 F.3d at 173 (citation omitted). Relevant evidence of an enterprise may include "solid information regarding the hierarchy, organization, and activities of th[e] alleged association-in-fact enterprise." *Id*. at 174 (quotation marks omitted). "The enterprise must be separate from the pattern of racketeering activity . . . and distinct from the person conducting the affairs of the enterprise." *Id*. at 173. Plaintiff makes no attempt to allege the existence of an enterprise (nor could he), much less does he "detail any course of fraudulent or illegal conduct separate and distinct from the alleged predicate racketeering acts themselves—a requirement in this Circuit." *Id*. at 174 (emphasis in original). Plaintiff's "'conclusory naming of a string of entities does not adequately allege an enterprise[,]'" *Id*. at 175 (citation omitted), because he fails to allege each participant's role, rank or activities in any supposed enterprise.

Plaintiff's RICO claims should therefore be dismissed for failure to establish the requisite two predicate acts, pattern of racketeering activity, and existence of an enterprise.

## IV.    <u>This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaints.</u>

"A suit brought in federal court is 'properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Tzumi Innovations LLC v. Regan*, 557 F. Supp. 3d 499, 505 (S.D.N.Y. 2021). The Valley

Baptist Defendants join in the First and Second points of law set forth in JAMS' motion to dismiss, which are incorporated by reference as if fully set forth herein, and further state as follows:

A.    **This Court Lacks Subject Matter Jurisdiction Under the *Colorado River* Doctrine.**

The existence of parallel Texas state court proceedings against the Valley Baptist Defendants warrants dismissal of the Complaints under the *Colorado River Doctrine* for substantially the same reasons articulated in the Second point of law JAMS' motion to dismiss. (Doc. No. 159 at 12-15).

Here, several parallel proceedings exist, including two that are pending in Texas state court: Plaintiff's suit against VBRC in Cameron County (2018-CCL-01401), and Plaintiff's suit against VHS in Cameron County, Texas (2024-CCL-00924). The Texas proceedings are essentially the same as those before this Court. *See Krondes v. Nationstar Mortg., LLC*, 17cv4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018). The Texas suit against VHS complains of VHS's commencement of a lawsuit in Texas, despite the existence of an arbitration clause in the relocation agreement. And the Texas suits against VBRC complain that VBRC commenced arbitration on a lease agreement that contained no arbitration clause, and (ii) misrepresented that Plaintiff was the signatory to the lease agreement, when in fact his entity was. The fact that the Complaints here also assert RICO and other federal claims does not change the fundamental identity of the cases. *Id*. at *3 (finding parallel proceedings even though federal action contained five additional federal claims including RICO); *Great South Bay Medical Care, P.C. v. Allstate Ins. Co*., 204 F. Supp. 2d 492, 497 (E.D.N.Y. 2002) (addition of RICO claim did not change factually identical nature of two cases). The relief being sought also overlaps to the extent Plaintiff is seeking declaratory relief—and the fact that declaratory relief is being sought places greater weight in favor of abstention. *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995).

The six factors considered under the *Colorado River* Doctrine weigh in favor of dismissal here, for substantially the same reasons articulated by JAMS.  (Doc. No. 159 at 14-15).

**B.      This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory and Injunctive Claims Under The *Younger* Abstention Doctrine.**

The existence of pending Texas state court civil litigation, which is "uniquely in furtherance of the state courts' ability to perform their judicial functions," warrants dismissal of the Complaints under the *Younger* abstention doctrine for substantially the same reasons articulated in the First point of law in JAMS' motion to dismiss.  (Doc. No. 159 at 10-12).

The *Younger* doctrine weighs in favor of dismissal here, for substantially the same reasons articulated by JAMS.  (Doc. No. 159 at 11-12).  In particular, Texas state courts have a relevant state interest in adjudicating disputes concerning arbitrability and jurisdiction.

**C.      Plaintiff Lacks Standing to Assert Claims for Breach of The FAA and Obstruction of Justice.**

"To establish Article III standing, a plaintiff must establish the following three elements as an "irreducible constitutional minimum": (1) injury-in-fact, meaning "an actual or imminent" and "concrete and particularized" harm to a "legally protected interest"; (2) causation of the injury, meaning that the injury is "fairly traceable" to the challenged action of the defendant; and (3) redressability, meaning that it must be "likely," not speculative, that a favorable decision by a court will redress the injury."  *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 517 (S.D.N.Y. 2017) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The VHS Complaint's claim against VHS and Tenet for violation of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1-14, is moot because it fails to identify any live case or controversy that is capable of redress.  *Gambles*, 234 F. Supp. 3d at 517; *Lujan*, 504 U.S. at 561.  Plaintiff seeks a declaration that that VHS and Tenet violated the FAA by filing a lawsuit relating to an agreement that contained an arbitration clause (VHS Compl. at 1-2, 9), but that action has already been

referred to arbitration with the consent of VHS and Plaintiff. No other or further relief is available under the FAA, which only operates to compel arbitration and enforce arbitral awards, and does not provide for other remedies. Accordingly, Plaintiff lacks standing to assert a claim for declarative relief under the FAA because there is no live case or controversy capable of redress by this Court.

The VHS Complaint's obstruction of justice claim against VHS and Tenet also fails, because "obstruction of justice is a criminal matter, [for which] there is no private cause of action." *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004). Plaintiff, a private non-governmental party, therefore lacks any "legally protected interest" under obstruction of justice laws. Accordingly, Plaintiff lacks standing to assert a claim for obstruction of justice against VHS and Tenet.

For all of the foregoing reasons, the Complaints should be dismissed in their entirety for lack of subject matter jurisdiction.

## V.    The VBRC Complaint and VHS Complaint Fail to State a Claim.

As an initial matter, Plaintiff fails to state a claim against Tenet under the VBRC Complaint or the VHS Complaint, because Plaintiff does not plausibly allege that Tenet engaged in any of the alleged conduct—Tenet was not party to the underlying contracts, was not party to the underlying litigation or arbitration, and is not alleged to be an alter-ego or otherwise liable for the conduct of VHS and/or VBRC. *See In re Chateaugay Corp.*, 139 B.R. 598, 603 (Bankr. S.D.N.Y. 1992) (signatory's corporate parent was not liable under contract because "the common situation in which one corporation owns all of the stock of another, the two corporations share common officers and directors, and they are intimately related in jointly transacting their business for mutual benefit, typically does not warrant holding that the two corporations are in legal effect but one corporate entity.").

In any event, the VBRC Complaint and VHS Complaint rely on vague and conclusory allegations that are wholly insufficient to state a claim against any of the Valley Baptist Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level"). Indeed, Plaintiff does not even attempt to demonstrate that any of the elements of his claims are satisfied.

### A.    The VHS Complaint Fails to State a Claim.

The VHS Complaint fails to adequately plead its claims against VHS and Tenet for breach of contract, fraud upon the court, obstruction of justice, and legal harassment.

Plaintiff fails to state a claim for breach of contract, which requires plausible allegations of "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir.1996)). Plaintiff makes no attempt to allege his compliance with the underlying relocation agreement, nor could he, given his failure to repay the $448,451.61 he owes to VHS under that agreement. (RICO Compl. Ex. 1 at 12). And Plaintiff's conclusory, blanket assertion of "$250 million in compensatory and punitive damages" is wholly inadequate to plausibly allege any amount or causation of damages flowing from the alleged breach.

Plaintiff also fails to allege fraud upon the court, which "occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *McMunn v. Mem'l Sloan-Kettering Cancer Ctr.*, 191 F.

Supp. 2d 440, 445 (S.D.N.Y. 2002) (quoting *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir.1989)).  Plaintiff asserts that VHS and Tenet "disregarded a valid arbitration agreement" but offers no facts to support an inference that they did so intentionally or as part of a scheme to improperly influence or interfere with the judicial system.

Plaintiff's claims for "legal harassment" and obstruction of justice do not identify any cognizable civil cause of action, much less does Plaintiff make any attempt to plead the elements of such claims, nor could he.  For that reason, Plaintiff's "legal harassment" and obstruction of justice claims fail.

Accordingly, the VHS Complaint should be dismissed for failure to state a claim upon which relief can be granted.

B.     **The VBRC Complaint Fails to State a Claim.**

The VHS Complaint fails to adequately plead its claims against VHS and Tenet for violation of Fifth Amendment due process, fraud and misrepresentation, intentional infliction of emotional distress, and abuse of process.

Plaintiff's Fifth Amendment due process claim fails because "Due process protections apply only to government action, and not to that of private parties."  *United States v. Int'l Bhd. of Teamsters*, 988 F. Supp. 759, 763 (S.D.N.Y. 1997), *aff'd sub nom. United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 156 F.3d 354 (2d Cir. 1998).  Plaintiff fails to plead that VBRC or Tenet is a "state actor" as required under this rule, nor could he.  *See, id*.

Plaintiff's fraud and misrepresentation claim also fails because Plaintiff fails to plead "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  *Pauwels v. Deloitte LLP*, 83 F.4th 171, 190 (2d Cir.

2023). Plaintiff does not so much as attempt to plead these elements, nor could he, given that the complained-of lawsuit explicitly disclosed that Plaintiff had executed the underlying contract on behalf of the entity signatory, and attached the contract itself.

Plaintiff similarly fails to plausibly allege the elements of intentional infliction of emotional distress, which are "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). Plaintiff fails to allege conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society]." *Id*. (quoting *Murphy v. American Home Products Corp*., 58 N.Y.2d 293, 303 (1983)).

Finally, Plaintiff fails to plead abuse of process, which requires a showing that a defendant "(1) employ[ed] regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse o[r] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Gonzalez v. United States*, No. 16-CV-1494(KAM), 2018 WL 1597384, at *14 (E.D.N.Y. Mar. 31, 2018). In particular, Plaintiff fails to allege that VBRC or Tenet intended to harm him, and Plaintiff cannot plausibly allege that VBRC's conduct was "outside the legitimate ends" of its claim seeking damages for breach of the lease Plaintiff had executed on behalf of his PLLC.

Accordingly, the VBRC Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted.

## VI.     <u>Tenet Was Not Properly Served With the VBRC Complaint.</u>

To date, Plaintiff has not filed proof of service of the VBRC Complaint upon Tenet. Accordingly, the VBRC Complaint also fails as to Tenet for lack of proper service.

<u>**CONCLUSION**</u>

For the above reasons, the Valley Baptist Defendants respectfully request that this Court dismiss the Complaints pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), (5) and (6).

Dated: June 30, 2025
New York, New York

Respectfully submitted,

HAYNES AND BOONE, LLP

By: */s/ Leslie C. Thorne*

Leslie C. Thorne
Amanda Laurel Gayer
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Tel: (212) 659- 7300
Fax: (212) 918-8989
Leslie.thorne@haynesboone.com
Amanda.gayer@haynesboone.com

*Attorneys for Defendants Tenet
Healthcare Corp. (s/h/a Tenet
Healthcare), Valley Baptist Realty
Company, LLC and VHS Harlingen
Hospital Company, LLC (s/h/a VHS
Harlingen Hospital Company, LLC
D.B.A. Valley Baptist Medical
Center-Harlingen – Tenet
Healthcare)*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION

 Pursuant to Local Rule 7.1(c), the undersigned certifies that this Memorandum of Law, excluding the caption, index, table of contents, table of authorities, signature blocks, and required certificates, consists of 8,506 words, which was determined using Microsoft Word's word count function.

*/s/ Leslie C. Thorne*

Leslie C. Thorne