# EXHIBIT B

# SERVICE    

**174230798**

*MAIL TO*



**Vache Sargsyan**
1001 East California Ave
Glendale, CA 91206

*SERVICE TO*

**SHERI FLAME, CHIEF COUNSEL**
**JAMS**
18881 Von Karman Ave 350
Irvine, CA 92612

 **DOCUMENTS**

SUMMONS; PETITION; NOTICE OF SERVICE OF REQUESTS FOR ADMISSION Pursuant to Rule 36 of the Federal Rules of Civil Procedure to Sheri Flam, JAMS Chief Legal Counsel; FIRST AMENDED COMPLAINT

**! SPECIAL HANDLING**

IF a case is SUB-SERVED or POSTED a copy of the summons and complaint must be mailed in an envelope marked Personal and Confidential with no return address to the defendant within ten days of service. DO NOT POST without recording confirmation of residency or having instruction on the app.

 **CUSTOMER RULES**

Do not attempt to contact the servee by phone.

---

CUSTOMER **Daniel De Oliveira <danieldeoliveira@me.com>**
REF **25-cv-01683 VSB**
COURT **US District Court, New York, Southern Division, Manhattan**
CASE# **25-cv-01683-VSB**
TITLE **Daniel De Oliveira, MD vs. TENET HEALTHCARE, ET AL**

**Need help?**
206-521-2967
abclegal.com



06/18/2025

RECEIVED

JUN 2 0 2025

CAUSE #  1:25-cv-01683-VSB

| | | |
|---|---|---|
| **DANIEL DE OLIVEIRA, MD** **PLAINTIFF** | § § § § | **IN THE UNITED STATES** |
| **V.** | § § | **SOUTHER DISTRICT** |
| **TENET HEALTHCARE, JAMS,** **TEXAS JUDICIARY, CHIEF** **JUSTICE NATHAN HECHT,** **ATTORNEY GENERAL** **KEN PAXTON** **DEFENDANTS** | § § § § § § | **OF NEW YORK** |

---

**FEDERAL RICO ORIGINAL PETITION (Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962)**

---

Friday, February 21, 2025

# COMPLAINT FOR VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. § 1962, AND OTHER CLAIMS

**HERE COMES** Dr. Daniel De Oliveira, MD, Plaintiff, who brings this action under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962**, against Defendants **Tenet Healthcare Corporation, JAMS, and the Texas Judiciary**, alleging a coordinated pattern of **fraudulent litigation, obstruction of justice, and abuse of arbitration** designed to deprive Plaintiff of his rights under both **state and federal law**.

# I. INTRODUCTION

This action arises from a **deliberate and systematic scheme** by **Tenet Healthcare Corporation** and its affiliates to **manipulate the judicial system** and **misuse private arbitration** to fabricate jurisdiction where none exists, in direct violation of **contractual agreements, established legal precedent, and federal arbitration laws**. This **pattern of misconduct**, facilitated through fraudulent litigation tactics and judicial collusion, constitutes a **racketeering enterprise** under **18 U.S.C. § 1962(c) and (d)**.

At the heart of this scheme is **Tenet Healthcare's refusal to honor arbitration agreement in 2019** while simultaneously pursuing **litigation in a court lacking jurisdiction**, thus violating **the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14. Perry Homes v. Cull, 258 S.W.3d 580 (Tex. 2008)** and **In re FirstMerit Bank, N.A., 52 S.W.3d 749 (Tex. 2001)** confirm that **courts lack jurisdiction over matters governed by valid arbitration clauses**. Despite these binding precedents, **Tenet Healthcare** not only filed **fraudulent claims in state court by omitting the arbitration clause in the contract in one lawsuit**, but it also **misrepresented the signatory of the contract in the other lawsuit**. Both were **consolidated under cause 2018-CCL-01401**, further compounding the fraud. Additionally, Tenet concealed material financial records, misrepresented jurisdictional facts, and **engaged in procedural obstruction to deny Plaintiff due**

**process**.. Both consolidated under cause 2018-CCL-01401,** but also concealed material financial records, misrepresented jurisdictional facts, and **engaged in procedural obstruction to deny Plaintiff due process**. According to the terms of the contract, no money is owed to Tenet Healthcare, as no actual payments were made to Daniel De Oliveira, MD.

JAMS, a private arbitration entity, facilitated and furthered this scheme by bending its own rules to favor **Tenet Healthcare**, agreeing to arbitrate a **2014 contract with an alleged breach in 2016**, despite the demand for arbitration not being made until **2024**, well beyond any applicable **statute of limitations**. Furthermore, **JAMS accepted an arbitration demand on a contract that lacked an arbitration clause** and to which Plaintiff was not even a party, demonstrating **clear fraud and procedural manipulation**. An arbitration company specializing in arbitration ignored the fact that **the very arbitration clause in the contract removed subject matter jurisdiction** from the court that ordered arbitration. To favor **Tenet Healthcare, JAMS violated the rules of arbitration**, disregarding both contractual limitations and legal time bars, and asserted jurisdiction where none existed. By bending its own rules, **JAMS enabled a fraudulent legal maneuver designed to harass Plaintiff rather than engage in legitimate dispute resolution**.

The **Texas Judiciary**, through specific state actors properly named in the **Parties** section of this lawsuit, **collaborated with Tenet Healthcare** by refusing to enforce jurisdictional limits, enabling continued litigation despite clear legal prohibitions. The **coordinated scheme** deprived the **Petitioner of his constitutional rights of due process**, systematically denying **clarification of jurisdiction**, using **procedural blockage at every level**, and employing **sanctions in a court without jurisdiction to intimidate** the **Petitioner**. Further, by **creating cases in Cameron Court at Law 1 out of nothing**, the judiciary knowingly deprived **Daniel De Oliveira, MD, of his due process** to favor **TENET HEALTHCARE** in its continued **legal harassment** by refusing to address **jurisdictional challenges** and issuing orders **without legal authority**.

This **coordinated fraud** between **Tenet Healthcare, JAMS, and judicial actors** is further evidenced by:

1. **Fraud upon the Court (18 U.S.C. § 1961)** – Tenet Healthcare and JAMS omitted critical contractual provisions, **deceptively leading courts to assume jurisdiction** where none existed. (Exhibit 1)

2. **Obstruction of Justice (18 U.S.C. § 1503)** – By **withholding material contract provisions**, **manufacturing jurisdictional claims**, and **using judicial influence to issue improper rulings**, Defendants **prevented fair adjudication** and trapped Plaintiff in a cycle of unlawful litigation.

3. **Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)** – Tenet Healthcare and JAMS **repeatedly filed fraudulent legal documents and transmitted false claims** across multiple jurisdictions to **sustain a legally baseless case**.

4. **Judicial Collusion and Extortion (18 U.S.C. § 1962(b))** – Defendants used the **court system as a tool of coercion**, forcing Plaintiff into an arbitration **waived under Perry Homes**, thereby exposing the courts' role as a **co-conspirator in this racketeering enterprise**.

This **RICO action** is filed to hold all **parties accountable** for their **coordinated role** in this fraudulent enterprise, seek **treble damages**, and obtain **injunctive relief** to prevent further **judicial and arbitration abuses** that violate fundamental **due process rights**.

By **knowingly filing lawsuits in bad faith in courts without jurisdiction**, **concealing key contractual obligations**, and **leveraging judicial bias** to perpetuate a fraudulent litigation process, **Tenet Healthcare, JAMS, and its legal representatives engaged in a pattern of racketeering activity**. The **only plausible explanation** for this sustained misconduct is the existence of **a corrupt enterprise designed to strip Plaintiff of his legal rights**, in clear violation of **RICO (18 U.S.C. § 1962(c) and (d))**.

## JURISDICTIONAL STATEMENT

**I. INTRODUCTION** Plaintiff, Daniel De Oliveira, MD, asserts that the United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961-1968. Given the nationwide scope of the alleged misconduct involving Tenet Healthcare Corporation and multiple judicial actors in Texas, the Southern District of New York serves as an appropriate venue based on the Plaintiff's residence and the federal interest in ensuring due process and judicial integrity.

## II. LEGAL BASIS FOR JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK

A. Federal Question Jurisdiction Under 28 U.S.C. § 1331, federal courts have jurisdiction over cases arising under federal law. The RICO Act provides a direct federal cause of action, thereby conferring jurisdiction.

B. Nationwide Service of Process Under RICO RICO's venue provision under 18 U.S.C. § 1965 permits nationwide jurisdiction over defendants when a sufficient nexus exists. Given that Tenet Healthcare Corporation operates nationally and engages in commerce that affects multiple states, venue in the Southern District of New York is proper.

C. Venue and Conspiracy Considerations Under 18 U.S.C. § 1965(a), a civil RICO action may be brought in any district where a defendant "resides, is found, has an agent, or transacts affairs." Given that Tenet Healthcare has business dealings that extend into New York and the broader national health system, this requirement is satisfied.

Additionally, 18 U.S.C. § 1965(b) allows nationwide jurisdiction when the ends of justice require it. Given the multi-state conspiracy involving corporate and judicial misconduct, and the Plaintiff's residence in the district, the Southern District of New York is the most appropriate forum.

## III. FACTUAL BASIS FOR JURISDICTION IN THE SOUTHERN DISTRICT OF NEW YORK A. Federal Oversight and Involvement New York serves as a financial and corporate hub, making it an appropriate venue to address:

1. The federal regulatory scrutiny of Tenet Healthcare, which interacts with agencies such as the U.S. Department of Health and Human Services (HHS) and the Centers for Medicare and Medicaid Services (CMS).

2. The federal interest in ensuring judicial integrity, particularly concerning Due Process Clause violations under the Fifth and Fourteenth Amendments.

B. Nexus to Federal Agencies and Policy Considerations The case involves systemic judicial misconduct in Texas courts, implicating due process violations.

Given the broader federal interest in corporate accountability and judicial ethics, venue in New York is justified.

C. Pattern of Conduct Affecting Multiple Jurisdictions

1. Venue Manipulation – The improper transfer of cases between Harris County, Cameron County, and Dallas courts designed to obstruct justice.

2. Collusion Between Corporate and Judicial Actors – Evidence suggests coordinated misconduct to protect Tenet Healthcare.

3. Constitutional Violations – The denial of due process implicates federal oversight, necessitating adjudication in a neutral federal forum.

## IV. PRECEDENT FOR FILING RICO CLAIMS IN THE SOUTHERN DISTRICT OF NEW YORK Federal courts in the Southern District of New York have jurisdiction over:

1. Corporate and Government Corruption – Cases involving large corporations and government entities are frequently litigated here.

2. Multi-State Conspiracies – New York has been upheld as a proper venue when misconduct spans multiple states.

3. Judicial Misconduct Cases – Given the constitutional implications, the Southern District of New York is uniquely suited to address systemic judicial failures.

V. CONCLUSION For the foregoing reasons, Plaintiff asserts that the Court has jurisdiction in the Southern District of New York under 18 U.S.C. § 1965, 28 U.S.C. § 1331, and federal precedent governing RICO claims.

## The Right of Jurisdiction: A Matter of National Security Tenet Healthcare, JAMS, and the Texas Judiciary Chose to Ignore

This case centers on the fundamental right of jurisdiction as upheld by the U.S. Supreme Court. Tenet Healthcare deliberately manipulated this right to gain an unlawful advantage in a lawsuit that should never have been filed due to the lack of jurisdiction of the court in the cases. By doing so, Tenet orchestrated a jurisdictional scheme, enlisting the Texas judiciary and JAMS to enforce an illegal process, circumventing constitutional due process protections.

### 1. Tenet Healthcare Filed Lawsuits Without Jurisdiction

The **fundamental principle of jurisdiction** is that **no court can act unless it first establishes its legal authority to do so. Tenet Healthcare violated this principle by knowingly filing a lawsuit in a court that lacked jurisdiction.**

This was not an accident. It was a **deliberate, fraudulent litigation tactic** designed to:

- **Bypass arbitration clauses** in contracts that should have precluded litigation.

- **Misrepresent legal standing** to trap the Plaintiff in unlawful proceedings.

- **Exploit judicial corruption** in Texas courts to secure rulings that Tenet knew were outside the court's authority.

Tenet Healthcare's legal team was aware—or **should have been aware**—that the Texas courts lacked both **subject matter jurisdiction** and **personal jurisdiction** over the Plaintiff. **Yet, they proceeded with the lawsuit anyway.** This constitutes:

- **Fraud upon the court** under **18 U.S.C. § 1961** (a predicate RICO offense).

- **Obstruction of justice** under **18 U.S.C. § 1503**, by deliberately misleading the courts.

- **A violation of due process rights**, stripping the Plaintiff of fair adjudication in a proper legal forum.

In **VHS Harlingen Hospital Company, LLC, d.b.a. Valley Baptist Medical Center-Harlingen v. Daniel De Oliveira, MD**, the contract contains an **arbitration clause that removed subject matter jurisdiction** from the court. **Therefore, the court lacked subject matter jurisdiction in the matter.** If the court lacked **subject matter jurisdiction, it also lacked personal jurisdiction.**

In **Valley Baptist Realty Company, LLC v. Daniel De Oliveira, MD**, the contract in dispute is between **Valley Baptist Realty Company, LLC** and **Valley Heart and Vascular Institute, PLLC. Daniel De Oliveira, MD is a non-party to**

the contract in his individual capacity. One **cannot be sued under a contract to which they are not a party**. **The court lacked both subject matter and personal jurisdiction** over **Daniel De Oliveira, MD** in his individual capacity. (Exhibit 1)

The courts were **misled by omitting the arbitration clause** in one contract and **misrepresenting the signatory** in the other. **Tenet Healthcare had multiple opportunities to correct these errors when Daniel De Oliveira, MD filed multiple motions requesting clarification of jurisdiction, yet they refused.**

**This was the first predicated act of racketeering.** It set into motion a **series of fraudulent rulings, illegal enforcement actions, and judicial misconduct,** all orchestrated by Tenet.

## 2. Texas Courts and JAMS as Enablers of Tenet's Jurisdictional Fraud

The Texas judiciary and JAMS did not act alone. **They acted in service of Tenet Healthcare's fraudulent litigation strategy.**

- **Instead of dismissing the case for lack of jurisdiction, Texas judges issued rulings that exceeded their legal authority.**

- **Instead of rejecting an arbitration process tainted by Tenet's fraud, JAMS facilitated it.**

- **Instead of enforcing contract law and arbitration clauses, the judiciary and JAMS actively participated in overriding them.**

This is the very definition of a **RICO conspiracy**. It is a **coordinated effort between private and state actors** to violate constitutional law for financial and legal gain.

### 3. Courts Cannot Ignore Jurisdiction—It Is a Non-Negotiable Legal Requirement

The **Supreme Court of the United States has been unequivocal**:

- **Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998):**

  "Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."

- **Ex parte McCardle, 74 U.S. 506 (1869):**

  "Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them. If the court lacks this power, it cannot proceed in any manner."

Jurisdiction is **not a mere technicality**—it is the foundational legal requirement that **prevents judicial tyranny**.

Tenet Healthcare's abuse of jurisdiction is not **just a violation of civil procedure**—it is a **criminal act of fraud**, sustained by the Texas judiciary and JAMS.

### Irrefutable Public Evidence and Unique RICO Characteristics

Unlike most RICO cases that require extensive discovery to uncover fraudulent conduct, this case is distinct. The **public court records alone provide irrefutable evidence of racketeering activity**, fraudulent misrepresentation of jurisdiction, and systemic due process violations. The **misconduct by Tenet Healthcare and the judiciary is already documented in publicly filed motions, rulings, and case transfers**, making this an **exceptionally self-proving RICO case**.

This case is not dependent on witness testimony, internal corporate records, or confidential documents obtained through discovery. Instead, **the fraud and conspiracy are openly recorded in the court system itself**, and the **defendants' own filings serve as direct evidence of their unlawful conduct**.

**Key Differences from Other RICO Cases**

1. **Public Court Documents Provide Direct Proof**

   o   While the petitioner reserves his rights of discovery, there is no need for extensive discovery—**the violations are already documented in court records**.

2. Evidence is self-authenticating—**judicially recognized filings prove the fraud** without requiring further verification.

3. **Judicially Recorded RICO Predicate Acts**

   o   **Fraudulent misrepresentation of jurisdiction**: Tenet Healthcare and its legal representatives falsely asserted jurisdiction in multiple courts, despite clear contractual provisions to the contrary.

   o   **Judicial collusion**: Courts repeatedly refused to rule on jurisdiction while making substantive rulings in favor of Tenet Healthcare.

   o   **Obstruction of justice (18 U.S.C. § 1503)**: Courts **intentionally delayed, ignored, and denied** jurisdictional challenges while enforcing fraudulent claims.

   o   **Mail and Wire Fraud (18 U.S.C. §§ 1341 & 1343)**: The fraudulent transfer of cases, knowingly filed in the wrong jurisdiction, was

conducted through **official court systems and legal communications**.

4. **Failure of Courts and Tenet Healthcare to Address Jurisdiction**

   o  Despite multiple challenges, **no legal basis for jurisdiction has ever been provided**.

   o  Under **Texas Rule 120(a), jurisdiction must be proven before courts can act**. The courts ignored this, making every ruling void.

5. **Self-Proving Evidence Strengthens Summary Judgment Claims**

   o  This case **circumvents traditional discovery battles** by relying entirely on **public filings** as **direct evidence** of fraud.

   o  The **burden of proof shifts onto Tenet Healthcare and the judiciary** to justify jurisdiction—a burden they have repeatedly failed to meet.

   o  Given the overwhelming evidence already in the record, **this case is uniquely positioned for expedited proceedings and summary judgment**.

**Legal Consequences: The Courts' Own Records Prove the RICO Violations**

The fraudulent legal proceedings are not hidden—they are **openly documented in case filings** across multiple jurisdictions. Unlike other RICO cases that require investigative efforts to prove a pattern of fraud, **this case is self-contained in its evidence.** Every motion, ruling, and transfer order **demonstrates the systemic fraud and collusion between Tenet Healthcare and the judiciary**, making this a **clear and undeniable case of racketeering under 18 U.S.C. § 1962.**

This **deliberate misuse of the judicial system** to **enforce fraudulent claims, obstruct justice, and deny due process** is **fully recorded and beyond dispute. The evidence is already before the court.** Now, the **defendants must answer for their actions.**

## Parties to this lawsuit

**PLAINTIFF**

**Daniel De Oliveira, MD**

Pro See

374 East Meadow Av. Apt C

East Meadow, NY 11554

Cell: (979) 373-4933

Fax: (906) 366-8234

Email: danieldeoliveira@me.com

Plaintiff, **Dr. Daniel De Oliveira**, is a licensed medical doctor who has been the target of fraudulent litigation and systemic judicial misconduct. As a practicing physician, Dr. De Oliveira has been subjected to ongoing legal harassment due to corporate and judicial collusion, which has resulted in the deprivation of his constitutional rights, including the right to due process and fair legal proceedings. This lawsuit seeks to expose and rectify these injustices through the application of federal RICO statutes against the responsible parties.

Dr. De Oliveira brings this action as a pro se litigant, determined to hold the defendants accountable for their role in perpetuating fraudulent judicial proceedings and engaging in a pattern of racketeering activity designed to obstruct justice and cause financial and professional harm.

# DEFENDANTS

## TENET HEALTHCARE

Tenet Healthcare

14201 Dallas Pkwy

Dallas, TX 75254

TENET HEALTHCARE CORPORATION is being sued in the RICO case for engaging in a pattern of racketeering activity, including fraud upon the court, obstruction of justice, and conspiracy to deprive Dr. Daniel De Oliveira of his due process rights. Through its subsidiaries, TENET filed lawsuits in courts without jurisdiction, omitted key arbitration clauses to mislead the judiciary, and pursued time-barred arbitration to evade accountability. By colluding with judges and JAMS, TENET manipulated legal proceedings to maintain control over an

illegitimate arbitration process, using the courts as a weapon against Dr. De Oliveira while violating both state and federal law. These actions, spanning multiple courts and jurisdictions, demonstrate a coordinated enterprise designed to defraud, suppress legal rights, and unlawfully extend arbitration beyond statutory limits—hallmarks of a RICO violation.

**Hughes Health Law and Attorney Will Hughes (As agent of the corporation and in his individual capacity)**

Will Hughes

Hughes Health Law

134 E Van Buren Ave # 300,

Harlingen, TX 78550

**HUGHES HEALTH LAW & MR. HUGHES**

Hughes Health Law, a law firm specializing in healthcare-related legal matters, along with its principal, Mr. Will Hughes, has played a significant role in the fraudulent and unlawful activities central to this RICO action. Acting both as an agent of Hughes Health Law and in his individual capacity, Mr. Hughes has knowingly and willfully engaged in conduct that facilitated, enabled, and furthered the racketeering enterprise.

Through Hughes Health Law, Mr. Hughes has provided legal cover, strategic guidance, and direct participation in fraudulent schemes, including but not limited to misrepresentation, obstruction of justice, and collusion with co-conspirators. His actions, under the guise of legal representation, have resulted in financial harm, deprivation of rights, and the perpetuation of illegal conduct in violation of the Racketeer Influenced and Corrupt Organizations (RICO) Act.

This complaint asserts claims against Hughes Health Law and Mr. Hughes for their direct involvement in the conspiracy, holding them accountable for their role in facilitating and benefiting from the fraudulent enterprise.

**JAMS**

1920 Main St

Suite 300

Irvine, CA 92614

JAMS, INC. is being sued in the RICO case for knowingly participating in a fraudulent arbitration scheme to benefit Tenet Healthcare while depriving Dr. Daniel De Oliveira of his legal rights. Despite clear evidence that the arbitration clause was time-barred, JAMS proceeded with arbitration outside its jurisdiction,

violating both federal and Texas law. JAMS further engaged in collusion by advising Judge Soifer to deny findings of fact, obstructing justice and preventing a proper appeal. Additionally, JAMS is arbitrating a contract **that does not contain an arbitration clause**, in which **Dr. Daniel De Oliveira is a non-party**, (Exhibit 2) demonstrating a blatant disregard for contractual law and legal boundaries. By continuing arbitration without a valid contractual basis and ignoring legal objections, JAMS became an active participant in a racketeering enterprise designed to manipulate legal outcomes, suppress due process, and extend unlawful arbitration proceedings for the benefit of Tenet Healthcare. These actions constitute fraud upon the court, obstruction of justice, and judicial collusion—key predicate acts under RICO.

**Judges Involved in Cause No. 2018-CCL-01401 and Their Legal Liabilities**

The following judges presided over or issued rulings in **Cause No. 2018-CCL-01401** and related matters. They are named **both in their judicial and personal capacities** because they failed to establish jurisdiction as required by **Rule 120 of the Texas Rules of Civil Procedure**. By acting outside their legal authority (**ultra vires**), they may be held personally liable. (Exhibit 3)

**Trial Court Judges**

- **Judge Arturo A. McDonald** (Cameron County Court at Law 1)

- **Judge Roberto Garza** (138th District Court, Cameron County)

- **Judge Jose Longoria** (Jim Wells County)

- **Judge Romero Molina** (Starr County)

- **Judge Jose Manuel Banales** (Corpus Christi)

**Administrative & Regional Judges**

- **Judge Missy Medary** (Presiding Judge, Fifth Administrative Judicial Region)

- **Judge Sid Harle** (Presiding Judge, Fourth Administrative Judicial Region)

- **Judge David L. Evans** (Tarrant County, Tom Vandergriff Civil Courts Building)

**Texas Supreme Court**

- **Chief Justice Nathan Hecht** (Texas Supreme Court)

Each of these judges ruled in **Cause No. 2018-CCL-01401** without first confirming jurisdiction, violating due process and acting beyond their legal authority. This failure allowed **Tenet Healthcare Corporation and its subsidiaries** to exploit the judicial system, causing significant legal and financial harm.

This case holds **Tenet Healthcare** primarily responsible but also asserts **judicial accountability**, as courts must ensure jurisdiction before issuing any rulings.

**Attorney General and Legal Counsel Involvement**

The following individuals and office are named **both in their official and personal capacities** for their actions in **Cause No. 2018-CCL-01401** and related matters:

- **Attorney General Ken Paxton**

- **The Office of the Attorney General (OAG)**

- **Attorney Scot Graydon**

The **Attorney General derives its jurisdiction to defend judges from the jurisdiction of the lower court.** If the judges in **Cause No. 2018-CCL-01401** acted **ultra vires** (outside their legal authority), then the **Attorney General does not have derivative jurisdiction to defend them.** By wrongfully asserting jurisdiction and failing to comply with **Rule 120 of the Texas Rules of Civil Procedure, Ken Paxton and Scot Graydon also acted ultra vires,** making them **personally liable** for their involvement.

**Judges of the 13th Court of Appeals**

The following judges of the **13th Court of Appeals** are named **both in their judicial and personal capacities** for their rulings in **Cause No. 2018-CCL-01401** and related matters:

- **Hon. Judge Dori Contreras**

- **Hon. Gina M. Benavides**

- **Hon. Nora L. Longoria**

- **Hon. Jaime Tijerina**

- **Hon. Clarissa Silva**

- **Hon. Lionel Aron Peña Jr.**

These judges are included in their **judicial capacity** for issuing rulings in the case. However, because the **lower courts lacked jurisdiction,** the 13th Court of Appeals **failed to fulfill its duty under Rule 120 of the Texas Rules of Civil Procedure** by not addressing the jurisdictional challenge. By ruling without first establishing jurisdiction, the court acted **ultra vires (beyond its legal authority),** making each judge **personally liable** for their role in perpetuating unlawful proceedings.

Furthermore, their actions **favored Tenet Healthcare** and **allowed the continued legal harassment of Dr. Daniel De Oliveira** by upholding rulings made without jurisdiction. This failure to intervene enabled **Tenet Healthcare to misuse the judicial system** for its own benefit, further compounding the harm inflicted upon Dr. De Oliveira.

**District Judges**
**Judge Rabeea Sultan Collier – 113th District Court**

**Hon. Judge Rabeea Sultan Collier** is named **both in her judicial and personal capacity** for her rulings on a legal matter derived from **Cause No. 2018-CCL-01401**.

- **Court:** 113th District Court, Harris County
- **Address:** Harris County Civil Courthouse, 201 Caroline, 10th Floor, Houston, Texas 77002

Judge Collier **initially had jurisdiction** over the case but acted **ultra vires (beyond her legal authority)** when she **transferred the matter to a non-existent cause in Cameron County Court at Law 1.** This unlawful transfer created **manufactured jurisdiction** where none existed, violating **Rule 120 of the Texas Rules of Civil Procedure** and rendering her personally liable.

Furthermore, her actions **favored Tenet Healthcare** and **facilitated the continued legal harassment of Dr. Daniel De Oliveira** by allowing the case to proceed in a court that lacked jurisdiction. This transfer **obstructed justice** and shielded **Tenet Healthcare** from accountability, further embedding a pattern of judicial misconduct that deprived Dr. De Oliveira of his due process rights.

**Judge Maria Aceves – 192nd District Court**

**Hon. Judge Maria Aceves** is named **both in her judicial and personal capacity** for her rulings on a legal matter derived from **Cause No. DC-24-17325**.

- **Court:** 192nd District Court, Dallas County
- **Address:** George L. Allen, Sr. Courts Building, 600 Commerce Street, 7th Floor, New Tower, Dallas, TX 75202

Judge Aceves **initially had jurisdiction** over the case but acted **ultra vires (beyond her legal authority)** when she **transferred the cause from a court with jurisdiction to a court without jurisdiction.** This improper transfer deprived Dr. Daniel De Oliveira of his due process rights, **violating Rule 120 of the Texas Rules of Civil Procedure** and making her **personally liable** for her actions.

Furthermore, this transfer **directly benefited Tenet Healthcare** and **contributed to the continued legal harassment of Dr. Daniel De Oliveira** by allowing the

case to proceed in a court that lacked authority. By enabling a venue without jurisdiction to rule on the matter, **Judge Aceves facilitated judicial misconduct that shielded Tenet Healthcare from accountability** and obstructed justice.

**Judge Jan Soifer – 345th District Court**

**Hon. Judge Jan Soifer** is named **both in her judicial and personal capacity** for her rulings on a legal matter derived from **Cause No. 2018-CCL-01401** and **Cause No. D-1-GN-24-005603**.

- **Court:** 345th District Court, Travis County
- **Address:** 1700 Guadalupe, 10th Floor, Austin, TX 78701

Judge Soifer **had jurisdiction** but acted **ultra vires (beyond her legal authority)** when she **refused to provide a denial for the motion for findings of fact and accepted a suggestion in an email that may have been outside her jurisdiction.** By failing to rule on this motion, she created legal ambiguity that directly benefited **Tenet Healthcare and JAMS,** allowing them to continue a **time-barred arbitration.**

In addition, **she created an unprecedented pause in the arbitration clause to favor JAMS and Tenet Healthcare,** enabling them to proceed with arbitration despite contractual and procedural barriers. **The statute of limitations had long**

expired, and JAMS did not have a valid contract to derive jurisdiction, making the arbitration proceedings unlawful.

Furthermore, by **colluding with JAMS' attorney** to avoid issuing findings of fact, Judge Soifer **facilitated legal manipulation and deprived Dr. Daniel De Oliveira of procedural clarity.** This refusal to properly address the motion **obstructed due process, favored Tenet Healthcare, and contributed to the continued legal harassment of Dr. De Oliveira.**

**PakisLaw Firm and Attorneys – RICO Violations**

The following individuals and law firm are named **both in their corporate and individual capacities** for their role in a **fraudulent legal scheme benefiting Tenet Healthcare:**

- **Michael Cosby** (as agent of PakisLaw and in his individual capacity)

- **Marcus Mataga** (as agent of PakisLaw and in his individual capacity)

- **David N. Deaconson** (as agent of PakisLaw and in his individual capacity)

- **Pakis, Giotes, Burleson & Deaconson, P.C. (PakisLaw)** (In its corporate capacity)

- **Address:** 400 Austin Ave., Waco, TX 76701

PakisLaw and its attorneys **are being sued under RICO** for their **knowing participation in a fraudulent legal scheme** that enabled **Tenet Healthcare** to abuse the judicial process. Their actions include:

- **Failing to enforce an arbitration clause**, which allowed **litigation to proceed in a court without jurisdiction**, violating both state and federal arbitration law.

- **Failing to challenge the consolidation of lawsuits** where **Dr. Daniel De Oliveira was not a party to the contract**, meaning the court lacked **both subject matter and personal jurisdiction** over him.

- **Ignoring fraudulent financial claims**, allowing Tenet Healthcare to pursue baseless litigation without verifying financial records.

- **Prolonging litigation unnecessarily**, thereby increasing **legal fees and financial burden** on Dr. De Oliveira.

- **Collecting legal fees** while failing to properly represent their client's interests, amounting to **legal malpractice and bad faith litigation tactics**.

These actions constitute **fraud upon the court, obstruction of justice, wire fraud, and extortion under the Hobbs Act (18 U.S.C. § 1951)**. By **knowingly engaging in these unlawful practices**, PakisLaw and its attorneys **participated in**

**a pattern of racketeering activity, making them liable under RICO (18 U.S.C.**
**§ 1962).**

**Proposed Federal Discovery Statement**

**III. Discovery Statement**

Pursuant to **Rule 26 of the Federal Rules of Civil Procedure**, discovery in this
matter shall be conducted **in accordance with the procedural framework**
**established for civil RICO litigation (18 U.S.C. § 1961 et seq.).** Given the nature
of this case, which involves allegations of **racketeering, judicial collusion, fraud**
**upon the court, and obstruction of justice**, extensive discovery will be required
to establish a pattern of illegal conduct.

1. **Scope of Discovery**

   a. **Electronic and Written Communications** – Plaintiff will seek emails,
   text messages, and internal memoranda between **Tenet Healthcare, Valley**
   **Baptist entities, their legal counsel, and judicial officers**, which pertain to
   the fraudulent litigation and improper jurisdictional assertions.

   b. **Financial Records & Accounting Ledgers** – Discovery will include
   financial transactions related to improper legal fees, payments influencing
   judicial outcomes, and misrepresentations in court filings.

   c. **Depositions** – Plaintiff will depose key figures, including **representatives**
   **of Tenet Healthcare, attorneys who engaged in deceptive legal practices,**

and judicial officers who refused to rule on jurisdictional challenges.

d. **Court Documents & Procedural Filings** – Plaintiff will seek all **internal case communications, email correspondence among clerks and judges, and unexplained case transfers** that facilitated fraudulent litigation against the Plaintiff.

e. **Expert Witnesses** – Plaintiff reserves the right to call expert witnesses in forensic accounting, judicial ethics, and federal RICO compliance to establish a pattern of racketeering.

2. **Mandatory Initial Disclosures (Rule 26(a))**

The Plaintiff asserts that the Defendants **must produce all documents relevant to jurisdictional determinations, including arbitration clauses, contract agreements, and communications reflecting their efforts to circumvent arbitration**. These materials are essential to establishing the **predicate acts of fraud under RICO (18 U.S.C. § 1962(c) & (d))**.

3. **Electronic Discovery Compliance (FRCP 34 & 37)**

Plaintiff requests that Defendants preserve all **electronically stored information (ESI)** related to the litigation, including emails, metadata, and internal messaging systems. Failure to comply will result in motions for spoliation sanctions under **FRCP 37(e)**.

4. **Protective Orders and Confidentiality**

   Plaintiff anticipates the Defendants may attempt to shield communications under **attorney-client privilege or work product doctrine**. Any improper assertion of privilege over communications that furthered **fraudulent legal activity** may result in **a crime-fraud exception challenge**.

5. **Obstruction of Justice and Sanctions**

   Any failure by the Defendants to provide discovery, including **deliberate delays, misrepresentation of facts, or refusal to produce key documents**, will be deemed an act of **obstruction of justice under 18 U.S.C. § 1503** and subject to **Rule 37 sanctions**.

**Conclusion**

Plaintiff asserts that full and unimpeded discovery is essential to proving the **systematic racketeering enterprise between Tenet Healthcare and certain judicial officers**. Any obstruction or delay will be met with appropriate legal remedies, including **motions to compel, sanctions under Rule 37, and referral for criminal investigation under federal anti-corruption statutes**

## STATEMENT OF FACTS
## TENET HEALTHCARE CORPORATION

**RICO Violations:**

- **Fraudulent Litigation & Jurisdictional Misrepresentation** (18 U.S.C. § 1341 - Mail Fraud, § 1343 - Wire Fraud)

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **Conspiracy to Violate Civil Rights** (18 U.S.C. § 241)

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d))

- **Unlawful Debt Collection Through Judicial Extortion** (18 U.S.C. § 1962(b))

**Facts:**

1. **Breach of Arbitration Clause**: Tenet Healthcare, through its subsidiary VHS Harlingen Hospital Company, LLC, filed a lawsuit against **Dr. Daniel De Oliveira** despite the existence of an arbitration clause in the **Relocation Agreement** (Exhibit 1), thereby misleading the court into assuming jurisdiction. Additionally, Tenet Healthcare omitted the arbitration clause in Dr. De Oliveira's account, further contributing to the fraudulent legal process.

2. **Misrepresentation in Lease Agreement**: Tenet fraudulently claimed that **Dr. De Oliveira was a personal signatory** in the **Valley Baptist Realty Company, LLC (VBRC) lease agreement (Exhibit 2)**, despite the contract being between **VBRC and Valley Heart and Vascular Institute, PLLC**.

3. **Jurisdictional Fraud**: By omitting material contractual terms (arbitration clause) and **filing lawsuits in courts without jurisdiction**, Tenet engaged in a pattern of fraudulent legal action designed to **keep the case in litigation indefinitely**, resulting in financial and emotional distress to **Dr. De Oliveira**. (Exhibit 3)

4. **Coercion & Legal Harassment**: Tenet conspired with legal counsel and judges to **prevent dismissal motions, delay rulings on jurisdiction, and force unfair mediation/arbitration** despite knowing the claims were fraudulent.

5. **Failure to follow procedures by initiating litigation in a court without jurisdiction**: That is a breach of duty by the plaintiff, causing Tenet Healthcare to be solely responsible for initiating a lawsuit in a court without jurisdiction. (Exhibit C)

6. **Colluded with multiple courts** to deprive Daniel De Oliveira, MD from due process with claim of dominant jurisdiction at Cameron Court at Law 1 where no jurisdiction exists.

---

**JAMS (Judicial Arbitration and Mediation Services, Inc.)**

**RICO Violations:**

- **Mail & Wire Fraud** (18 U.S.C. §§ 1341, 1343)

- **Extortion & Coercion** (18 U.S.C. § 1951)

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **RICO Conspiracy** (18 U.S.C. § 1962(d))

**Facts:**

1. **Time-Barred Arbitration**: JAMS unlawfully accepted an arbitration demand from **Tenet Healthcare in 2024**, despite the fact that the statute of limitations for arbitration under **JAMS' own rules expired in 2020**.

2. **Fraudulent Arbitration Enforcement**: JAMS initiated arbitration on **contracts that do not contain arbitration clauses**, including the lease agreement with **VBRC**, demonstrating a **collusion with Tenet Healthcare**.

3. **Fabrication of Legal Jurisdiction**: JAMS relied on a 2019 judicial order to justify arbitration despite **no signed order existing in EFileTX,** proving an intent to **deceive the defendant into an unfair legal process.** (Exhibits 6 and 11)

4. **Demanding Illegal Arbitration Fees**: JAMS repeatedly sent **fraudulent billing demands,** extorting **Dr. De Oliveira** into paying for an arbitration he never consented to. (Exhibit 11)

5. **Acting outside jurisdiction**: JAMS does not have a valid contract to obtain jurisdiction to arbitrate but is conducting arbitration ex-parte to favor Tenet Healthcare. (Exhibit 6)

**JUDGES ON CAUSE NO. 2018-CCL-01401 (Cameron County Court at Law 1)**

**RICO Violations:**

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d))

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **Denial of Due Process** (18 U.S.C. § 242)

- **Fraud Upon the Court** (18 U.S.C. § 1341)

**Facts:**

1. **Refusal to Rule on Jurisdiction**: Multiple judges in **Cameron County Court at Law 1 failed to rule on jurisdictional motions** filed by **Dr. De Oliveira** for over five years, despite being legally obligated to do so under **Texas Rule 120**. Exhibit 3

2. **Improper Judicial Assignments: Judge Arturo McDonald recused himself** after **Dr. De Oliveira filed a Motion to Dismiss**, yet the case was reassigned to **Judge Roberto Garza**, who also refused to rule on jurisdiction.

3. **Collusion with Tenet Healthcare**: Judges issued orders in favor of Tenet despite lacking subject matter jurisdiction, proving judicial complicity in the **RICO enterprise**.

4. **Judges continual refusal to address jurisdiction in Cameron Court at Law 1 to favor Tenet Healthcare's ongoing legal harassment.**

5. **Issued sanctions against Dr. De Oliveira in the amount of $6,440.00 despite lack of jurisdiction to do so.** Additionally, all judges on the 2018-CCL-01401 case refused to rule on jurisdiction, in a coordinated effort to favor Tenet Healthcare.

**JUDGE MARIA ACEVES (192nd District Court, Dallas County)**

**RICO Violations:**

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **Fraud Upon the Court** (18 U.S.C. §§ 1341, 1343 - Mail and Wire Fraud)

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d))

**Facts:**

1. **Unlawful Case Transfer**: Judge Aceves transferred the case to **Cameron County Court at Law 1**, despite that court lacking jurisdiction.

2. **Blocking Legal Access**: Judge Aceves removed the case from EFileTX, preventing Dr. De Oliveira from filing motions.

3. **Fraudulent Jurisdictional Claims**: Ignored jurisdictional arguments to enable the improper transfer.

4. **Collusion with Tenet Healthcare**: Issued orders benefiting Tenet despite jurisdictional defects.

**JUDGE RABEEA COLLIER (113th District Court, Harris County)**

**RICO Violations:**

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **Fraud Upon the Court** (18 U.S.C. §§ 1341, 1343 - Mail and Wire Fraud)

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d))

**Facts: (Exhibit 5)**

1. **Illegal Case Transfer**: Judge Collier transferred a case to **Cameron County Court at Law 1**, a court that had no jurisdiction. (Exhibit 5)

2. **Failure to Rule on Arbitration Clause**: Refused to acknowledge that arbitration removed jurisdiction.

3. **Failure to rule on Breach on Contract Declaratory Judgement**

4. **Collusion with Tenet Healthcare**: Facilitated an unlawful transfer that benefited Tenet.

---

**JUDGE JAN SOIFER (345th District Court, Travis County) Exhibit 6**

**RICO Violations:**

- **Fraud Upon the Court** (18 U.S.C. §§ 1341, 1343 - Mail and Wire Fraud)

- **Obstruction of Justice** (18 U.S.C. § 1503)

- **Deprivation of Rights Under Color of Law** (18 U.S.C. § 242)

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d))

**Facts:**

1. **Manipulation of Arbitration Clause**: Judge Soifer improperly revived an expired arbitration clause in 2024 to favor Tenet Healthcare and JAMS.

2. **Obstruction of Appeals Process**: Denied requests for findings of fact and conclusions of law, preventing Dr. De Oliveira from appealing her ruling.

3. **Judicial Bias and Collusion**: Aligned with JAMS and Tenet Healthcare by allowing time-barred arbitration to proceed.

4. **Ultra Vires Actions**: Acted outside her judicial authority by refusing to provide findings and facts, relying on advice from JAMS' attorney through an email chain, and refusing to issue the refusal order on the record. Additionally, she created an unprecedented pause in the arbitration clause, actions which were outside her jurisdiction.

## CHIEF JUSTICE NATHAN HECHT (RICO VIOLATIONS)

**RICO Violations: (Exhibit 8)**

- **Obstruction of Justice** (18 U.S.C. § 1503) – Refusal to rule on jurisdictional challenges.

- **Fraud Upon the Court** (18 U.S.C. §§ 1341, 1343 - Mail and Wire Fraud) – Issued judicial assignments under questionable legal authority.

- **Conspiracy to Deprive Rights Under Color of Law** (18 U.S.C. § 241) – Participated in a judicial scheme that suppressed due process rights.

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d)) – Coordinated efforts to protect Tenet Healthcare and suppress jurisdictional rulings.

- **Judicial Extortion & Financial Coercion** (18 U.S.C. § 1962(b)) – Oversaw and permitted financial sanctions against Dr. De Oliveira without jurisdiction.

**Facts:**

1. **Failure to Address Jurisdictional Issues**: Chief Justice Nathan Hecht refused to rule on multiple jurisdictional challenges raised by **Dr. Daniel De Oliveira**, allowing legally void court proceedings to continue

2. **Appointment of Judges Without Jurisdiction**: Despite the ongoing jurisdictional dispute, Hecht assigned **Judge David L. Evans** to preside over the case. **Judge Evans then refused to rule on jurisdiction but issued sanctions and orders against Dr. De Oliveira**

3. **Denial of Recusal Motions Without Addressing Jurisdiction**: Hecht assigned Judge Evans, who immediately **denied a motion to recuse without ruling on jurisdiction**, violating fundamental due process rights CHIEF JUSTICE HECHT RICO.

4. **Judicial Collusion to Protect Tenet Healthcare**: Hecht **enabled rulings in favor of Tenet Healthcare**, despite the company's contractual obligation to resolve disputes through arbitration. This directly contradicts Texas law, which mandates that **jurisdiction be determined before issuing court rulings**CHIEF JUSTICE HECHT RICO.

5. **Financial Coercion & Judicial Extortion**: Hecht oversaw a system where **Dr. De Oliveira was sanctioned $6,440.40 payable to attorneys**

**representing Tenet Healthcare, despite jurisdiction never being established**. This constitutes an illegal financial penalty designed to suppress jurisdictional challengesCHIEF JUSTICE HECHT RICO.

6. **Systematic Denial of Due Process**: Hecht's refusal to address jurisdiction, assignment of judges without authority, and continued participation in the case despite a clear **conflict of interest** form a pattern of judicial misconduct in violation of the **Fifth Amendment**

**Conclusion**

Chief Justice Nathan Hecht's actions constitute a **pattern of judicial corruption, collusion with corporate interests, and deliberate obstruction of justice**. His refusal to rule on jurisdiction, improper judicial assignments, and financial coercion against a litigant amount to **RICO predicate acts under 18 U.S.C. § 1962**.

## Statement of Facts – Ken Paxton & Scot Graydon (Texas Attorney General's Office) (RICO Violations) Exhibit 12

**RICO Violations:**

- **Obstruction of Justice** (18 U.S.C. § 1503, § 1512) – Failed to verify jurisdiction before defending judges acting outside legal authority

- **Fraud and Misrepresentation** (18 U.S.C. § 1341, § 1343) – Misrepresented legal authority to defend ultra vires judicial actions

- **Acting Under Color of Law to Violate Constitutional Rights** (42 U.S.C. § 1983) – Defended actions taken without jurisdiction, depriving **Dr. Daniel De Oliveira** of due process

- **Judicial Collusion & Corrupt Influence** (18 U.S.C. § 1962(d)) – Coordinated suppression of jurisdictional review to favor Tenet Healthcare

- **Conspiracy to Commit Fraud and Obstruction** (18 U.S.C. § 371) – Engaged in efforts to block jurisdictional accountability

**Facts:**

1. **Failure to Verify Jurisdiction Under Rule 120**:

   o **Ken Paxton and Scot Graydon** proceeded to defend judges in **Cause No. 2018-CCL-01401** without verifying jurisdiction, despite **Rule 120 of the Texas Rules of Civil Procedure requiring jurisdiction to be established before any court can proceed**

   o The OAG failed to analyze key contracts before defending judicial actions that were void ab initio

2. **Defended Judges Who Acted Ultra Vires**:

   o **VHS Harlingen Hospital Company, LLC v. Dr. De Oliveira**:

      ▪ The **contract contained an arbitration clause**, removing subject matter jurisdiction from the court under the **Federal Arbitration Act (FAA)**PREDICATE RICO ACTS BY ….

      ▪ Without jurisdiction, **the court also lacked personal jurisdiction** over Dr. De Oliveira.

   o **Valley Baptist Realty Company, LLC v. Dr. De Oliveira**:

      ▪ The contract was between **Valley Baptist Realty Company, LLC and Valley Heart and Vascular Institute, PLLC**, but **Dr. De Oliveira was not a party in his individual capacity**

      ▪ **OAG defended this lawsuit despite the court lacking jurisdiction over Dr. De Oliveira.**

3. **Knowingly Filing Legal Motions Without Jurisdiction**:

   o Emails dated **December 24, 2024, and January 21, 2025**, show that **Dr. De Oliveira explicitly demanded jurisdictional verification**, which the OAG ignored.

- ○ The **OAG's failure to require jurisdictional verification aligns with a conspiracy to suppress judicial accountability**

4. **Fraud and Misrepresentation in Legal Proceedings**:

   - ○ The **OAG misrepresented its legal authority by defending judges who lacked jurisdiction**

   - ○ **Scot Graydon's filings failed to contest Dr. De Oliveira's jurisdictional arguments, effectively conceding their validity**

5. **Refusal to Provide Legal Basis for Representation**:

   - ○ **Dr. De Oliveira repeatedly requested documentation outlining the legal basis for the OAG's defense of judges acting ultra vires**, but **Paxton's office never responded**

   - ○ Without a lower court ruling on jurisdiction, **the OAG could not derive jurisdiction to act**, making all legal actions by the Attorney General's office **void ab initio**

6. **Use of Public Funds to Defend Illegal Judicial Acts**:

   - ○ The OAG used taxpayer funds to defend judicial actions that lacked jurisdiction, constituting **misuse of public resources**

- o This directly violates **Ex parte Springsteen, which prohibits allocation of public funds for actions outside legal authority**

7. **Denial of Due Process Rights**:

   - o By defending ultra vires actions, **the OAG deprived Dr. De Oliveira of due process under the Fifth and Fourteenth Amendments**

   - o This aligns with **18 U.S.C. § 1983, which prohibits deprivation of constitutional rights under color of law**

## Conclusion

Ken Paxton, **Scot Graydon, and the Texas Attorney General's Office engaged in a systematic effort to defend judges acting without jurisdiction**, violating both **state and federal law**. Their **failure to verify jurisdiction, misrepresentation of legal authority, and use of public funds to protect ultra vires actions constitute predicate acts under RICO (18 U.S.C. § 1962)**.

The **OAG's defense of judges without jurisdiction renders all related legal actions void ab initio**. These violations necessitate **federal intervention to prevent continued judicial abuse**.

**Pakislaw & Attorneys (Michael Cosby, Marcus Mataga, David Deaconson) (RICO Violations)**

**RICO Violations:**

- **Obstruction of Justice** (18 U.S.C. § 1503) – Suppressing arbitration to keep the case in a court without jurisdiction.

- **Conspiracy to Commit Fraud** (18 U.S.C. § 1962(d)) – Colluding with Tenet Healthcare to prevent arbitration and extend fraudulent litigation.

- **Fraud Upon the Court** (18 U.S.C. § 1961) – Fraudulent case consolidation to override arbitration and shield Tenet Healthcare.

- **Wire Fraud** (18 U.S.C. §§ 1341, 1343) – Allowing false financial claims to proceed unchallenged, benefiting Tenet Healthcare.

- **Fraudulent Legal Fees** (18 U.S.C. § 1961) – Charging legal fees while neglecting professional responsibilities and aiding Tenet Healthcare's fraudulent scheme.

**Facts:**

1. **Suppression of Arbitration Clause to Keep Case in Court**

- o The **Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14, mandates that arbitration agreements are irrevocable**, removing subject matter jurisdiction from **Cameron County Court at Law 1**.

- o **Pakislaw attorneys failed to enforce the arbitration clause**, allowing litigation to proceed in a court that lacked jurisdiction.

- o Attorneys refused to cite key precedents such as **Perry Homes v. Cull, 258 S.W.3d 580 (Tex. 2008)**, which confirms that engaging in litigation forfeits arbitration rights.

2. **Fraudulent Case Consolidation to Override Arbitration & Shield Tenet Healthcare**

   - o Pakislaw attorneys **fraudulently consolidated two separate lawsuits**: (Exhibit 10)

     1. **VHS Harlingen Hospital Company, LLC v. Dr. De Oliveira** – This case included an arbitration clause, **removing jurisdiction from the court**.

     2. **Valley Baptist Realty Company, LLC v. Dr. De Oliveira** – Dr. De Oliveira **was not a party to this contract**, meaning the court lacked **both subject matter and personal jurisdiction**.

- o  Instead of filing **motions to dismiss**, Pakislaw attorneys **actively consolidated the cases**, forcing **Dr. De Oliveira into litigation where he had no contractual obligation**, benefiting Tenet Healthcare.

3. **Refusing to Challenge the Lack of Payments to Defendant**

   - o  **Dr. De Oliveira informed his attorneys that no actual payments were made under the Relocation Agreement**, making Tenet Healthcare's financial claims fraudulent.

   - o  **Pakislaw attorneys failed to dispute these claims**, allowing Tenet Healthcare to proceed **without proving financial liability**.

   - o  **Despite the statute of limitations for arbitration expiring in 2020**, Pakislaw did nothing to end the lawsuit until 2024 when they withdrew.

4. **Prolonging Litigation, Collecting Fees, and Failing to Represent Client's Interests**

   - o  **Dr. De Oliveira repeatedly requested a motion to dismiss, which Pakislaw attorneys ignored or delayed**.

   - o  Instead of challenging jurisdiction, **they engaged in unnecessary mediation**, prolonging litigation **for financial gain**.

- o **Pakislaw attorneys collected legal fees while failing to perform their duties**, including:

    - Ignoring **jurisdictional challenges**.

    - Failing to **compel financial disclosures** from Tenet Healthcare.

    - Deliberately extending the case to **increase billable hours**.

## RICO Predicated Acts Summary

This section outlines the predicate acts committed by the defendants in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The defendants, including Tenet Healthcare Corporation, VHS Harlingen Hospital Company, LLC, Valley Baptist Realty Company, LLC, Hughes Health Law, all judges involved in case manipulation, Chief Justice Nathan Hecht, Attorney General Ken Paxton, and other officials, engaged in a pattern of racketeering activity through fraudulent litigation, obstruction of justice, and judicial collusion.

## Predicate Acts

1. **Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)**

    - o Defendants filed fraudulent claims, omitted arbitration clauses, and misrepresented jurisdiction to mislead courts and create false authority over the plaintiff.

2. **Obstruction of Justice (18 U.S.C. § 1503)**

   o  Judges, including Chief Justice Nathan Hecht and other judicial

      officers, obstructed justice by refusing to rule on jurisdictional

      motions, delaying decisions, and preventing proper appeals to exhaust

      the plaintiff financially and emotionally.

3. **Fraud Upon the Court (18 U.S.C. § 1961)**

   o  Courts issued rulings without jurisdiction, accepted invalid case

      transfers, and deliberately ignored jurisdictional challenges in order to

      favor Tenet Healthcare.

4. **Judicial Collusion & Corrupt Influence (18 U.S.C. § 1962(d))**

   o Multiple judges, court clerks, and state officials acted outside their authority, protecting Tenet Healthcare and perpetuating a fraudulent legal process that deprived the plaintiff of due process rights.

5. **Extortion Through Arbitration (18 U.S.C. § 1951)**

   o Defendants coerced arbitration despite clear contractual waiver, manipulating the legal system to force an unfair settlement.

6. **Unlawful Debt Collection (18 U.S.C. § 1962(b))**

   o Courts, acting as an arm of Tenet Healthcare, issued illegal financial claims, sanctions, and rulings that had no legal authority, amounting to legal extortion.

7. **Misuse of Judicial Office (18 U.S.C. § 242 - Deprivation of Rights Under Color of Law)**

   o The judiciary and Attorney General Ken Paxton engaged in ultra vires actions. The Judiciary knowingly issuing void orders, failing to address jurisdiction, and conspiring to deprive the plaintiff of constitutional protections. The Attorney General continues to defend the action of judges who acted without jurisdiction, while the

Attorney General himself does not have jurisdiction to act. (Exhibit

12)

**RELIEF SOUGHT**

**I. JURISDICTIONAL DETERMINATION**

1. **Declare that Cameron County Court at Law 1 does not have, and never had, jurisdiction over Daniel De Oliveira, MD.**

2. **Declare that all Defendants in the judicial system who acted outside jurisdiction did so in an ultra vires capacity.**

3. **Declare that TENET HEALTHCARE CORPORATION engaged in fraudulent legal actions by filing suits in courts without jurisdiction, misrepresenting contractual terms, and circumventing arbitration agreements.**

4. **Issue an Injunction on Cameron County Court at Law 1 in CAUSE NO. 2018-CCL-01401, preventing further rulings or enforcement actions due to lack of jurisdiction.**

**II. INJUNCTION AGAINST UNLAWFUL ARBITRATION**

5. **Issue an Injunction prohibiting JAMS from proceeding with arbitration against Daniel De Oliveira, MD.**

6. Declare that JAMS does not have jurisdiction to arbitrate disputes involving Daniel De Oliveira, MD, as jurisdiction has not been properly established under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14.

7. Invalidate any previous or ongoing arbitration proceedings initiated by JAMS that attempt to bind the Plaintiff without jurisdiction.

## III. FINANCIAL, EMOTIONAL, AND PUNITIVE DAMAGES

8. Award no less than $500 million in compensatory, emotional, and punitive damages due to the Defendants' unlawful actions.

9. Determine the allocation of damages among the Defendants, including TENET HEALTHCARE CORPORATION, JAMS, and state actors, with percentages to be determined by a Jury.

## IV. DEMAND FOR JURY TRIAL

10. Request a Jury Trial on all matters so triable, as provided under the Seventh Amendment of the U.S. Constitution and applicable state laws.

## V. ADDITIONAL RELIEF REQUESTED

- Declare all orders, rulings, and judgments issued by Cameron County Court at Law 1 in CAUSE NO. 2018-CCL-01401 to be null and void due to lack of jurisdiction.

- **Order Defendants to provide a complete record of all actions taken in the unlawful exercise of jurisdiction, including communications, filings, and orders related to CAUSE NO. 2018-CCL-01401 and the JAMS arbitration.**

- **Refer the conduct of all judges, attorneys, and arbitrators involved in this jurisdictional fraud to the appropriate disciplinary and criminal authorities, including the U.S. Department of Justice and the State Bar of Texas.**

- **Impose sanctions against JAMS and TENET HEALTHCARE CORPORATION for violating federal arbitration laws and depriving the Plaintiff of his 5th Amendment rights.**

- **Declare that any future attempt to exercise jurisdiction over the Plaintiff without due process and legal authority shall result in further legal consequences, including additional punitive damages.**

## JUSTIFICATION FOR RELIEF AND PUNITIVE DAMAGES: $500 MILLION TO DETER SYSTEMIC JUDICIAL TYRANNY AND CORPORATE ABUSE

### The National Security Imperative: Preventing Judicial Tyranny and Corporate Rule

The actions of **TENET HEALTHCARE CORPORATION**, in concert with **JAMS arbitration**, corrupt judicial officers, and complicit state actors, represent a fundamental threat to the integrity of the **United States judicial system** and the **civil liberties enshrined in the U.S. Constitution**. This case is not just about financial damages—it is about preserving the **rule of law** from corporate interests that seek to manipulate courts, override due process, and weaponize litigation outside of lawful jurisdiction.

The **United States Supreme Court** has repeatedly ruled that **jurisdiction is the foundation of judicial authority**. Any ruling made without proper jurisdiction is void ab initio. In **Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)**, the Supreme Court held that *"Without jurisdiction, the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."*

The **5th Amendment to the U.S. Constitution** guarantees due process, yet **JAMS**, as the nation's leading arbitration body, has willingly acted **outside of jurisdiction** in a deliberate scheme to deprive the Plaintiff of due process protections. **This is not just a civil violation—it is a constitutional emergency** that, if allowed to continue, would set a dangerous precedent where corporations and private arbitration bodies can impose judgments without judicial oversight, effectively overriding the Constitution through extrajudicial mechanisms.

The **Attorney General of the United States** and **judicial officers** across multiple jurisdictions have **actively ignored jurisdictional challenges**, violating **Texas Rule of Civil Procedure 120** and the **Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-14**, which explicitly removes subject matter jurisdiction from courts when arbitration is mandated. Yet, **TENET HEALTHCARE CORPORATION**, despite being a repeat offender in healthcare fraud settlements, has manipulated the judicial system to circumvent these jurisdictional protections.

**A Warning to Corporate Judicial Abuses Nationwide**

This case is not just about **one plaintiff**—it is about **every American's right to a fair and impartial legal system**. If **TENET HEALTHCARE, JAMS,** and **state courts** can **override jurisdiction to benefit corporate interests**, then every **small business, individual, and government entity** is at risk of judicial abuse.

The Plaintiff therefore demands:

- **$500 million in damages** to compensate for the unlawful actions undertaken against him.

- **Further relief up to $5 billion** as a **punitive measure** to ensure that neither Tenet Healthcare, JAMS, nor any **state or federal judge** dares to **exercise jurisdiction they do not have again**.

- **The allocation of damages among the defendants to be determined by the jury**.

If the courts do not stop this **racketeering scheme**, they will set the stage for a future where **corporations dictate the rule of law, not the Constitution**. Such an outcome would **fundamentally alter the balance of power in this country**, transforming courts into **mere enforcement arms of corporate America**—a reality that **must never be allowed to exist.**

All proof of the RICO case is already available in the public records of the following court cases:

Cause: 2018-CCL-01401 Trial Court

Cause: DC-24-17325 District Court

Cause: 2024-60612 District Court

Cause: 2024-CCL-00924 Trial Court

Cause: D-1-GN-24-005603 District Court

Cause: 25-0025 - Texas Supreme Court

Cause: 25-0032 - Texas Supreme Court

Cause: 25-0059 - Texas Supreme Court

Cause: 1:24CV115 - Federal Court

Cause: 03-24-00759-CV District Court

This information is publicly accessible and will be uploaded into the system once the case is properly docketed and the parties have appeared before the court.

Respectfully submitted,

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com

CAUSE # 1:25-cv-01683 VSB

| | | |
|---|---|---|
| **DANIEL DE OLIVEIRA, MD** | § | |
| | § | |
| **PLAINTIFF** | § | **UNITED STATES DISTRICT** |
| | § | |
| **V.** | § | **COURT** |
| | § | |
| **TENET HEALTHCARE** | § | **SOUTHERN DISTRICT OF** |
| **ET AL** | § | |
| | § | **NEW YORK** |
| **DEFENDANTS** | § | |
| | § | |

---

**NOTICE OF SERVICE OF REQUESTS FOR ADMISSION**
**Pursuant to Rule 36 of the Federal Rules of Civil Procedure to Sheri Flam,**
**JAMS Chief Legal Counsel**

---

Thursday, May 29, 2025

TO: **Sheri Flam**, Chief Legal Officer, JAMS, Inc.

Pursuant to **Rule 36(a)** of the **Federal Rules of Civil Procedure**, Plaintiff **Daniel De Oliveira, MD**, pro se, hereby serves the following **Requests for Admission** upon **Sheri Flam**, in her capacity as Chief Legal Officer of JAMS, Inc. These requests seek to establish factual admissions concerning post-admission misconduct, governance failure, ethical breach, and procedural liability in connection with the arbitration conducted by Hon. Michael Massengale and administered by JAMS, Inc.

These admissions relate to binding procedural determinations already entered in the record under:

- **Rule 198 deemed admissions** (against Tenet Healthcare and its subsidiaries), and

- **Rule 36 deemed admissions** (against JAMS, Inc., effective April 27, 2025, see Doc 129).

These requests are served to narrow the factual issues and establish uncontested liability regarding your continued oversight of arbitration proceedings after jurisdiction was foreclosed.

**Rule 36(a)(3) Compliance:**

Pursuant to Rule 36(a)(3), **each matter is deemed admitted** unless a written answer or objection is served within **thirty (30) days** of service. These admissions will be binding for all purposes in this case.

**Rule 36 Admissions to Sheri Flam**

1. Admit that you are the Chief Legal Officer of JAMS, Inc., and that your responsibilities include oversight of ethical compliance and institutional risk management.

2. Admit that you were made aware that JAMS arbitrator Michael Massengale is presiding over a dispute involving Daniel De Oliveira, MD, where no valid arbitration clause exists in the lease agreement.

3. Admit that JAMS was notified in writing that Daniel De Oliveira, MD was not a party to the lease agreement and explicitly objected to arbitration prior to commencement.

4. Admit that the claims being arbitrated by Michael Massengale are based on contracts that are time-barred under applicable statute of limitations law.

5. Admit that JAMS received actual or constructive notice that Cameron County Court at Law No. 1 lacked jurisdiction over both the lease and relocation agreement disputes.

6. Admit that under JAMS policies and federal law, continued arbitration under such conditions violates basic principles of consent, jurisdiction, and contract validity.

7. Admit that JAMS did not investigate or suspend proceedings after being notified of these jurisdictional and contractual defects.

8. Admit that as Chief Legal Officer, you had the authority to intervene in arbitration proceedings where procedural impropriety or jurisdictional voidness is alleged.

9. Admit that JAMS continued to administer the arbitration despite receiving notice that Plaintiff had never signed an agreement to arbitrate the lease dispute.

10. Admit that JAMS permitted the use of its facilities and brand to proceed with arbitration proceedings that were outside its legal and ethical authority.

11. Admit that the Rule 198 deemed admissions by Tenet Healthcare subsidiaries and Rule 36 deemed admissions by JAMS, Inc., establish that no valid contract exists to arbitrate either dispute.

12. Admit that failure to withdraw from arbitration proceedings after receiving actual notice of lack of jurisdiction constitutes reckless or knowing misconduct.

13. Admit that allowing arbitration to proceed involving a lease agreement where Dr. Daniel De Oliveira is not a party and where no arbitration clause exists constitutes gross arbitration malpractice and a knowing breach of your fiduciary duty as Chief Legal Officer to protect JAMS and its leadership from legal and reputational exposure.

14. Admit that no reasonable Chief Legal Officer, acting in good faith and in accordance with standard arbitration ethics and corporate governance obligations, would have permitted arbitration to proceed in the absence of a valid arbitration clause and party consent.

15. Admit that you are aware of the federal RICO action filed in the Southern District of New York (Cause No. 1:25-cv-01683) in which JAMS, Inc. is a named defendant.

16. Admit that as Chief Legal Officer of JAMS, Inc., you have reviewed, or had access to, the pleadings, filings, or judicial notices associated with the RICO case involving JAMS.

17. Admit that continued arbitration by JAMS after being named in a federal RICO action, without addressing jurisdictional objections raised in the pleadings, constitutes gross institutional negligence.

18. Admit that JAMS, Inc., through failure to respond to Plaintiff's Rule 36 Requests for Admission, has judicially admitted that it lacks a valid contract to arbitrate the disputes involving Plaintiff.

19. Admit that under Rule 36(a)(3), JAMS' failure to respond within 30 days constitutes a binding admission that JAMS has no jurisdictional basis or contractual authority to arbitrate.

20. Admit that you, as Chief Legal Officer, were or should have been aware of these judicial admissions when the 30-day deadline for JAMS' Rule 36 responses expired.

21. Admit that JAMS continued to arbitrate Plaintiff's dispute after these admissions became binding, despite the legal consequences.

22. Admit that continued arbitration after judicial admissions of lack of jurisdiction and contract authority constitutes willful participation in an ultra vires enterprise.

23. Admit that your failure to act following the judicial admissions renders both you and JAMS, Inc. legally liable for further proceedings conducted without authority.

24. Admit that continuing to arbitrate a matter where JAMS has judicially admitted it lacks a valid contract is not in the best legal, financial, or reputational interest of JAMS, Inc.

25. Admit that such conduct exposes JAMS, Inc. to litigation risk, reputational harm, and regulatory exposure.

26. Admit that your inaction as Chief Legal Officer increased the likelihood of adverse legal and reputational consequences for the organization.

27. Admit that your failure to suspend arbitration after judicial admissions is inconsistent with your duty to protect the institutional integrity of JAMS.

28. Admit that a reasonable governing board or leadership committee, upon reviewing these facts, could conclude that continued leadership under your authority may not be in the organization's best interest.

29. Admit that these facts could form a legitimate basis for a recommendation of internal discipline, reassignment, or removal for cause based on failure to act in the face of legally binding admissions and ongoing misconduct.

30. Admit that the decision by JAMS and its agents to continue billing, emailing, and arbitrating Plaintiff's matter after April 27, 2025, despite having admitted in federal court that no valid arbitration agreement existed, constitutes harassment and retaliation in favor of the enterprise Tenet Healthcare, and demonstrates a knowing failure of legal oversight under your authority.

Respectfully submitted,


**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
danieldeoliveira@me.com

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |
|---|---|
| DANIEL DE OLIVEIRA, MD<br><br>_____<br>*Plaintiff(s)*<br><br>v.<br><br>_____<br>TENET HEALTHCARE ET AL<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 25-cv-01683 VSB<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    SHERI FLAME EISNER. ESQ
JAMS
1920 Main St
Suite 300
Irvine, CA 92614

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    DANIEL DE OLIVEIRA, MD
374 E Meadow Av. Apt C,
East Meadow, NY 11554

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  MAY 2 8 2025    _____
Signature of Clerk or Deputy Clerk

## CAUSE # 1:25-cv-01683 VSB

| | | |
|---|---|---|
| **DANIEL DE OLIVEIRA, MD** | § | |
| | § | |
| **PLAINTIFF** | § | **UNITED STATES DISTRICT** |
| | § | |
| **V.** | § | **COURT** |
| | § | |
| **TENET HEALTHCARE** | § | **SOUTHERN DISTRICT OF** |
| **ET AL** | § | |
| | § | **NEW YORK** |
| **DEFENDANTS** | § | |
| | § | |

### FIRST AMENDED COMPLAINT AS OF RIGHT UNDER RULE 15(a)(1)(B)

Wednesday, May 28, 2025

Plaintiff Daniel De Oliveira, MD, appearing pro se, respectfully files this First Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days of Defendants' motion to dismiss. This amendment adds the following defendants and articulates the factual and legal basis for their inclusion under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), (d).

## I. PARTIES ADDED

1. **Saum Sutaria, M.D.** – Chairman and CEO of Tenet Healthcare Corporation Dr. Sutaria is added due to his operational and governance authority over Tenet Healthcare. Following Rule 198 deemed admissions that Tenet

subsidiaries filed lawsuits and compelled arbitration in courts lacking

jurisdiction, Dr. Sutaria took no corrective action. His position, awareness of

federal litigation, and continuing endorsement of unlawful arbitration

proceedings, even after Tenet's own admissions, render him liable under

RICO for participation in a racketeering enterprise. His authority

encompasses strategic litigation oversight, thus his silence is deemed

approval and participation.

2. **Tom Arnst** – Chief Legal Officer and General Counsel, Tenet Healthcare

Corporation Mr. Arnst is responsible for oversight of litigation, legal

compliance, and external counsel coordination. The deemed admissions

under Rule 198 demonstrate that Tenet filed lawsuits and engaged in

arbitration in violation of federal and state law. His continued legal

oversight, despite the public record of those violations, constitutes willful

blindness and participation in racketeering activity by enabling fraudulent

judicial processes.

3. **Kimberly Taylor, Esq.** – President and CEO of JAMS, Inc. As the

executive with ultimate authority over JAMS' operations, Ms. Taylor

continued to allow JAMS to arbitrate a time-barred dispute despite

Plaintiff's objections and notice of deemed admissions establishing that the

arbitration lacked any jurisdictional foundation. Her continued

administration of the matter constitutes institutional endorsement of ultra

vires activity and a predicate act under 18 U.S.C. § 1962(c).

4. **Sheri Flame Eisner, Esq.** – General Counsel of JAMS, Inc. Ms. Eisner

oversees JAMS' legal risk, panel quality, and ethical compliance. Her failure

to halt the arbitration despite clear admissions that the case was outside

jurisdiction and time-barred creates individual liability for orchestrating or

permitting continued RICO predicate acts under color of commercial

neutrality.

5. **Hon. Michael Massengale (Former)** – Arbitrator, JAMS Despite receiving

formal objections and having access to judicial admissions that the

arbitration was void for lack of jurisdiction and untimeliness, Mr.

Massengale continued to adjudicate the case. His persistence in the arbitral

process despite knowing that the Plaintiff was not a party to the relevant

lease agreement or that no valid contract exists for JAMS to derive

jurisdiction constitutes an ultra vires action with no legal immunity and

qualifies as obstruction of justice.

6. **Pete McDonald, Esq.** – Counsel for JAMS, Gibbs & Bruns LLP Mr.

McDonald advised state court judges not to issue findings of fact to avoid

appellate scrutiny. He has submitted filings that knowingly misstate the

existence and enforceability of arbitration agreements. His coordination with

state judges and strategic omissions of jurisdictional flaws qualify as predicate acts under RICO.

7. **Anthony N. Kaim, Esq.** – Supervising Partner, Gibbs & Bruns LLP Mr. Kaim authorized or failed to correct Mr. McDonald's conduct, allowing fraudulent filings to proceed and strategic concealment of jurisdictional defects to continue. His supervisory role and continued engagement meet the threshold for RICO liability under 18 U.S.C. § 1962(d).

8. **Gibbs & Bruns LLP** The law firm facilitated the submission of false legal arguments and advised a neutral tribunal to continue jurisdictionally void arbitration. It benefited financially and procedurally from its participation in the enterprise, making it liable under both subsections (c) and (d) of RICO.

9. **Drew Harris, Esq.** – Assistant Attorney General, Office of the Attorney General (Texas) Mr. Harris is being added for defending Judge David L. Evans in his personal capacity for conduct that has been deemed ultra vires. As Attorney General counsel, Harris appeared in a matter where judicial immunity does not apply, as Judge Evans acted outside of his jurisdiction. In choosing to appear and defend Evans in his individual capacity, Harris crossed from ministerial representation into active participation in an enterprise designed to obstruct justice. His role facilitates the unlawful

defense of void judicial acts, implicating him as a participant in the broader

RICO enterprise under 18 U.S.C. §§ 1962(c) and (d).

## II. BASIS OF AMENDMENT

This amendment is supported by:

- Rule 198 deemed admissions filed on March 12, 2025 in Texas state court,
  establishing that Tenet Healthcare and subsidiaries filed time-barred lawsuits
  without jurisdiction.

- Rule 36 deemed admissions served on JAMS on March 21, 2025,
  establishing that arbitration is time-barred, lacks a valid contract, and the
  Plaintiff is not a party to the relevant agreement.

- JAMS billing statements dated April 3 and May 3, 2025, reflecting
  continued arbitration activity despite the lack of jurisdiction.

- Official notifications from JAMS Access indicating the scheduling of final
  hearings and filings by arbitrator Michael Massengale.

## III. CONCLUSION

Each newly added defendant has been shown, through public records, judicial

admissions, and affirmative conduct, to have participated in or facilitated an

enterprise that unlawfully deprived Plaintiff of constitutional rights, misused

judicial and arbitral systems, and sustained litigation known to be void ab initio.

Plaintiff respectfully submits this First Amended Complaint under Rule

15(a)(1)(B) as a matter of right.

Respectfully submitted,

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av., Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the:

**FIRST AMENDED COMPLAINT AS OF RIGHT UNDER RULE 15(a)(1)(B)**

has been served on all counsel of record who appeared and interested parties on the day this document is uploaded on the PACER EFile System, through the PACER EFile System in accordance with the Federal Rules of Civil Procedure.

**Daniel De Oliveira, MD**
**Pro Se**
374 East Meadow Av.
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com