UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IN RE: Daniel De Oliveira, MD,
Petitioner

**PETITION FOR WRIT OF MANDAMUS**

**To Enforce Rule 55(a) of the Federal Rules of Civil Procedure as Written and Without Permitting Post-Default Extensions in Violation of the Rule**

## I. INTRODUCTION AND RELIEF REQUESTED

Petitioner respectfully seeks a writ of mandamus directing the United States District Court for the Southern District of New York to comply with **Federal Rule of Civil Procedure 55(a)** as written, which is non-discretionary and does not permit extensions of time to plead once default has occurred by operation of law, and requires the Clerk to enter default immediately upon the filing of an affidavit demonstrating such failure.

Rule 55(a) requires that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The rule does not

authorize post-default extensions. The failure to plead constitutes default **by operation of law** once the time to respond expires and the failure is shown by affidavit. The entry of default is ministerial and non-discretionary.

Rule 55 provides a mandatory procedural sequence. First, under Rule 55(a), once a party fails to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter default. Then, under Rule 55(b), a motion for default judgment may be filed. Only after that point may a party seek to vacate default if they choose. There is no provision in the Federal Rules that allows the Court to interrupt or alter this sequence once default has occurred by operation of law. The entry of default is non-discretionary and procedural compliance is mandatory. Post-default extensions are therefore procedurally impermissible.

The district court granted a post-default extension despite clear record evidence that default had occurred. Petitioner seeks a declaration that post-default extensions are not permitted under the Federal Rules, and that once the conditions of Rule 55(a) are met, the party is in default and only after the Clerk enters default may the Court or defendants take further action or file pleadings. This procedural sequence must be followed, and there is no provision or authority in the Federal Rules of Civil Procedure to alter it once default has occurred by operation of law.

Petitioner's procedural rights under the Due Process Clause are actively being denied through judicial tolerance of unauthorized post-default extensions. When courts disregard the mandatory sequence of Rule 55(a), they deny litigants the procedural protection owed under the Federal Rules and the Constitution. Once default occurs by operation of law, any further participation by the defaulting party without proper relief violates the structural safeguards that preserve fairness, notice, and finality in civil proceedings.

## II. JURISDICTION

This Court has jurisdiction under **28 U.S.C. § 1651(a)** (All Writs Act). Petitioner has no adequate alternative remedy. The district court accepted post-default filings and granted retroactive extensions without legal authority, while the Clerk declined to enter defaults despite all Rule 55(a) conditions being satisfied.

---

## III. BACKGROUND AND EXHIBITS

The relevant facts are uncontested and documented in the following three exhibits:

- **Exhibit A (Doc 88):** On April 10, 2025, counsel for **Tenet Healthcare Corporation** submitted a letter motion acknowledging that Tenet was served on **March 17, 2025**, and that the deadline to respond expired on

**April 7, 2025**. Counsel further stated that Plaintiff had already submitted proposed default documentation.

- **Exhibit B April 14th PACER EMAIL NOTIFICATION:** On April 14, 2025, the District Court granted Tenet Healthcare Corporation a new response deadline of **May 22, 2025**, a post-default extension which Rule 55(a) does not allow.

- **Exhibit C (Doc 174):** On May 7, 2025, the District Court granted a similar extension to multiple defendants, explicitly acknowledging they had missed their original deadlines. No motion was filed under Rule 6(b)(1)(B), and no finding of excusable neglect was made. The order was entered post-default without legal foundation.

## IV. LEGAL BASIS

Rule 55(a) is self-executing. Once a party fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, **default is complete** under the rule. The Clerk's entry is purely ministerial.

There is no provision in the Federal Rules that allows the Court to grant an extension after default unless the party files a motion and satisfies the criteria

under **Rule 6(b)(1)(B)**. No such motion was filed in this case. Any post-default extension not grounded in that rule is procedurally invalid.

---

## V. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Declare that **post-default extensions are not authorized** under Rule 55(a) unless sought by motion and supported under Rule 6(b)(1)(B);
2. Direct the United States District Court for the Southern District of New York to enforce Rule 55(a) as written and to refrain from granting extensions after default has occurred without compliance with Rule 6(b)(1)(B);
3. Clarify that **default occurs by operation of law** once a party fails to plead or defend and that failure is shown.

Respectfully submitted,

*[signature: Daniel De Oliveira]*

**Daniel De Oliveira, MD**
**Pro Se Petitioner**
374 East Meadow Av. Apt C
East Meadow, NY 11554
Cell: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com

John W. Barker *
Gary W. Patterson, Jr. * ●
Jeffrey R. Nichols * ■
Mamie Stathatos-Fulgieri *
Dylan Braverman *
Kiki Chrisomallides *
Scott A. Singer *
Gregg D. Weinstock *●+¤
Adam S. Covitt *+
Megan A. Lawless *●
Ralph Vincent Morales *

Kevin D. Porter *
Susan Vari *
Brian Andrews *
Edward J. Arevalo *
Robert Boccio *
Dawn Bristol *
Conrad A. Chayes, Jr. *
Gilbert H. Choi *
Joshua R. Cohen *
Charles K. Faillace *
Taryn M. Fitzgerald *

Danielle M. Hansen *
Anna Hock *
Thomas Jaffa *
Gemma Kenney *●+
Douglas Langholz*
Timothy P. Lewis ¤
Jennifer M. Lobaito *●
Rosemary E. Martinson*●
Neil Mascolo, Jr. *
Christian McCarthy *●
Adonaid Medina *●
Michael Milchan *
Joseph P. Muscarella *
Miles S. Reiner *
Bhalinder L. Rikhye *
Matthew Shindell ●Δ
Tammy A. Trees *
Karolina Wiaderna *
Arthur I. Yankowitz *+



Allen Alex †
Danielle M. Barfield *
Zachary Benoit *
Sabrina Bernstein *
Theresa A. Bohm *
Angela R. Bonica *●+
Kelly Bronner *
Olivia R. Connor ¤
Raymond Farrell *●
Jamie Gewurz *●
Licardo E. Gwira Δ
Andrew M. Hansen ● Δ
Lauren P. Ingvoldstad†
Delaney Jones Δ
Courtney Kennedy †
Rachel McGarry * ● Δ
Jeremy Moldovan * ● Δ
Michael Napolitano †
Alexandra Nieto *
Kayla Nieves *●
Daniel O'Connell *●¤
Samantha Panny *
Gunjan Persaud *● Δ
Alesha N. Powell *●+
Jesse Wang *● Δ
Tyler Weingarten *●  Δ
Brandon Wong *
Christopher Wood †

Samuel Youssof *●
Alexandra Zerrillo *●+
Spiridoula Zolotas †

Of Counsel
Brian DiPentima *●
Tricia M. Criscito *
Roseann V. Driscoll *
Joseph D. Furlong *
Rani B. Kulkarni *
Nicole E. Martone *
Seema Palmerson *
Bonnie LS. Parente *
Carolyn Rankin *
Nicole C. Salemo *●
Valerie L. Siragusa *
Gonzalo Suarez *

* Admitted to Practice in NY
● Admitted to Practice in NJ
+ Admitted to Practice in CT
Δ Admitted to Practice in PA
¤ Admitted to Practice in FL
† Admission Pending

April 10, 2025

<u>Via ECF</u>
Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:   *Daniel De Oliveira, M.D. v. Tenet Healthcare, et al.* (25-cv-01683)
           *Daniel De Oliveira, M.D. v. Valley Baptist Realty Company, LLC, et al.* (25-cv-01753)
           *Daniel De Oliveira, M.D. v. VHS Harlingen Hospital Company, L.L.C, et al.* (25-cv-01754)
           <u>BPN File No.: 0456-001</u>

Dear Judge Broderick:

    We represent the defendant, Tenet Healthcare, in the above-referenced actions, which the Court has consolidated for pre-trial purposes. We write to respectfully request an extension of time for Tenet Healthcare to respond to the plaintiff's Complaint served in the 25-cv-01683 action.

    Our office was retained on April 8, 2025 to represent Tenet Healthcare. In our review of the file since then, we learned that service of process has not been completed on Tenet Healthcare in the 25-cv-01753 or 25-cv-01754 actions. However, service of process was completed on Tenet Healthcare in the 25-cv-01683 action on March 17, 2025, and, as such Tenet Healthcare's time to serve a responsive pleading expired on April 7, 2025.

    On April 9, 2025, our office contacted the plaintiff, Dr. De Oliveira, by email, to request an extension of time for 45 days (i.e. to May 22, 2025) to serve a responsive pleading in the 25-cv-06183 action. As of the writing of this correspondence, plaintiff has not responded to that request; however, plaintiff has sent me an e-mail enclosing a copy of a proposed Certificate of Default, a copy of correspondence to the Clerk of the Court, and a Certificate of Service.

    Tenet Healthcare therefore respectfully requests that the Court grant an extension for its responsive pleading for 45 days to May 22, 2025. This extension of time is necessary to review the extensive filings

made in the five actions commenced by the plaintiff, asserting a wide array of causes of action. This is Tenet Healthcare's first request for an extension of time to file its responsive pleading.

While we have appeared for Tenet Healthcare named in these lawsuits, Tenet Healthcare expressly reserves its right to seek dismissal of the claims against it under Fed. R. Civ. P. 12(b), including for lack of personal jurisdiction under Rule 12(b)(2) and for insufficient service of process under Rule 12(b)(5).

Respectfully submitted,

Alexandra N. Nieto

CC: All counsel via ECF
Daniel De Oliveira, M.D., Plaintiff (via ECF, First Class Mail, and Email)

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-01683-VSB-GS De Oliveira v. Tenet Healthcare et al Set/Reset Deadlines |
| **Date:** | April 14, 2025 at 4:44 PM |
| **To:** | CourtMail@nysd.uscourts.gov |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered on 4/14/2025 at 4:44 PM EDT and filed on 4/14/2025

**Case Name:** De Oliveira v. Tenet Healthcare et al
**Case Number:** 1:25-cv-01683-VSB-GS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set/Reset Deadlines: Tenet Healthcare answer due 5/22/2025. (tg)**


**1:25-cv-01683-VSB-GS Notice has been electronically mailed to:**

Gregg Douglas Weinstock     g.weinstock@bpn.law, calendar@vbpplaw.com

Howard Ian Elman     helman@ef-law.com, amukaida@ef-law.com, djoseph@ef-law.com, ecf-2d0a67acb6d4@ecf.pacerpro.com

Mioko Catherine Tajika     MTajika@ef-law.com

Tyler Maulsby     tmaulsby@fkks.com, courtdocket@fkks.com

Kristen Gabriela Niven     kniven@fkks.com, courtdocket@fkks.com

Alexandra Nicole Nieto     a.nieto@bpn.law

Daniel De Oliveira, MD     danieldeoliveira@me.com

**1:25-cv-01683-VSB-GS Notice has been delivered by other means to:**

| | |
|---|---|
| **From:** | NYSD_ECF_Pool@nysd.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-01683-VSB-GS De Oliveira v. Tenet Healthcare et al Order on Motion for Extension of Time to Answer |
| **Date:** | May 7, 2025 at 7:50 AM |
| **To:** | CourtMail@nysd.uscourts.gov |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

# Notice of Electronic Filing

The following transaction was entered on 5/7/2025 at 8:49 AM EDT and filed on 5/6/2025

| | |
|---|---|
| **Case Name:** | De Oliveira v. Tenet Healthcare et al |
| **Case Number:** | 1:25-cv-01683-VSB-GS |
| **Filer:** | |
| **Document Number:** | 174 |

**Docket Text:**
**ORDER granting (168) Letter Motion for Extension of Time to Answer in case 1:25-cv-01683-VSB-GS. APPLICATION GRANTED. SO ORDERED. Defendants Tenet Healthcare Corporation, Valley Baptist Realty Company, LLC ("Valley Baptist"), and VHS Harlingen Hospital Company, L.L.C. ("VHS") shall respond to the complaint on or before June 30, 2025. For any extension requests in the future, all parties are directed to Rule 1.G of my Individual Rules & Practices in Civil Cases. As an initial matter, Plaintiff is correct that Valley Baptist and VHS seem to be untimely in their responses to the complaint. (Doc. 169.) Plaintiff filed an affidavit of service regarding VHS, such that its answer was due April 30, 2025. (Doc. 151.) Plaintiff filed an affidavit of service regarding Valley Baptist, such that its answer was due May 5, 2025. (Doc. 166.) Valley Baptist and VHS did not do so. Nor have they followed Rule 1.G of my Individual Rules in requesting the extension, such as listing the original due date or the reasons for the extension request that would explain the delay. Even so, I exercise my discretion in granting their extension requests. When deciding whether to relieve a party from default or default judgment, [courts] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non- defaulting party may suffer should relief be granted. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Here, although Valley Baptist and VHS do not explain the delay, there is no evidence that it was willful. Further, based in part on Defendant JAMS' motion to dismiss, (Doc. 159), it is plausible that Valley Baptist and VHS will have meritorious defenses. Finally, "discovery has not yet begun, and the delay was not significant," and so there is little to no prejudice to Plaintiff. See James v. Suffolk Cnty. Corr. Facility, No. 13-CV-2344, 2014 WL 4659300, at *4 (E.D.N.Y. Sept. 17, 2014) (excusing untimely motion to dismiss). The Second Circuit has recognized that "default judgments are disfavored" based on the "clear preference" that cases are adjudicated on the merits. Pecarsky, 249 F.3d at 174 (citations omitted). Granting the extension request here aligns with that preference. (Signed by Judge Vernon S. Broderick on 5/6/2025) Filed In Associated Cases: 1:25-cv-01683-VSB-GS, 1:25-cv-01753-VSB-GS, 1:25-cv-01754-VSB-GS (rro)**

| | |
|---|---|
| **Case Name:** | De Oliveira v. Valley Baptist Realty Company, LLC et al |

| | |
|---|---|
| **Case Name:** | De Oliveira v. Valley Baptist Realty Company, LLC et al |
| **Case Number:** | 1:25-cv-01753-VSB-GS |
| **Filer:** | |
| **Document Number:** | 17 |

**Docket Text:**
**ORDER granting (168) Letter Motion for Extension of Time to Answer in case 1:25-cv-01683-VSB-GS. APPLICATION GRANTED. SO ORDERED. Defendants Tenet Healthcare Corporation, Valley Baptist Realty Company, LLC ("Valley Baptist"), and VHS Harlingen Hospital Company, L.L.C. ("VHS") shall respond to the complaint on or before June 30, 2025. For any extension requests in the future, all parties are directed to Rule 1.G of my Individual Rules & Practices in Civil Cases. As an initial matter, Plaintiff is correct that Valley Baptist and VHS seem to be untimely in their responses to the complaint. (Doc. 169.) Plaintiff filed an affidavit of service regarding VHS, such that its answer was due April 30, 2025. (Doc. 151.) Plaintiff filed an affidavit of service regarding Valley Baptist, such that its answer was due May 5, 2025. (Doc. 166.) Valley Baptist and VHS did not do so. Nor have they followed Rule 1.G of my Individual Rules in requesting the extension, such as listing the original due date or the reasons for the extension request that would explain the delay. Even so, I exercise my discretion in granting their extension requests. When deciding whether to relieve a party from default or default judgment, [courts] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non- defaulting party may suffer should relief be granted. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Here, although Valley Baptist and VHS do not explain the delay, there is no evidence that it was willful. Further, based in part on Defendant JAMS' motion to dismiss, (Doc. 159), it is plausible that Valley Baptist and VHS will have meritorious defenses. Finally, "discovery has not yet begun, and the delay was not significant," and so there is little to no prejudice to Plaintiff. See James v. Suffolk Cnty. Corr. Facility, No. 13-CV-2344, 2014 WL 4659300, at *4 (E.D.N.Y. Sept. 17, 2014) (excusing untimely motion to dismiss). The Second Circuit has recognized that "default judgments are disfavored" based on the "clear preference" that cases are adjudicated on the merits. Pecarsky, 249 F.3d at 174 (citations omitted). Granting the extension request here aligns with that preference. (Signed by Judge Vernon S. Broderick on 5/6/2025) Filed In Associated Cases: 1:25-cv-01683-VSB-GS, 1:25-cv-01753-VSB-GS, 1:25-cv-01754-VSB-GS (rro)**

| | |
|---|---|
| **Case Name:** | De Oliveira v. VHS Harlingen Hospital Company, L.L.C. et al |
| **Case Number:** | 1:25-cv-01754-VSB-GS |
| **Filer:** | |
| **Document Number:** | 27 |

**Docket Text:**
**ORDER granting (168) Letter Motion for Extension of Time to Answer in case 1:25-cv-01683-VSB-GS. APPLICATION GRANTED. SO ORDERED. Defendants Tenet Healthcare Corporation, Valley Baptist Realty Company, LLC ("Valley Baptist"), and VHS Harlingen Hospital Company, L.L.C. ("VHS") shall respond to the complaint on or before June 30, 2025. For any extension requests in the future, all parties are directed to Rule 1.G of my Individual Rules & Practices in Civil Cases. As an initial matter, Plaintiff is correct that Valley Baptist and VHS seem to be untimely in their responses to the complaint. (Doc. 169.) Plaintiff filed an affidavit of service regarding VHS, such that its answer was due April 30, 2025. (Doc. 151.) Plaintiff filed an affidavit of service regarding Valley Baptist, such that its answer was due May 5, 2025. (Doc. 166.) Valley Baptist and VHS did not do so. Nor have they followed Rule 1.G of my Individual Rules in requesting the extension, such as listing the original due date or the reasons for the extension request that would explain the delay. Even so, I exercise my discretion in granting their extension requests.**

**When deciding whether to relieve a party from default or default judgment, [courts] consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non- defaulting party may suffer should relief be granted. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001) (citations omitted). Here, although Valley Baptist and VHS do not explain the delay, there is no evidence that it was willful. Further, based in part on Defendant JAMS' motion to dismiss, (Doc. 159), it is plausible that Valley Baptist and VHS will have meritorious defenses. Finally, "discovery has not yet begun, and the delay was not significant," and so there is little to no prejudice to Plaintiff. See James v. Suffolk Cnty. Corr. Facility, No. 13-CV-2344, 2014 WL 4659300, at \*4 (E.D.N.Y. Sept. 17, 2014) (excusing untimely motion to dismiss). The Second Circuit has recognized that "default judgments are disfavored" based on the "clear preference" that cases are adjudicated on the merits. Pecarsky, 249 F.3d at 174 (citations omitted). Granting the extension request here aligns with that preference. (Signed by Judge Vernon S. Broderick on 5/6/2025) Filed In Associated Cases: 1:25-cv-01683-VSB-GS, 1:25-cv-01753-VSB-GS, 1:25-cv-01754-VSB-GS (rro)**

**1:25-cv-01683-VSB-GS Notice has been electronically mailed to:**

Gregg Douglas Weinstock     g.weinstock@bpn.law, calendar@vbpplaw.com

Howard Ian Elman     helman@ef-law.com, amukaida@ef-law.com, djoseph@ef-law.com, ecf-2d0a67acb6d4@ecf.pacerpro.com

Mioko Catherine Tajika     MTajika@ef-law.com

Tyler Maulsby     tmaulsby@fkks.com, courtdocket@fkks.com

Kristen Gabriela Niven     kniven@fkks.com, courtdocket@fkks.com

Alexandra Nicole Nieto     a.nieto@bpn.law, t.secreto@bpn.law

Daniel Domingues De Oliveira, MD     danieldeoliveira@me.com

**1:25-cv-01683-VSB-GS Notice has been delivered by other means to:**

**1:25-cv-01753-VSB-GS Notice has been electronically mailed to:**

Gregg Douglas Weinstock     g.weinstock@bpn.law, calendar@vbpplaw.com

Alexandra Nicole Nieto     a.nieto@bpn.law, t.secreto@bpn.law

**1:25-cv-01753-VSB-GS Notice has been delivered by other means to:**

Daniel De Oliveira, MD
374 East Meadow Avenue
Apt. 4C
East Meadow, NY 11554

**1:25-cv-01754-VSB-GS Notice has been electronically mailed to:**

Gregg Douglas Weinstock     g.weinstock@bpn.law, calendar@vbpplaw.com

Alexandra Nicole Nieto     a.nieto@bpn.law, t.secreto@bpn.law

**1:25-cv-01754-VSB-GS Notice has been delivered by other means to:**

Daniel De Oliveira, MD
374 East Meadow Avenue

Apt. 4C
East Meadow, NY 11554

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=5/7/2025] [FileNumber=32981397-0
] [b450600de63caf53b2a88a62a1ecab1f1677dc307a676eb5d296b530976b33b4cc8
282fe910b249b5bf79c15bcc94023d43ef0e1c929405c0910e98794c09f1c]]

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**IN RE: Daniel De Oliveira, MD Petitioner**

---

**PETITION FOR WRIT OF MANDAMUS To Enforce Rule 55(a) of the Federal Rules of Civil Procedure as Written and Without Permitting Post-Default Extensions in Violation of the Rule**

THIRD SUPPLEMENTAL CERTIFICATE OF SERVICE (Pursuant to Clerk Directive – PACER-Verified Addresses & Representation Status)

I, Daniel De Oliveira, MD, hereby certify that on July 23, 2025, and July 28, 2025, I served a true and correct copy of the above-captioned Petition for Writ of Mandamus as follows:

I. Served by Certified Mail

**The Honorable Vernon S. Broderick**
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007
Certified Mail Tracking No.: 9589 0710 5270 1269 0227 93

**Tenet Healthcare Corporation**
14201 Dallas Parkway
Dallas, TX 75254
Certified Mail Tracking No.: 9589 0710 5270 1269 0228 30

**VHS Harlingen Hospital Company, LLC**
2101 Pease Street
Harlingen, TX 78550
Certified Mail Tracking No.: 9589 0710 5270 1269 0228 23

**Valley Baptist Realty Company, LLC**
c/o Tenet Healthcare Corporate Office
14201 Dallas Parkway
Dallas, TX 75254
Certified Mail Tracking No.: 9589 0710 5270 1269 0228 23

Note: These corporate parties currently have attorneys listed on PACER; however, all such representations are either terminated or unauthorized. Service on the corporate office addresses is made to satisfy procedural requirements and preserve objections to defective substitution.

**II. Terminated Counsel Still Listed on the Record (Pending Clarification) – Served by Email**

Alexandra Nicole Nieto
Gregg Douglas Weinstock
Barker Patterson Nichols, LLP
300 Garden City Plaza, Suite 100
Garden City, NY 11530
Emails: a.nieto@bpn.law, g.weinstock@bpn.law

**III. Counsel Who Appeared Without Valid Substitution Authority – Served by Email**

Leslie C. Thorne
Haynes and Boone, LLP
98 San Jacinto Boulevard, Suite 1500
Austin, TX 78701
Email: leslie.thorne@haynesboone.com

Amanda Laurel Gayer
Haynes and Boone, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112
Email: amanda.gayer@haynesboone.com

Note: These attorneys are currently listed on PACER but have not filed a motion for substitution nor received court approval replacing prior counsel. Petitioner does not waive any jurisdictional or procedural objections.

**IV. Served by Email – Judicial Defendants**

Andrew Loren Harris (for Judges David Evans and Maria Aceves)
Graves Dougherty Hearon & Moody, P.C.
401 Congress Avenue, Suite 2200
Austin, TX 78701
Email: drew.harris@oag.texas.gov

**V. Served by Email – JAMS and Related Individuals**

Howard Ian Elman
Mioko Tajika
Elman Freiberg PLLC
950 Third Avenue, Suite 1600
New York, NY 10022
Emails: HElman@ef-law.com , MTajika@ef-law.com

**VI. Served by Email – Counsel for PakisLaw and Affiliated Attorneys**

Tyler Maulsby
Kristen Gabriela Niven
Frankfurt Kurnit Klein & Selz P.C.
28 Liberty Street
New York, NY 10005
Emails: tmaulsby@fkks.com , kniven@fkks.com

This supplemental filing is submitted in full compliance with Clerk instruction and PACER-based representation records. It reflects Petitioner's good-faith effort to meet all procedural obligations and preserve the integrity of the appellate record. Petitioner reserves all rights to contest improper appearances and substitute authority deficiencies.

Respectfully submitted,

**Daniel De Oliveira, MD**
**Pro Se Petitioner**
374 East Meadow Ave., Apt C
East Meadow, NY 11554
Phone: (979) 373-4933
Fax: (906) 366-8234
Email: danieldeoliveira@me.com
Date: July 28, 2025