# HAYNES BOONE



August 19, 2025                                                   Direct Phone Number +1 212-835-4848

leslie.thorne@haynesboone.com

<u>**Via ECF**</u>

The Honorable Magistrate Judge Gary Stein
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 702
New York, New York 10007

Re:     *Daniel De Oliveira, MD v. Tenet Healthcare, et al.* (25-cv-01683)
         *Daniel De Oliveira, MD v. Valley Baptist Realty Company, LLC, et al.*, (25-cv-01753)
         *Daniel De Oliveira, MD v. VHS Harlingen Hospital Company, LLC, et al.*, (25-cv-01754)

**<u>Valley Baptist Defendants' objection to Plaintiff's frivolous contentions (1) that Haynes Boone is unauthorized to appear in this litigation, and (2) that his lawsuit against Haynes Boone in the EDNY is "unrelated" to this litigation.</u>**

Dear Magistrate Judge Stein:

We write on behalf of Defendants Tenet Healthcare Corporation ("Tenet"), Valley Baptist Realty Company, LLC ("VBRC"), and VHS Harlingen Hospital Company, LLC ("VHS," and together with Tenet and VBRC, the "Valley Baptist Defendants") in the above-captioned matters. We write in opposition to Plaintiff's contentions that counsel from Haynes and Boone, LLP ("Haynes Boone") is unauthorized to appear for the Valley Baptist Defendants and should be removed from PACER, and to advise the Court that Plaintiff's EDNY lawsuit against counsel from Haynes Boone has been misrepresented by Plaintiff as "unrelated" to the above-captioned litigation. Specifically, we write in reference to (1) Plaintiff's misleadingly-titled "Notice of Parallel, Unrelated Litigation" in the EDNY against the undersigned counsel of record, and (2) Plaintiff's "Motion to Compel the Clerk to Remove Unauthorized Individuals from PACER List"—both filed August 13, 2025 (Doc. Nos. 412, 413) in violation of this Court's stay of all further proceedings in the above-captioned matters (Doc. No. 146).

         *Relevant Procedural Background.*

The Valley Baptist Defendants originally appeared in the above-captioned matters through Ms. Nieto and Mr. Weinstock of Barker Patterson Nichols ("BPN") (Doc. Nos. 79, 90, 175, 176, 178). The Valley Baptist Defendants subsequently terminated their engagement of BPN and engaged

# HAYNES BOONE



Haynes Boone.  Accordingly, Ms. Gayer and I filed notices of appearance in the above-captioned matters on June 24, 2025 (Doc. Nos. 308, 309).  On June 26, 2025, BPN filed a motion to substitute counsel and seeking permission for BPN to withdraw from the litigation in light of its termination and the appearance of new counsel at Haynes Boone (Doc. Nos. 320, 321).  On June 30, 2025, Haynes Boone filed a motion to dismiss on behalf of the Valley Baptist Defendants (Doc. Nos. 330, 331).  Both motions remain pending.

Based on the fact that BPN's substitution motion remains pending, Plaintiff has repeatedly taken the spurious position that the appearances and motion to dismiss filed by Haynes Boone were not valid (e.g. Doc. Nos. 356, 368, 369, 370, 373).  Plaintiff does not cite any rule prohibiting the Valley Baptist Defendants from appearing through more than one lawyer or firm simultaneously as co-counsel, nor could he.

Apparently frustrated that this Court has not entertained his contentions, on August 5, 2025, Plaintiff filed a lawsuit against myself, Ms. Gayer, and Haynes Boone (the "Haynes Boone Parties") in the EDNY (Case No. 2:25-cv-04355-LDH-ARL).  Plaintiff's EDNY lawsuit alleges a series of grievances arising from this consolidated litigation—including that the Clerk in this litigation has not entered default judgments against the Valley Baptist Defendants; that the Haynes Boone Parties appeared and filed a motion to dismiss prior to a court-ordered substitution or withdrawal; and that our notices of appearance in this consolidated action "misrepresented party status" because they did not specify which of the Valley Baptist Defendants were named in each of Plaintiff's Complaints.  To the extent causes of action can be discerned, Plaintiff appears to assert claims against the Haynes Boone Parties for tortious interference and legal malpractice.  Plaintiff seeks, *inter alia*, $10 million in damages, plus punitive damages, and a declaration that the Haynes Boone Parties' filings in this consolidated litigation were unauthorized.  (Case No. 2:25-cv-04355-LDH-ARL, Doc. No. 1).

*Plaintiff's Misleading and Meritless Filings Relating to Haynes Boone.*

Plaintiff's characterization of the EDNY suit as "unrelated" to this litigation (Doc. No. 412) is thus misleading and could not be further from reality.  Indeed, all of Plaintiff's allegations and claims in that action arise from the procedural history in this litigation.  Likewise, Plaintiff has misled the court in the EDNY litigation by failing to disclose these consolidated actions as related cases.

Plaintiff's motion seeking to remove Ms. Gayer and I from PACER and the consolidated docket (Doc. No. 413) is equally meritless.  Plaintiff does not identify any rule requiring court approval in order for attorney appearances to take effect, and his reliance upon Local Civil Rule 1.4 is misplaced—that rule serves to prevent any disruption as a result of the termination of outgoing counsel, not to limit a party's ability to appoint additional counsel.

# HAYNES BOONE 

*Valley Baptist Defendants Need Not File a Response to These Frivolous Filings*

Plaintiff's filings in this litigation, and Plaintiff's EDNY suit, are just the latest in a long string of frivolous attempts to defeat the Valley Baptist Defendants' valid defenses through nonsensical procedural game-playing—including, to name just a few: Plaintiff's repeated requests for entry of default against the Valley Baptist Defendants despite a court-ordered extension of their response deadline to June 30, 2025; Plaintiff's meritless contentions that his requests for admissions, which were served in violation of a court-ordered stay, are deemed to be admissions; Plaintiff's motion for sanctions upon Haynes Boone; Plaintiff's motion to transfer venue to the EDNY given his lack of success in the instant forum; and more.

In light of this Court's stay of all further proceedings in these consolidated actions, it is our understanding that the Valley Baptist Defendants are not required to respond to the above-referenced filings unless and until such time as the Court so orders. However, for avoidance of doubt, we hereby note the Valley Baptist Defendants' opposition to the above-referenced filings, in their entirety. The Valley Baptist Defendants reserve the right to file an appropriate opposition and/or response if and when this Court so orders.

Respectfully submitted,

*/s/ Leslie C. Thorne*

Leslie C. Thorne