**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,     **25 Civ. No. 01683 (VSB) (GS)**

     -against-                           **ORDER**

TENET HEALTHCARE, *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,     **25 Civ. No. 01692 (VSB) (GS)**

     -against-

PAKIS, GIOTES, BURLESON &
DEACONSON, P.C., *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,     **25 Civ. No. 01753 (VSB) (GS)**

     -against-

VALLEY BAPTIST REALTY
COMPANY, LLC, *et al.*,

                Defendants.
------------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                Plaintiff,     **25 Civ. No. 01754 (VSB) (GS)**

     -against-

VHS HARLINGEN HOSPITAL
COMPANY, L.L.C., *et al.*,

                Defendants.

```
------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                        Plaintiff,           25 Civ. No. 01868 (VSB) (GS)

            -against-

 JAMS.,

                        Defendant.
------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

On April 30, 2025, the Court stayed these consolidated cases pending the filing of anticipated motions to dismiss the applicable Complaints by the applicable Defendants. (Dkt. No. 146 at 3 (the "April 30 Stay Order")). A number of motions to dismiss have now been filed (*see* Dkt. Nos. 157 (JAMS, Inc.), 179 (Pakis, Giotes, Burleson & Deaconson, P.C., Michael Cosby, Marcus Mataga, and David N. Deaconson), 211 (Judges David L. Evans and Maria Aceves), 310 (Hon. Michael Massengale), 330 (Tenet Healthcare, VHS Harlingen Hospital Company, L.L.C., Valley Baptist Realty Company, LLC.), 366 (Sheri Flame Eisner and Kimberly Taylor)).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) (recognizing that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). In particular, a stay of discovery pending resolution of a motion to

dismiss may be granted upon consideration of relevant factors including "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (citation omitted).

A continuation of the April 30 Stay Order is warranted for several reasons. First, without intimating any view on the appropriate outcome of Defendants' motions to dismiss, a review indicates that they present substantial arguments for dismissal and, if successful, would be dispositive of all of Plaintiff's claims. *See Lu v. Cheer Holding, Inc.*, No. 24 Civ. 459 (RA) (GS), 2024 WL 1718821, at *3 (S.D.N.Y. Apr. 19, 2024); *see also Alapaha View*, 2021 WL 1893316, at *2 (finding that motion to dismiss weighed in favor of a stay because, after an initial review, it appeared to be "potentially dispositive" and "not unfounded in the law") (citation omitted).

Second, Plaintiff's pattern of filing frequent, frivolous, vexatious and duplicative motions and other submissions, which led to the Court's April 30 Stay Order, has unfortunately continued after that Order. A review of the docket shows that Plaintiff has inundated it with literally hundreds of filings since these actions were commenced less than seven months ago, including *more than 100 motions*, the majority of which post-date the April 30 Stay Order. These have included motions seeking discovery, default judgments, summary judgment, findings of fact and conclusions of law, reimbursement of expenses, and a variety of other forms of relief

3

wholly inappropriate at this stage of the litigation. Due to the stay, Defendants have been relieved of the nearly impossible task of keeping up with and responding to this avalanche of filings. A continuation of the stay is necessary to avoid inflicting substantial unfairness and expense on Defendants until Judge Broderick has determined whether Plaintiff's pleadings state a valid claim for relief.

Third, any prejudice that Plaintiff might claim from a stay is outweighed by the above considerations. Like most plaintiffs, Plaintiff would like to move forward with his claims expeditiously. But his impatience is no justification for his irresponsible litigation conduct and no reason for not continuing the stay. Plaintiff's request for a preliminary injunction preventing the scheduled JAMS arbitration from taking place was duly addressed and resolved by Judge Broderick in his April 30, 2025 Opinion & Order. (Dkt. No. 145). The Court is unaware of any genuine prejudice that would result to Plaintiff from a stay.

Accordingly, the Court hereby extends the stay until Defendants' motions to dismiss have been decided.

**SO ORDERED.**

Dated: New York, New York
September 15, 2025

_____
GARY STEIN
United States Magistrate Judge