**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                       Plaintiff,             **25 Civ. No. 01683 (VSB) (GS)**

      -against-

                                            **OPINION & ORDER**

TENET HEALTHCARE, *et al.*,
                       Defendants.
----------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      Plaintiff Daniel De Oliveira ("Plaintiff") filed a First Amended Complaint in this action on May 27, 2025. (Dkt. No. 251 ("FAC")). Defendants JAMS, Inc. ("JAMS") and Michael Massengale, along with Defendants Tenet Healthcare Corporation ("Tenet") and Valley Baptist Realty Company, LLC ("Valley Baptist") (collectively, the "Opposing Defendants"), oppose the filing of the FAC. The Opposing Defendants contend that Plaintiff was not entitled to amend as a matter of right under Rule 15(a)(1) of the Federal Rules of Civil Procedure, and that to the extent the Court might construe the filing as a motion for leave to amend under Rule 15(a)(2), leave should be denied. (Dkt. Nos. 252, 263, 287).

      For the reasons set forth below, the Court finds that the FAC is improper under Rule 15(a) and should therefore be stricken.

## BACKGROUND

      Plaintiff, who is proceeding *pro se*, has filed five separate complaints in these cases, which have been consolidated for pretrial purposes by the Honorable Vernon S. Broderick. (Dkt. No. 13). The FAC relates to the first-filed and lead case, *De*

*Oliveira v. Tenet Healthcare*, Case No. 25-cv-1683. That action, commenced on February 22, 2025, asserts claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.* against, among others, Tenet; JAMS; a number of Texas state court judges; and the law firm of Pakis, Giotes, Burleson & Deaconson, P.C. and several attorneys at the firm (the "Pakis Defendants"). (Dkt. No. 1 ("Complaint") at 18-30). Plaintiff's claims relate to litigation and arbitration proceedings in Texas involving himself, Valley Baptist, VHS Harlingen Hospital Company, L.L.C., and JAMS. (*See generally id.* at 36-56).

The FAC, filed on May 27, 2025, purports to add the following nine individuals and entities as defendants on Plaintiff's RICO claims: Saum Sutaria, M.D., the Chairman and CEO of Tenet; Tom Arnst, Tenet's Chief Legal Officer and General Counsel; Kimberly Taylor, the President and CEO of JAMS; Sheri Flame, JAMS' General Counsel; Hon. Michael Massengale (Ret.), a JAMS arbitrator; Pete McDonald, counsel for JAMS at the law firm of Gibbs & Bruns LLP ("Gibbs"); Anothony N. Kaim, Supervising Partner at Gibbs; the Gibbs firm itself; and Drew Harris, an Assistant Attorney General in the Texas Office of the Attorney General (collectively, the "New Defendants"). (FAC 1-5).[1]

The FAC does not purport to add new allegations or claims against the existing Defendants named in the original Complaint. Rather, Plaintiff states that

---

[1] The month before filing the FAC, Plaintiff filed motions seeking to add four of the New Defendants: Tenet's Sutaria and Arnst, and JAMS' Taylor and Flame. (Dkt. Nos. 125, 127, 135 & 139). The stay issued by the Court on April 30, 2025 relieved Defendants of any obligation to respond to these motions. (Dkt. No. 146 at 3). The motions had not been ruled on at the time the FAC was filed.

the amendment "adds the following defendants [*i.e.*, the nine New Defendants described above] and articulates the factual and legal basis for their inclusion" in Plaintiff's RICO claims. (*Id.* at 1). On May 28, 2025, Plaintiff filed a notice making clear that the FAC "was filed exclusively in" Case No. 25-cv-1683 and "does not extend" to his other, consolidated cases. (Dkt. No. 256 at 2).

In his May 28 filing, Plaintiff also invoked the general rule that "[t]he filing of an amended complaint supersedes the original complaint." (*Id.* at 1). Evidently Plaintiff invoked the rule in an effort to nullify the motions to dismiss the Complaint that had been filed by JAMS on May 2, 2025, by the Pakis Defendants on May 8, 2025, and by two of the Texas state court judges, Maria Aceves and David L. Evans (the "Defendant Judges"), on May 19, 2025.[2] (*Id.* (asserting that the FAC "renders moot pending motions to dismiss directed at the original complaint"); *see* Dkt. Nos. 157-59 (JAMS' motion), 179-81 (Pakis Defendants' motion), 211-12 (Defendant Judges' motion)). But it is hard to imagine Plaintiff means this literally. If he does, then the FAC not only renders moot Defendants' prior motions to dismiss, but also renders moot Plaintiff's claims against those Defendants as well as the other Defendants named in the original Complaint. That is because none of the original Defendants are named in the FAC, nor does the FAC reiterate the substantive allegations made against the original Defendants.

---

[2] There is no indication on the docket that any of the other Texas state judges named in the original Complaint have been served.

Hence, if the FAC truly "supersedes" the original Complaint and renders it a nullity, that would mean that Plaintiff has withdrawn his RICO claims against the original Defendants. And, indeed, one group of Defendants, the Pakis Defendants, contend that the FAC has precisely this effect. (*See* Dkt. No. 275 at 1 (contending that the FAC "does not assert any cause of action against or even mention the Pakis Defendants and should accordingly be construed as a withdrawal of the RICO complaint as against the Pakis Defendants")).

Considering the special solicitude afforded to *pro se* litigants, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("[I]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'") (cleaned up), the Court instead construes the FAC as adding parties and allegations related to those parties, rather than as superseding the original Complaint and withdrawing Plaintiff's RICO claims against the Defendants named in the Complaint. In other words, the FAC, if it is properly before the Court, should be read together with the Complaint, not in lieu of it. *See, e.g.*, *Little v. City of New York*, No. 13 Civ. 3813 (JGK), 2014 WL 4783006, at *1 (S.D.N.Y. Sept. 25, 2014) ("Because the plaintiff is proceeding pro se, the Court will consider the Original Complaint and the Amended Complaint together as the operative pleading."). At the same time, however, and for the same reason, *i.e.*, that the content of the FAC relates to the nine New Defendants and not the original Defendants, it would appear that the FAC does not

4

render moot the previously filed motions to dismiss by JAMS, the Pakis Defendants, and the Judge Defendants.

## DISCUSSION

### A. Amendment as of Right Under Rule 15(a)(1)

Plaintiff asserts that he filed the FAC as a matter of right under Rule 15(a)(1)(B) because it was filed "within 21 days of Defendants' motion to dismiss." (FAC at 1). Under Rule 15(a), a plaintiff may amend his complaint "once as a matter of course no later than: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B).

The Opposing Defendants contend that the FAC was untimely under Rule 15(a)(1), but for different reasons. Tenet and Valley Baptist argue that under Rule 15(a)(1)(A), a party has the right to amend its pleading no later than "21 days after serving it," and that since Tenet was served with the Complaint on March 17, 2025 and Valley Baptist was served on April 14, 2025, the filing of the FAC on May 27, 2025 was outside the 21-day period. (Dkt. No. 263 at 1-2).

Tenet and Valley Baptist are incorrect. Rule 15(a)(1) allows a party to amend its pleading once as a matter of right *either* no later than 21 days of serving it ((a)(1)(A)) *or* no later than 21 days after service of a responsive pleading or a motion to dismiss ((a)(1)(B)). While courts once differed over whether a plaintiff lost his right to amend where he failed to amend within 21 days of serving the complaint, but the defendant had not yet answered or moved to dismiss (which was the case

5

here as of the time the FAC was filed with respect to Tenet and Valley Baptist), *see, e.g.*, *Doe #1 v. Syracuse Univ.*, 335 F.R.D. 356, 358-60 (N.D.N.Y. 2020), the matter was resolved when Rule 15 was amended in 2023. The 2023 amendment substituted the phrase "no later than" for "within" to measure the time allowed to amend once as a matter of course. As explained in the Advisory Committee Note, the prior wording had allowed for an "untoward" reading of Rule 15 pursuant to which "the time to amend once as a matter of course lapses 21 days after the pleading is served and is revived only on the later service of a responsive pleading or one of the Rule 12 motions." Fed. R. Civ. P. 15, Adv. Comm. Note, 2023 Amend. Finding "no reason to suspend the right to amend in this way," the drafters substituted the phrase "no later than" to make clear that "the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B)." *Id.*

JAMS, situated differently from Tenet and Valley Baptist, makes a different timeliness argument. (Dkt. No. 252). JAMS was served with the Complaint on March 12, 2025 and moved to dismiss the Complaint on May 2, 2025. (Dkt. Nos. 43, 157). Hence, the FAC was not filed until more than 21 days had elapsed from *both* service upon JAMS *and* JAMS' filing of a Rule 12 motion to dismiss. If JAMS were the sole defendant named in the original Complaint, it would be clear that Plaintiff was not entitled as of right to file the FAC on May 27, 2025.

But JAMS is not the sole defendant named in the original Complaint. There are multiple defendants, some of whom had filed motions to dismiss prior to the

6

FAC, but within 21 days of the FAC (the Pakis Defendants and the Defendant Judges), and one of whom had not yet filed its motion to dismiss (Tenet). In such a situation, the issue arises as to whether or not the plaintiff's right to amend under Rule 15(a)(1) lapses 21 days after the filing of the *first* motion to dismiss. Some courts within and outside of this Circuit have held that it does. *See Williams v. Black Ent't Tel., Inc.*, No. 13 Civ. 1459 (JS) (WDW), 2014 WL 585419, at *3-4 (E.D.N.Y. Feb. 14, 2014) (finding that "'the twenty-one day period to amend as a matter of course begins on the date of the earliest defense action'" and, as a result, plaintiff's time to amend as a matter of course ended 21 days after filing of first motion to dismiss even though amended complaint was filed within 21 days of another defendant's motion to dismiss and prior to the final motion to dismiss) (citation omitted); *Brown v. W. Valley Envtl. Servs.*, LLC, No. 10 Civ. 210, 2010 WL 3369604, at *10 (W.D.N.Y. Aug. 24, 2010); *see also Bowling v. Dahlheimer*, No. 20-40642, 2022 WL 670150, at *2 (5th Cir. Mar. 7, 2022) ("[T]he 21-day period to file an amended complaint as of right begins after the first defendant files a responsive pleading."); *Middleton v. Baltimore City Police Dep't*, Civil Action No. ELH-20-3536, at *1 n.3 (D. Md. Jan. 28, 2022); *Allen v. Vintage Pharm. LLC*, 5:18-CV-329-TES, 2019 WL 542981, at *3 (M.D. Ga. Feb. 11, 2019); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-Civ, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017). Under this rule, "the amended complaint must be stricken as to all Defendants because Plaintiff filed it more than 21 days after the first responsive pleading in the case was filed." *Allen*, 2019 WL 542981, at *3 n.5.

The case law is not uniform, however. *See, e.g., Bank of Am., N.A. v. TemPay LLC*, No. 19 Civ. 674 (JLS), 2020 WL 1933605, at *3 (W.D.N.Y. Apr. 21, 2020) ("'[W]hen a plaintiff seeks to amend his or her complaint against multiple defendants, each defendant is treated separately under Rule 15 for purposes of amending as of right.'" (quoting *Nichols v. Livingston Cnty.*, No. 18 Civ. 6669 (EAW), 2020 WL 1933605, at *4 (W.D.N.Y. Aug. 20, 2019) (citing cases))); *see also Gordy v. Cnty. of Los Angeles*, No. 2:21-cv-7091-JGB (JDE), 2022 WL 2189621, at *1 (C.D. Cal. May 4, 2022) ("Where multiple defendants are named in the complaint, courts are split regarding whether the 21-day period begins on the date the earliest defense action is filed or whether each defendant is treated separately for purposes of calculating the plaintiff's window to amend once as a matter of course under Rule 15(a).") (citing cases); *Allen*, 2019 WL 542981, at *3 (describing split).

The Court finds that the circumstances of this case call for application of the rule set forth in cases such as *Williams* and *Brown* rather than the separate-treatment line of cases. Amendment as of right following the filing of a motion to dismiss is designed to give the pleader an opportunity to consider the wisdom of amending "to meet the arguments in the motion" and thereby "avoid the need to decide the motion or reduce the number of issues to be decided." Fed. R. Civ. P. 15, Adv. Comm. Note, 2009 Amend. That rationale may well justify treating multiple defendants separately in a situation where the first motion to dismiss does not raise an issue that the pleader could attempt to cure by amendment, but a later-filed motion to dismiss does raise such an issue. In that situation, it would make little

sense to deprive the pleader of the right to amend, and the parties and the court of the benefits of a curative amendment, simply because the defendant who raised the issue happened to file its motion to dismiss after another defendant.

That is not the situation here, however. None of the amendments in the FAC are designed "to meet the arguments" made in the motions to dismiss filed by JAMS, the Pakis Defendants, or the Judge Defendants. Indeed, there is no real basis for treating the original Defendants differently for Rule 15(a) purposes given that the amended FAC does not change the Complaint's allegations as to *any* of those Defendants, but instead adds *new* Defendants. To be sure, amendments that add parties (and not just those that add allegations or claims against existing parties) fall within the scope of Rule 15(a)(1)'s amendment as of right when timely made. *See In re Orion HealthCorp, Inc.*, 95 F.4th 98, 102 (2d Cir. 2024) (rejecting the view that the addition of parties to a complaint should be governed solely by Rule 21 and always require leave of court). But Plaintiff does not claim, nor does it appear from the FAC's allegations, that Plaintiff added any of the nine New Defendants because he had only recently learned facts indicating what their role was in the purported RICO enterprise, or that they had committed a previously unknown wrongful act against him, or that they are necessary for him to secure effective relief in the action. There is no apparent reason why Plaintiff could not

9

have named the New Defendants in the original Complaint or in an amended pleading filed prior to or within 21 days after the first motion to dismiss.[3]

As the circumstances here furnish no grounds for treating the original Defendants separately for purposes of analyzing Plaintiff's right to amend under Rule 15(a)(1), and allowing amendment as of right would not further the rationale underlying that right, the Court finds that the 21-day period for Plaintiff to amend began to run when JAMS filed the first motion to dismiss on May 2, 2025. Accordingly, Plaintiff no longer had the right to file the FAC as a matter of course on May 27, 2025.

### B. Leave to Amend Under Rule 15(a)(2)

As Plaintiff had no right to amend under Rule 15(a)(1), the FAC would be proper only if it satisfies Rule 15(a)(2). A party may amend his pleading under Rule 15(a)(2) "only with the opposing party's written consent or the court's leave." None of the Defendants consent to the filing of the FAC, and Plaintiff did not move for leave to file the FAC under Rule 15(a)(2). Nevertheless, the Court has the authority to construe Plaintiff's submission as a motion for leave to file the FAC, and in light of Plaintiff's *pro se* status, and the fact that Plaintiff previously moved to add four of the New Defendants (*see* note 1, *supra*), the Court exercises that authority in this case. *See Tanjutco v. NYLife Secs. LLC*, No. 23 Civ. 4889 (BCM), 2024 WL 1258385, at *3 (S.D.N.Y. Mar. 25, 2024).

---

[3] Indeed, Plaintiff's May 28, 2025 filing suggests that he filed the FAC in order to "render . . . moot" the pending motions to dismiss directed at the original Complaint. (Dkt. No. 256 at 1).

In general, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "This is a 'liberal' and 'permissive' standard," *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (citation omitted), and leave to amend under Rule 15(a)(2) "'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, resulting prejudice to the opposing party,'" *AT&T Corp. v. Atos IT Solutions & Servs., Inc.*, No. 21 Civ. 4550 (VSB) (RWL), 2024 WL 379952, at *4 (S.D.N.Y. Feb. 1, 2024) (quoting *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603-04 (2d Cir. 2005)).  Where, as here, "the amendment seeks to add a party, Rule 21 of the Federal Rules of Civil Procedure, which allows addition of a party 'at any time, on just terms,' also comes into play . . . . Under both Rules 15 and 21, leave to amend may be denied where the proposed amendment would be futile or where it would result in prejudice to the opposing parties."  *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012) (citation omitted); *see* Fed. R. Civ. P. 21.

The Opposing Defendants argue that leave to amend should be denied on the ground that amendment would be futile.  (Dkt. No. No. 252 at 2-3; Dkt. No. 263 at 2-3).  Based on the nature of the claims asserted in the FAC, and the paucity of factual allegations against the proposed New Defendants, the Court agrees.

The claims against the New Defendants arise from allegedly wrongful and fraudulent acts they committed in connection with litigation and arbitration proceedings involving Plaintiff.  (*See* FAC at 1-5).  But the Second Circuit has

specifically cautioned against using litigation activities as the basis for a civil RICO claim. In *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), the Second Circuit squarely held: "Allegations of frivolous, fraudulent, or baseless litigation activities—without more—cannot constitute a RICO predicate act." *Id*. at 104. The court went on to explain the "compelling policy arguments" that support this rule:

> First, if litigation activity were adequate to state a claim under RICO, every unsuccessful lawsuit could spawn a retaliatory action, which would inundate the federal courts with procedurally complex RICO pleadings. Furthermore, permitting such claims would erode the principles undergirding the doctrines of res judicata and collateral estoppel, as such claims frequently call into question the validity of documents presented in the underlying litigation as well as the judicial decisions that relied upon them. Moreover, endorsing this interpretation of RICO would chill litigants and lawyers and frustrate the well-established public policy goal of maintaining open access to the courts because any litigant's or attorney's pleading and correspondence in an unsuccessful lawsuit could lead to drastic RICO liability.

*Id*. (cleaned up); *see also Gabovitch v. Shear*, 70 F.3d 1252 (table), 1995 WL 697319, at *2 (1st Cir. 1995) (per curiam) ("In essence, simply by alleging that defendants' litigation stance in the state court case was 'fraudulent,' plaintiff is insisting upon a right to relitigate that entire case in federal court. . . . The RICO statute obviously was not meant to endorse any such occurrence."), *quoted with approval in Kim*, 884 F.3d at 104.

The FAC runs afoul of this rule. Its allegations against each of the New Defendants consist of a short paragraph identifying the Defendant's position followed by 2-4 sentences making conclusory assertions of misconduct in connection with litigation and arbitration activity. In particular:

- As against Tenet CEO Sutaria, the FAC alleges that he is liable under RICO because he "took no corrective action" to prevent Tenet's subsidiaries from "fil[ing] lawsuits and compel[ling] arbitration in courts lacking jurisdiction." (FAC at 2). Similarly, the FAC charges Tenet General Counsel Arnst with "participati[ng] in racketeering activity by enabling fraudulent judicial processes." (*Id.*).

- As against JAMS CEO Taylor and General Counsel Eisner, the FAC alleges that they "continued to allow JAMS to arbitrate a time-barred dispute" and "fail[ed] to halt the arbitration despite clear admissions that the case was outside jurisdiction and time-barred." (*Id.* at 2-3).

- As against the JAMS arbitrator, Massengale, the FAC alleges that he "continued to adjudicate a case" despite "receiving formal objections and having access to judicial admissions that the arbitration was void for lack of jurisdiction and untimeliness" and "despite knowing that the Plaintiff was not a party to the relevant lease agreement or that no valid contract exists for JAMS to derive jurisdiction." (*Id.* at 3).

- As against the Gibbs law firm and attorneys McDonald and Kaim, the FAC alleges that their purported RICO participation consisted in submitting filings that "knowingly misstate[d] the existence and enforceability of arbitration agreements," "allowing fraudulent filings to proceed and strategic concealment of jurisdictional defects to continue," and "facilitat[ing] the submission of false legal

13

arguments" and "advis[ing] a neutral tribunal to continue jurisdictionally void arbitration." (*Id*. at 3-4).

- As against Assistant Attorney General Harris, the FAC pleads that he "is being added for defending Judge David L. Evans" even though Evans engaged in conduct "that has been deemed ultra vires" and "outside [Evans'] jurisdiction," thereby actively "participat[ing] in an enterprise designed to obstruct justice." (*Id*. at 4-5).

Plainly, these allegations seek to impose RICO liability predicated on litigation activity in the manner forbidden by the *Kim* rule. Consequently, the FAC fails to sufficiently allege the commission of predicate acts as required to state a RICO claim. *See Kim*, 884 F.3d at 103-05. Furthermore, even putting aside the *Kim* rule, Plaintiff's threadbare and conclusory allegations of wrongdoing fall far short of plausibly pleading a claim for relief as to any of the New Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[4]

---

[4] Plaintiff's previously filed motions seeking to add Sutaria, Arnst, Taylor, and Flame as defendants do not contain any allegations of substance beyond the FAC's allegations. (*See* Dkt. Nos. 125, 127, 135 & 139).

Accordingly, it would be futile to permit Plaintiff's proposed claims against the New Defendants to proceed, and leave to amend is therefore denied.

## C. Opportunity for Review

A motion to strike an amended complaint on the ground that the plaintiff was not entitled to file it as of right under Rule 15(a)(1) is considered a non-dispositive matter within the authority of a magistrate judge to decide.[5] *See, e.g.*, *Bizouati v. City of New York*, No. 05 Civ. 4133 (RJD) (MDG), 2008 WL 753886, at *1 n.1 (E.D.N.Y. Mar. 19, 2008); *Davis v. E. Baton Rouge Parish Prison*, Civil Action No. 17-795-BAJ-SDJ, 2021 WL 3729963, at *1 n.4 (M.D. La. Aug. 23, 2021); *Gaye v. Taylor*, No. 1:15-CV946-SCJ, 2016 WL 4607878, at *1 (N.D. Ga. Feb. 1, 2016); *Lycurgan, Inc. v. Rood*, No. 3:13-CV_1331-JD, 2014 WL 4261133, at *2 (N.D. Ind. Aug. 28, 2014).

Similarly, "'[t]he weight of authority within this Circuit classifies a motion to amend a pleading [under Rule 15(a)(2)] as non-dispositive.'" *Set Cap. LLC v. Credit Suisse Grp. AG*, No. 18 Civ. 2268 (AT) (SN), 2024 WL 20887, at *5 (S.D.N.Y. Jan. 2, 2024) (quoting *Trombetta v. Novocin*, No. 18 Civ. 993 (RA), 2021 WL 6052198, at *6 (S.D.N.Y. Dec. 21, 2021)). Numerous courts have treated the denial of a motion for leave to amend as non-dispositive regardless of the grounds for denial, including denial on the ground of futility. *Coral Crystal LLC v. Fed. Ins. Co.*, No. 17 Civ. 1007

---

[5] On March 27, 2025, the Honorable Vernon S. Broderick referred these matters to the undersigned for general pretrial supervision, including non-dispositive motions. (Dkt. Entry dated Mar. 27, 2025; Dkt. No. 27).

15

(LTS) (BCM), 2021 WL 84308, at *1 n.1 (S.D.N.Y. Jan. 21, 2021) (citing cases). However, other courts "reason that a denial of leave to amend premised on 'futility' is akin to the grant of a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) and should therefore be deemed dispositive, requiring *de novo* review pursuant to Rule 72(b)." *Id*. (citing cases).

Based on the case law, the undersigned believes the decision to reject Plaintiff's FAC under Rule 15(a) involves a non-dispositive matter and therefore issues the decision as an Opinion & Order rather than as a Report & Recommendation. To the extent my determination is deemed "dispositive" for purposes of Fed. R. Civ. P. 72(b), I respectfully recommend that the FAC be rejected under Rule 15(a). *See Coral Cystal*, 2021 WL 84308, at *1 n.1.

Ultimately, however, "[t]his question matters only for the standard of review, should [Plaintiff] file objections to the District Judge." *Set Cap.*, 2024 WL 20887, at *5. Plaintiff may file any objections under Rule 72(a) within 14 days after being served with a copy of this decision. Under Rule 72(a), the District Judge will consider any timely objections and modify or set aside this decision if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Plaintiff may, however, argue that the decision is dispositive, and that his objections should be considered under Rule 72(b). Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B). If the District Court agrees, he can consider any objections and determine *de novo* any part of this decision that is properly objected to.

16

To the extent this decision may be considered a Report & Recommendation reviewable pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), the parties shall have fourteen days, inclusive of weekends and holidays, from the date of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. 6(a), (b), and (d). Any such objections shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be directed to Judge Broderick. A failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

## CONCLUSION

For the reasons set forth above, Plaintiff's filing of the FAC does not conform to the requirements of Rule 15(a)(1) or Rule 15(a)(2) and, accordingly, the FAC (Dkt. No. 251) should be stricken. The Clerk is also respectfully requested to terminate Plaintiff's motions to add parties at Dkt. Nos. 125, 127, 135, and 139.

**SO ORDERED.**

Dated: New York, New York
September 15, 2025

_____
GARY STEIN
United States Magistrate Judge