**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                       Plaintiff,          **25 Civ. No. 01683 (VSB) (GS)**

        -against-                            **ORDER**

TENET HEALTHCARE, *et al.*,

                       Defendants.
---------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                       Plaintiff,          **25 Civ. No. 01692 (VSB) (GS)**

        -against-

PAKIS, GIOTES, BURLESON &
DEACONSON, P.C., *et al.*,

                       Defendants.
---------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                       Plaintiff,          **25 Civ. No. 01753 (VSB) (GS)**

        -against-

VALLEY BAPTIST REALTY
COMPANY, LLC, *et al.*,

                       Defendants.
---------------------------------------------------------------X
DANIEL DE OLIVEIRA,

                       Plaintiff,          **25 Civ. No. 01754 (VSB) (GS)**

        -against-

VHS HARLINGEN HOSPITAL
COMPANY, L.L.C., *et al.*,

                       Defendants.

```
-----------------------------------------------------------------X
```
DANIEL DE OLIVEIRA,

                      Plaintiff,      **25 Civ. No. 01868 (VSB) (GS)**

            -against-

JAMS,

                    Defendant.
```
-----------------------------------------------------------------X
```

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Daniel De Oliveira ("Plaintiff") has filed myriad submissions related to various motions seeking entry of default against different Defendants in these consolidated cases. For the reasons set forth below, Plaintiff's various motions and requests for entry of default are without merit and are therefore **DENIED**.[1]

## BACKGROUND

Due to the volume of Plaintiff's default-related submissions, which encompass literally dozens of motions and related filings over more than three months, the following discussion focuses on those submissions which are directed, in whole or in part, to one subgroup of related Defendants: Tenet Healthcare

---

[1] On March 27, 2025, the Honorable Vernon S. Broderick referred these matters to the undersigned for general pretrial supervision, including non-dispositive motions. (Dkt. Entry dated Mar. 27, 2025; Dkt. No. 27). A motion for entry of default is considered a non-dispositive motion and, therefore, within the authority of a magistrate judge to decide. *See, e.g.*, *Krause v. KCG Dev., LLC*, No. 23 Civ. 983 (JLS) (LGF), 2025 WL 1640680, at *1 n.1 (W.D.N.Y. May 27, 2025); *Fed. Elec. Comm'n v. LatPAC*, No. 21 Civ. 6095 (ALC) (SDA), 2022 WL 72304, at *2 (S.D.N.Y. Jan. 7, 2022); *see also Douse v. Neal Communities of Sw. Fla, Inc.*, No. 21-10855, 2022 WL 2761690, at *2 (11th Cir. July 15, 2022) (describing magistrate judge's order denying plaintiff's request for a clerk's entry of default as non-dispositive); *Chambers v. Ebbert*, No. 3:18-cv-1009, 2018 WL 6729795, at *2 (M.D. Pa. Dec. 21, 2018) (as "denial of the plaintiff's motion for entry of default" was a non-dispositive pretrial matter, "the plaintiff's consent was not required"); *Hunter v. Shepherd*, Case No. CV 14-4452 MMM (JC), 2015 WL 13916594, at *2 (C.D. Cal. Dec. 22, 2015) ("The denial of [plaintiff's] request to enter [defendant's] default is a non-dispositive matter, because it did not dispose of any of [plaintiff's] claims nor any of [defendant's] defenses.").

Corporation ("Tenet"), Valley Baptist Realty Company, LLC ("Valley Baptist"), and VHS Harlingen Hospital Company, L.L.C. ("VHS") (collectively the "Tenet Defendants").[2]

On March 17, 2025, service of summons and the initial Complaint was executed as to Tenet, thereby setting an April 7, 2025 deadline for Tenet to file its answer or other response. (Dkt. No. 30). On March 31, 2025, Plaintiff moved for a default judgment against Tenet, seven days before the expiration of the April 7 deadline. (Dkt. No. 52). On April 10, 2025, three days after the deadline, Tenet requested an extension of time to answer or otherwise respond to the Complaint, citing, *inter alia*, Plaintiff's voluminous filings and the fact that Tenet's new counsel had been retained only two days before. (Dkt. No. 88).

On April 14, 2025, the undersigned granted Tenet's request, adjourning the deadline to answer or otherwise respond to May 22, 2025. (Dkt. No. 102). On April 17, 2025, Plaintiff moved to strike the April 14 Order on the grounds that consent is required for a magistrate judge to issue such an extension, he did not consent to the exercise of jurisdiction by a magistrate judge, and the extension was impermissibly granted subsequent to Tenet's defaulting. (Dkt. No. 109). On April 18, 2025, Plaintiff moved once more to strike the April 14 Order on the same grounds and adding the argument that Tenet did not file a motion to set aside the default. (Dkt. No. 122). On April 25, 2025, Plaintiff submitted yet another letter asserting, once

---

[2] Valley Baptist and VHS have been involved in litigation with Plaintiff in the Texas state courts. (Dkt. No. 1-3 to 1-6). Tenet is the parent company of Valley Baptist and VHS. (Dkt. No. 331 at 1).

3

more, that, *inter alia*, a magistrate judge does not have jurisdiction to issue such an extension, which he characterized as a "dispositive matter[]." (Dkt. No. 128). On April 27, 2025, and again on April 30, 2025, Plaintiff filed letters reaffirming his positions. (Dkt. Nos. 130, 142).

Also on April 30, 2025, the Court issued an Order addressing what it described as a "barrage" of motions and other filings made by Plaintiff over the past several weeks. (Dkt. No. 146 at 2). The Order noted that "the volume and pace of Plaintiff's filings has made it impracticable for Defendants to adequately reply to, or the Court to address, those filings in a timely fashion," and that "many of these filings appear to be frivolous, vexatious and/or duplicative on their face." (*Id.* at 3). As a result, the Court placed a stay on all proceedings against all Defendants pending the applicable Defendant's (or Defendants') filing of an answer, motion to dismiss, or other response to Plaintiff's Complaint to allow Defendants time to respond to the Complaint without unfairly burdening Defendants or the Court with the need to address a deluge of other motions during the intervening period. (*Id.*). In a separate Opinion & Order issued the same day, Judge Broderick similarly noted that Plaintiff's "serial filing of motions" suggests "potential repetitive, vexatious, and frivolous litigation" and warned Plaintiff that if he continued to file motions without regard to the timing strictures in the rules, "he risks being sanctioned." (Dkt. No. 145 at 15).

In the meantime, Plaintiff had also effected service on VHS and Valley Baptist. (Dkt. Nos. 151, 166). On May 1, 2025, Plaintiff requested entry of default

4

against VHS for its failure to file its answer when due on April 30, 2025. (Dkt. No. 152). On May 6, 2025, Judge Broderick issued an Order granting requested extensions of time to respond to Valley Baptist and VHS (and a further extension of time to Tenet) to June 30, 2025. (Dkt. No. 174).[3] As Judge Broderick explained, "the Second Circuit has recognized that 'default judgments are disfavored' based on the 'clear preference' that cases are adjudicated on the merits." (*Id.*). Accordingly, Judge Broderick determined, in his discretion, to grant the extension requests even though VHS and Valley Baptist did not move for extensions until six days and one day, respectively, after their answers were due. (*Id.*).[4]

On May 10, 2025, despite Judge Broderick's May 6 Order, Plaintiff filed a letter addressed to the Clerk of the Court stating that the entry of default is a "ministerial and nondiscretionary" function the Clerk is required to perform under Federal Rule of Civil Procedure 55(a). (Dkt. No. 186 at 2). He reiterated that position in a May 14, 2025 letter addressed to Chief Judge Swain, contending that the Clerk's Office was impermissibly delaying entry of defaults even though "all required Rule 55(a) elements have been satisfied." (Dkt. No. 198 at 1). Plaintiff also moved on May 13, 2025 to vacate Judge Broderick's May 6 Order granting extensions of time to Valley Baptist and VHS, claiming that the Order was improperly issued on a "sua sponte" basis, despite the fact that Judge Broderick

---

[3] The Tenet Defendants filed their motion to dismiss on June 30, 2025. (Dkt. Nos. 330-31).

[4] Counsel for the Tenet Defendants had, however, written to Plaintiff on April 30, 2025 requesting his consent to an extension of time. Plaintiff declined to consent. (Dkt. No. 168-1).

5

acted after receiving (and by way of memo-endorsing) the Tenet Defendants' letter-motion requesting an extension (Dkt. No. 191; *see* Dkt. Nos. 168, 174).[5]

Plaintiff also filed a motion seeking, *inter alia*, to disqualify the undersigned on the ground that I had unlawfully issued "dispositive" orders extending Tenet's (and other Defendants') time to respond to the applicable complaint and to strike the orders granting those extensions. (Dkt. No. 183). On May 19, 2025, the undersigned issued an order denying this motion. (Dkt. No. 218). As explained in the Court's May 19, 2025 Order, given that (1) Tenet moved for an extension only three days after its deadline to answer or otherwise respond to the Complaint; (2) no default had been entered against Tenet at the time of the extension; and (3) the absence of any prejudice to Plaintiff, the Court acted well within its discretion in granting Tenet's motion for an extension. (*Id.* at 8 (citing *Blandford v. Broome Cnty. Gov't*, 193 F.R.D. 65, 69-70 (N.D.N.Y. 2000) (granting extension where defendants moved for an enlargement of time within one week after learning time to answer had expired, given the preliminary state of the litigation and the fact it was unlikely that plaintiff could demonstrate prejudice)). Regarding a magistrate judge's authority to issue such an Order, as the Court explained in its May 19

---

[5] Plaintiff's May 13 motion also argued that the May 6 Order was invalid because the Tenet Defendants had made no showing of "excusable neglect" under Fed. R. Civ. P. 6(b). (Dkt. No. 191). But Judge Broderick was well within his discretion in finding that the Rule 6(b) standard was satisfied. *See NAVCAN.DC, Inc. v. Rinde*, No. 23 Civ. 2267 (LGS) (JW), 2024 WL 3305439, at *2 (S.D.N.Y. Apr. 23, 2024) ("'Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness[,]' and this standard 'is broad enough to encompass even those omissions caused by circumstances within the movant's control.'" (quoting *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998))).

Order, the granting of such an extension, even after the expiration of a deadline for response, raises a non-dispositive matter within the authority of a magistrate judge to decide without consent. (*See* No. 281 at 8 (citing *Kamden-Ouaffo v. Fein, Such, Kahn & Shepard, P.C.*, Civil Action No. 22-4174 (ZNQ) (RLS), 2022 WL 17547361, at *1-2 (D.N.J. Dec. 8, 2022)).[6]

Notwithstanding the definitive rulings in the undersigned's April 14 Order and May 19 Order as well as Judge Broderick's May 6 Order, Plaintiff continued in the ensuing months to flood the docket with a torrent of baseless and duplicative motions and other submissions in pursuit of entry of defaults against the Tenet Defendants.

On May 21, 2025, Plaintiff moved for a hearing on, *inter alia*, the status of all his pending motions for default as well as those contesting magistrate judge jurisdiction over extensions to defaulting parties absent consent. (Dkt. No. 223). On May 24, 2025, Plaintiff renewed his motion for entry of default against Tenet (Dkt. No. 236), and filed another letter arguing, *inter alia*, that the Court's April 14 Order granting the extension to Tenet was invalid because it was only filed in the consolidated case. (Dkt. No. 237). On May 26, 2025, Plaintiff submitted a letter reaffirming his position that "[t]he Clerk does not have discretion to delay entry or await judicial instruction. The Court does not have legal authority to deny

---

[6] On May 20, 2025, Plaintiff appealed the undersigned's denial of his motion for disqualification. (Dkt. No. 220). Judge Broderick denied the motion on May 30, 2025 and again warned Plaintiff that "his incessant filings, unsupported by meritorious arguments, may result in sanctions[.]" (Dkt. No. 258 at 7).

7

default or extend deadlines post hoc without Rule 55(c) compliance." (Dkt. No. 240 at 4).

On May 27, 2025, Plaintiff moved once more to compel the Clerk of Court to enter default against Tenet. (Dkt. Nos. 245, 246). On May 30, 2025, Plaintiff submitted a letter reasserting, *inter alia*, his position that the Clerk of Court has a nondiscretionary obligation to enter default and that the Court cannot rule on post-default motions until the default is vacated. (Dkt. No. 255). Plaintiff submitted a motion on that same day requesting, *inter alia*, an update as to the status of all his motions for default and a hearing on the matter. (Dkt. No. 260).

On June 4, 2025, Plaintiff filed a motion seeking clarification of "the current default status" of the Tenet Defendants. (Dkt. No. 266). This was followed the next day by a letter motion requesting "immediate judicial determination of default status for multiple defendants." (Dkt. No. 269 at 1). On June 22, 2025, Plaintiff submitted a motion demanding clarification of the status of his motions for default, confirmation that post-default motions will not be considered until a ruling on the relevant defaults, and that the Clerk of Court be directed to enter the relevant defaults. (Dkt. No. 306). On June 28, 2025, Plaintiff filed a "Notice of Perpetual Default Status by Operation of Law Under Rule 55(a) and the De Oliveira Doctrine of Issue Preclusion of Immortalized Adjudicated issues Due to Judicial Finality." (Dkt. No. 324). This document again contended that all of the relevant parties are in default, and that the provision of extensions "is not discretionary under Rule

8

55(a) [of the Federal Rules of Civil Procedure] once the procedural conditions for default have already been satisfied." (*Id*. at 1).

In addition, on June 12, 2025, Plaintiff filed separate motions to "confirm non-applicability of extension order" as to Valley Baptist and VHS, arguing that Judge Broderick's May 6 Order extended these Defendants' time to respond only as to Plaintiff's Complaint in Case No. 25-cv-1683 but not as to Plaintiff's separate Complaints against them in Case No. 25-cv-1753 (Valley Baptist) or Case No. 25-cv-1754 (VHS). (Dkt. Nos. 281-84). Plaintiff reiterated this argument in a motion and related submissions filed on July 6, 2025, seeking entry of default against Valley Baptist based on its purported default in Case No. 25-cv-1753. (Dkt. Nos. 345-47). As the Tenet Defendants have noted, however (Dkt. No. 331 at 4 n.2), Plaintiff's argument ignores that neither Valley Baptist nor VHS was named as a defendant in Plaintiff's Complaint in Case No. 25-cv-1683. (*See* Dkt. No. 1). Rather, they were named as Defendants solely in Case Nos. 25-cv-1753 and 1754, respectively. Hence, in granting Valley Baptist and VHS extensions of time to respond to Plaintiff's "complaint" (Dkt. No. 174), Judge Broderick's May 6 Order necessarily extended their deadline to respond to the operative complaints filed against them in Case Nos. 25-cv-1753 and 1754 (which case numbers appeared in the caption of Valley Baptist and VHS's letter requesting an extension of time). (*See id.* at 1).

On July 7, 2025, Plaintiff submitted another letter announcing his intention to request a Writ of Mandamus from the Second Circuit regarding the relevant nonentries of default. (Dkt. No. 351). On that same day, Plaintiff again renewed

9

his request for the entry of default against Tenet. (Dkt. No. 352). Two days later, Plaintiff opined, once more, that denial of the entry of default in the instant action is not within the Court's discretion. (Dkt. No. 361). On July 12, 2025, Plaintiff again renewed his request for the entry of defaults against the Tenet Defendants. (Dkt. No. 371). On that same day, Plaintiff filed a motion to strike purportedly unauthorized filings by the Tenet Defendants on the grounds, *inter alia*, that the filings were made by defendants "in default." (Dkt. No. 368-70).

On July 13, 2025, Plaintiff again reminded the Court of the Clerk's purported duty to enter defaults against the Tenet Defendants (Dkt. No. 373), and subsequently filed a motion to "enforce" Rule 55(a) on July 15, 2025 (Dkt. No. 375). On July 17, 2025, Plaintiff submitted his Writ of Mandamus to be filed with the Second Circuit to enforce compliance with Rule 55(a). (Dkt. No. 376). On July 23, 2025, Plaintiff moved again to strike purportedly unauthorized post-default filings and to compel the Court to enter default against the Tenet Defendants. (Dkt. No. 384, 386, 387, 388). On July 31, 2025, Plaintiff filed a letter that, *inter alia*, yet again renewed his request that the Clerk of Court enter default against the Tenet Defendants. (Dkt. No. 400).

As noted above, Plaintiff has also submitted motions and other filings seeking entry of default, for substantially the same reasons, against other Defendants in these actions, including JAMS, Inc., the law firm of Pakis, Giotes, Burleson & Deaconson, P.C., Marcus Mataga, and Judge David L. Evans, as reflected in certain of the filings described above and additional filings on the docket. (*See* Dkt. Nos.

10

153, 177, 190, 192, 208, 240, 253, 254, 299, 326, 379).  Like the Tenet Defendants, however, these Defendants all sought and were granted extensions of their time to respond (Dkt, Nos. 46, 75, 210), and thereafter filed motions to dismiss by the applicable deadline.  (Dkt. 157-59, 179-80, 211-12).

## DISCUSSION

Plaintiff's incessant filings insisting that the various Defendants in question—including Tenet, Valley Baptist, and VHS as well as Pakis, Giotes, Burleson & Deaconson, P.C., Marcus Mataga, and Judge David L. Evans—are in default, and that defaults be entered against them, are devoid of merit.  Plaintiff is incorrect in claiming the Clerk was required to enter defaults against Defendants after the Court granted them extensions of time to respond to Plaintiff's complaints.  Once those extensions of the deadline were granted, Defendants were no longer in default.  *See McGann v. Biderman*, No. 87 Civ. 8004 (MGC), 1988 WL 130941, at *2 (S.D.N.Y. Nov. 30, 1988) ("[O]nce defendants were granted an additional extension, they were no longer in default.").  Hence, the Clerk had no authority to enter defaults under Rule 55(a).  *See Estes v. Toyota Fin. Serv.*, No. 14 Civ. 1300 (JFB) (SIL), 2015 WL 3830350, at *3 n.1 (E.D.N.Y. June 22, 2015) (noting that Clerk properly denied plaintiff's request for entry of default because defendant had subsequently obtained an extension of time to answer); *Lenz v. Beasla*, No. 19-cv-1423-pp, 2019 WL 5577977, at *3 (E.D. Wis. Oct. 29, 2019) (where court had extended defendant's time to answer, and "that deadline has not yet expired, there is no default for the clerk to enter"); *Bresko v. Critchley*, Civ. Action No.:11-6907-

11

CC-JAD, 2012 WL 2839441, at *1 (D.N.J. July 10, 2012) ("Plaintiffs' request for entry of default against Defendants Critchley, Enright, Van Pelt and Fox, all of whom have been granted an extension of time to respond, is moot.").

Plaintiff is also incorrect to the extent he claims that the undersigned and Judge Broderick lacked discretion to grant Defendants extensions of time to respond to Plaintiff's complaint. "Entry of default is subject to the court's discretion. A court also has discretion under the Federal Rules of Civil Procedure to extend the time permitted to answer a complaint." *Nationsbank of Florida v. Banco Exterior de Espana*, 867 F. Supp. 167, 174 (S.D.N.Y. 1994) (citations omitted); *see also* 10A Wright & Miller, *Federal Practice & Procedure* § 2682: Entry of Default Under Rule 55(a) (4th ed. 2025 update) ("Of course, the court has discretion to grant additional time to a party to plead or otherwise defend."). Therefore, the Orders entered by the undersigned and Judge Broderick granting Defendants extensions of time to respond establish that these Defendants are *not* in default and that, accordingly, default may not be entered against them.

Other arguments made by Plaintiff in support of his demand for entry of defaults are even more frivolous. For example, Plaintiff's June 28, 2025 "Notice of Perpetual Default Status" is premised on what he calls "the doctrine of immortalized adjudicated issues," which he also refers to as "the De Oliveira Doctrine." (Dkt. No. 324 at 2-3). Under this "doctrine," Plaintiff contends that the Tenet Defendants have made "binding" "admissions" that are "legally immutable" by failing to respond to requests for admissions he served both in this case pursuant

12

to Federal Rule of Civil Procedure 36 and in litigation brought against him in 2018 and 2019 by Valley Baptist and VHS in the County Court for Cameron County, Texas.  (*Id*. at 4-5).  Of course, the law does not recognize any such "doctrine of immortalized adjudicated issues" or "De Oliveira doctrine."

Moreover, the purported "admissions" claimed by Plaintiff are of no legal effect.  As reflected in the exhibits to the Complaint, the Texas case in which Plaintiff allegedly served his requests for admissions has been stayed since October 2019, and Plaintiff provides nothing to indicate any of the Defendants were required to respond to his requests when he issued them in February 2025.  (Dkt. No. 1-3 at 87, 94, 156-57, 235; *see* Dkt. No. 170).  Similarly, although Plaintiff has purported to serve Rule 36 requests for admissions in this case (*see, e.g.*, Dkt. Nos. 34, 229, 230, 264, 278-79, 313, 353, 354, 382, 393), those requests were improper and Defendants had (and have) no obligation to respond to them.  This is true both because this case has been stayed pursuant to the Court's April 30 Order (Dkt. No. 146 at 3), and because discovery has not yet commenced, *see* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order.").  Indeed, on March 17, 2025, in responding to a request by Plaintiff for clarification, Judge Broderick specifically informed Plaintiff that he could not serve requests for admissions in this case "unless and until this case proceeds to the discovery phase."  (Dkt. No. 12).  This case has not proceeded to the discovery phase, yet Plaintiff nonetheless purported to

13

serve requests for admissions after, and in defiance of, Judge Broderick's instruction.

Plaintiff's pattern of filings evinces a clear disregard, if not disdain, for the Court's orders. While Plaintiff may be entitled to appeal the relevant orders, his filings have been clearly vexatious, frivolous, and duplicative, the very type of conduct that Judge Broderick and the undersigned have repeatedly warned Plaintiff he must not continue to engage in. (Dkt. Nos. 145 at 15, 146 at 3, 258 at 7). The Court would be justified in, at a minimum, revoking Plaintiff's ECF filing privileges at this juncture. *See, e.g.*, *Miller v. Apple, Inc.*, No. 25 Civ. 1172 (JPC) (RFT), 2025 WL 1626452, at *1 (S.D.N.Y. May 2, 2025); *Shukla v. Apple Inc.*, No. 21 Civ. 3287 (JMF), 2021 WL 5281371, at *3 (S.D.N.Y. Nov. 12, 2021).

Nevertheless, the Court chooses to give Plaintiff one last opportunity to refrain from his abusive litigation conduct. Plaintiff is warned once more that, should he continue on in the same manner, he should expect the imposition of sanctions. *See, e.g.*, *Shukla*, 2021 WL 5281371, at *4 ("[I]t is well established that a district court may, in its discretion, impose sanctions . . . against litigants who abuse the judicial process, by filing vexatious, harassing or duplicative lawsuits[,] . . . caus[ing] needless expense to other parties or . . . pos[ing] an unnecessary burden on the courts and their personnel.").

## CONCLUSION

For the reasons set forth above, Plaintiff's various motions for entry of judgment and related requests against Defendants Tenet, Valley Baptist, VHC,

JAMS, Pakis, Giotes, Burleson & Deaconson, P.C., Marcus Mataga, and Judge David L. Evans are **DENIED**. The Clerk is respectfully requested to close the motions pending at Docket Nos. 52, 109, 122, 191, 208, 223, 245, 246, 253, 254, 260, 266, 269, 283, 284, 299, 306, 347, 368, 369, 370, 375, 384, 386, 387, 388.[7]

**SO ORDERED.**

Dated:   New York, New York
         September 15, 2025

GARY STEIN
United States Magistrate Judge

---

[7] To the extent these motions include arguments or requests for relief unrelated to Plaintiff's requests for entry of default (*see, e.g.*, Dkt. Nos. 368-70 (seeking to strike the Tenet Defendants' motion to dismiss on the additional ground that their motion for substitution of counsel had not been ruled upon and hence the motion papers are "void ab initio and must be stricken")), the Court rejects these additional arguments and requests for relief as without merit.

15